UNITED STATES DISTRICT COURT

For the

District of Montana

**RECEIVED**

**DEC 1 3 2019**

CLERK, U.S. DISTRICT COURT
DISTRICT OF MONTANA
MISSOULA

| | |
|---|---|
| GREAT LAKES INSURANCE SE ) | |
| ) | |
| *Plaintiff* ) | |
| ) | |
| V. ) | Civil Action No. CV-19-164-DLC |
| ) | |
| BRYAN CRABTREE AND BETHEA CRABTREE ) | |
| and M&T BANK ) | |
| ) | |
| *Defendants* ) | |

## MOTION TO DISMISS
## FOR FRAUD ON THE FEDERAL COURT AND VIOLATION
## OF CIVIL RULES OF PROCEDURE

COMES NOW, Defendants Bryan Kelby Crabtree and Bethea Anne Crabtree, jointly (pro se) **having been unaware of this case's existence** pleads as follows:

### BACKGROUND

Defendants Crabtree having been only been made aware of this pending case, in this honorable court, via discovery by unrelated counsel and subsequent verbal notice:

Defendants were not served this lawsuit as <u>fraudulently indicated</u> in the proof of service filed in this court on November 5, 2019, by Hollis J. Hill (the Certified Process Server). Hill alleges that he served both defendants Crabtree at 3338 Peachtree Road NE, Atlanta, GA 30326 via "Johnny Lee who resides here..." Johhny Lee does not reside at 3338 Peachtree Road NE and is not an agent for defendants Crabtree.

1

Hill also did not mail and Defendants did not receive a copy of the summons and complaint in the mail as stated in the Proof of Service affidavit.

'3338 Peachtree Road NE' is the legal address for Buckhead Grand Condominium Association in Atlanta, Georgia. The Defendants Crabtree's home address is 3338 Peachtree Road NE, #2105, Atlanta, GA. 30326, one of 286 condominium homes in that high rise apartment building. Serving suit upon the Buckhead Grand Condominium Association for one of its residents does not constitute legal service. In fact, Buckhead Grand condominium association has a strict policy that no employee can participate in nor accept service for any legal notice or action for any resident.

Longstanding policy of Buckhead Grand Condominium Association (which is consistent with Federal Civil Rules of Procedure) is that a civil service official must check-in at the front desk, complete a registration in the log book and visit the main entry-door to the specific condominium-home of any resident for which he/she wishes to serve. No employee of Buckhead Grand Condominium Association is a resident in the 286 condominium dwellings of the association nor is any member authorized as an agent for service of process.

Further, Plaintiff is well aware that Defendants are residents of the State of Georgia since 2015 and they have no individual business in Montana. The jurisdiction of this action is based in Southern District of Florida. Therefore, a civil action has already been filed by Defendants Crabtree in The Circuit Court, Eleventh District in and for Miami-Dade County with counsel (FL Miami-Dade Local Case Number: 2019-028464-CA-01, filed on September 26, 2019) which has been served upon all parties. Plaintiff is attempting to burden Defendants with frivolous litigation served by perjurious civil service representations in this honorable court.

*As a matter of full disclosure*, one of Defendants' businesses employees a mail-scanning service in Kalispell, Montana to digitize and sort their business (and some personal) mail which is then forwarded electronically (or physically as required) to their legal-home address is Georgia.  Plaintiff is attempting to pervert jurisdiction no differently than if they asserted that because Defendants use Google's 'gmail' to receive email and route voice calls that somehow competent jurisdiction should exist in Mountain Valley, California (Google's headquarters).  The use of a vendor in a different state (unless the Tort is specific to that vendor) does not create a venue for jurisdiction - and the Plaintiff is well aware of this fact.

Moreover, Plaintiff's counsel has been in communications on various occasions with Defendants' Florida counsel and no mention of this new action has been informed.  Plaintiff is aware that service could have been afforded through a simple request of Defendants' Florida counsel, which they failed to do.  Further, since Plaintiff is an insurer of the Defendants, they possess all of their telephone, email and private-personal contact details for which they failed to notify and use in proper diligence to serve, upon the Defendants, this case.

Defendants Crabtree allege that this subject-matter action (Civil Action No. CV-19-164-DLC) is nothing more than attempt to 'sneak' a default judgment against them in order to prejudice the case already filed in Miami-Date County Florida on September 26, 2019 (well prior to this action).

**REQUEST FOR MOTION OF DISMISSAL DUE TO VIOLATION OF CIVIL RULES OF PROCEDURE**

Pursuant to Federal Rules of Civil Procedure, Title II, Rule (4), no waiver of service was even requested by the Plaintiff nor granted by the Defendant.  In fact, Defendant was unaware

of the existence of this case as Defendant's attorney and Plaintiff's attorney had agreed to address these matters in the Southern District of Florida and/or in Florida State Court.

Accordingly, Plaintiff had filed a prior action in the United States District Court, for the District of Montana (9:2019cv00120), on July 19, 2019 and upon agreement of Plaintiff and Defendant's counsel, it was withdrawn on September 5, 2019 in favor of an action within the proper jurisdiction. The Plaintiff then refiled an action (in obvious admission of proper jurisdiction) in The Southern District of Florida, District Court (1:2019cv23692) on September 6, 2019 and then dismissed that action on October 9, 2019. Defendant now believes that these withdrawals and subsequent new action, combined with the fraudulent service of process, was done in bad faith to trick the Defendants into a default finding by this honorable court in order to avoid paying an insurance claim.

Moreover, Pursuant to Federal Rules of Civil Procedure, Title II, Rule (5), the Plaintiff is required to (ii) serve at the defendants' dwelling or usual place of abode with someone of suitable age and discretion who resides there. The only residents of suitable age residing at 3338 Peachtree Road NE, Apartment #2105, Atlanta, GA 30326 are the Defendants Bryan Crabtree and Bethea Crabtree (who reside with their two minor children).

The Plaintiff's shocking actions are akin to asserting service has been achieved *because the summons and complaint was served upon an adult of the condominium home down the hallway (and with a different legal address/unit number) owned by someone unrelated and unaffiliated to the Defendant*. While this foregoing and anecdotal summary is not the actual circumstance in this action, the actual background of this proof of service (by Hill and the Plaintiff) is nonetheless equally as perjurious and ridiculous.

4

Courts have held that personal jurisdiction is "the very bedrock of due process." McRae v. White, 269 App. 455, 604 S.E.2d 291 (2004). Personal jurisdiction is obtained through service of process, which is required in every lawsuit. Without proper service, no valid lawsuit arises. It is only after a plaintiff obtains proper service upon the defendant that the court obtains jurisdiction over the defendant to impose an enforceable judgment of declaration, liability and/or damages. If the plaintiff fails to obtain proper service upon the defendant, the lawsuit must be dismissed due to the court's lack of jurisdiction.

In order to maintain the 'critical bedrock of legal-due process,' the Defendants are praying this honorable court issue an order of dismissal of this action. Defendants further pray this honorable court will so order and sanction Plaintiff and its counsel to strictly follow Civil Rules of Procedure should this matter continue with a new action (and that service be reasonably attempted via waiver through and by Defendant's Florida Counsel).

So requested, this 8th Day of December, 2019,

_____     _____ pro se

Bryan Crabtree, pro se              Bethea Crabtree, pro se

Defendant, individually             Defendant, individually