**UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA**

**MISSOULA DIVISION**

CASE NO.: CV-19-164-DLC



GREAT LAKES INSURANCE SE,

    Plaintiff,

v.

BRYAN CRABTREE and BETHEA
CRABTREE; and M&T BANK,

    Defendants.

_____/

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS

Defendants, BRYAN CRABTREE and BETHEA CRABTREE (hereinafter "the Crabtrees"), *pro se* and pursuant to the Federal Rules of Civil Procedure and relevant Local Rules, hereby file this Reply to Plaintiff's Response in Opposition to Motion to Dismiss, and in support thereof state as follows:

1.    The instant suit is improperly brought before this Honorable Court. Plaintiff has violated the two-dismissal rule as unambiguously stated in Federal Rule of Civil Procedure 41(a)(1). This Court Must Dismiss the instant action.

2.    Plaintiff also uses its Response in Opposition to Defendants' Motion to Dismiss to muddle the facts in Plaintiff's favor. Even though, and without prejudice to the fact that the instant suit is brought in violation of Rule 41, FRCP, some of Plaintiffs allegations will be replied to herein. This Honorable Court must grant Defendants' Motion to

1

Dismiss [D.E. 11].

## 1.    Brief Case History

3.    Plaintiff, GREAT LAKES INSURANCE SE (hereinafter "Great Lakes Insurance"), did not object to allowing the Crabtrees an extension of time to reply.

4.    As this Honorable Court is likely aware, the Declaratory Action at bar has an unusual history, as it has bounced around from district court to district court.

5.    On July 19, 2019, the **first** Declaratory Action was filed by the Plaintiff, Great Lakes Insurance, in this United States District Court for the District of Montana (Case no.: 9:2019-cv-00120).

6.    On September 5, 2019, the original Declaratory Action was dismissed via Notice of Voluntary Dismissal by Plaintiff, Great Lakes Insurance.

7.    On September 6, 2019, an identical, **second** Declaratory Action was brought in the United States District Court for the Southern District of Florida (Case no.: 1:2019-cv-23692).

8.    On October 9, 2019, the Plaintiff, Great Lakes Insurance, voluntarily dismissed its second Declaratory Action in the Southern District via **second** Notice of Voluntary Dismissal.

9.    On October 8, 2019, the Plaintiff, Great Lakes Insurance, filed the instant action, its **third** Declaratory Action, in this Honorable United District Court for the District of Montana (Case no.: 9:19-cv-00164-DLC) [D.E. 1].

10.    Next, in December 13, 2019, Defendants, the Crabtrees, filed a *pro se* Motion to

Dismiss for Fraud on the Federal Court and Violation of the Rules of Civil Procedure [D.E. 11].

11.     Regarding the instant Declaratory Action, on January 3, 2020, Plaintiff, Great Lakes Insurance, filed an expansive response in opposition to the Crabtrees' *pro se* Motion to Dismiss. Plaintiff's Response failed to represent the factual occurrences in a succinct and accurate light. Further, as was already briefly highlighted in Defendants' *pro se* Motion to Dismiss, there are clear issues existing with the instant action requiring this Honorable Court to Dismiss the instant action outright. *See, eg.* Defs' Mot. to Dismiss [D.E. 11], at pp. 3-5.

II.          **Plaintiff's Violation of Rule 41(a)(1)(B) FRCP's "Two Dismissal Rule"**

2.     Plaintiff violated FRCP 41(a)(1)(B), the so called "two dismissal rule," and as such, the second dismissal was an absolute final adjudication on the merits. Fed. R. Civ. P. 41(a)(1).

3.     Rule 41(a)(1)(B) states "(B) [I]f the **plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits**." [Emphasis added.]

4.     The second dismissal acts as "an adjudication on the merits" which is the exact opposite of a dismissal without prejudice. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001).

5.     Importantly, when a plaintiff files a Notice of Voluntary Dismissal, the notice is instantaneously self-executing and automatically terminates an action at the point of filing. *Concha v. London*, 62 F.3d 1493 (9th Cir. 1995); *Miller v. Reddin*, 422 F.2d 1264,

1266 (9th Cir. 1970); *Hamilton v. Shearson-Lehman Am. Express, Inc.*, 813 F.2d 1532, 1534-1535 (9th Cir. 1987) (action automatically terminated on filing of Notice); *Marex Titanic, Inc. v. Wrecked & Abandoned Vessel*, 2 F.3d 544, 545-548 (4th Cir. 1993).

6.     "A court order dismissing an action 'without prejudice' following a dismissal by notice is superfluous." 8 Moore's Federal Practice - Civil § 41.33 (2019). Further, "it does not matter what label the plaintiff attaches to a second voluntary dismissal. Rather, Rule 41 itself prescribes the effect of Rule 41(a)(1) dismissals." *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1076 (9th Cir. 1999).

7.     Here, Plaintiff filed the same action in two different district courts.

8.     Plaintiff voluntary dismissed as a matter of right in both of the district courts. Thus, the second dismissal was an adjudication on the merits—regardless of the label or intent of the voluntary dismissal.

9.     The commencement of the action a third time is barred by the preclusive effect of an adjudication on the merits. It does not matter what ministerial court order followed the Notice of Voluntary Dismissals. *Id.* Rather, the filing of the notice itself effectuates and triggers the termination of the case as a matter of right. *Concha v. London*, 62 F.3d 1493 (9th Cir. 1995).

10.    The two dismissal rule's purpose is to prevent situations such as this one, where a plaintiff is dismissing and refiling the same action over and over and over again. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990) ("Rule 41(a)(1) was not designed to give a plaintiff any benefit other than the right to take one such dismissal without prejudice.").

11.    The United States Court of Appeals for the Ninth Circuit has even held that "[t]he

4

[two dismissal] Rule does not require an inquiry into the circumstances of the two dismissals." *Lake at Las Vegas Inv'rs Grp. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 727 (9th Cir. 1991). The fact that Plaintiff voluntarily dismissed two times in federal court equates an adjudication on the merits of the claim, barring this improper third attempt at litigation.

**III.**          **Plaintiff's Response Highlights a Supposed "Deal That is an Offer"**

12.     As highlighted in Section II. above, two voluntary dismissals on an identical claim in federal court acts as an adjudication on the merits barring a third attempt at litigation. To cover its tracks, Plaintiff's Response in Opposition to Defendant's Motion to Dismiss [D.E. 14] struggles to predicate Plaintiff's Voluntary Dismissal(s) on a supposed "deal that is an offer." Pl's Resp. [D.E. 14], p. 3.

13.     A look at this "deal that is an offer" shows that was never entered into or was modified by Defendants' counsel and Plaintiff's counsel. Still, it is important to note that Court need not examine the intent surrounding a two dismissal rule violation. *Lake at Las Vegas Inv'rs Grp. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 727 (9th Cir. 1991). The instant action must be dismissed regardless of any supposed "deal that is an offer."

14.     According to Plaintiff, Plaintiff and Defendants entered into an agreement predicating Plaintiff's voluntary dismissal and refiling. However, this is not an accurate recollection. Counsel for Plaintiff presented a proposal, on August 27, 2019. Plaintiff's counsel's proposal reads as follows:

OK, here's the deal that is on offer...

5

Goldman & Hellman will file in the Southern District of Florida the exact same Complaint as the one presently pending in the District of Montana, with our local counsel dismissing the latter action without prejudice. Upon filing in the federal court in Miami, we will provide the Perry & Neblett firm with FRCP 4 Requests for Waiver of Personal Service on both Defendants, and it is agreed that these waivers will be executed and returned to the undersigned in a timely manner for filing with the Court in Miami.

Defendants agree to file an Answer in response to the Complaint in the federal district court in Miami, and agree to not dispute service, jurisdiction, or venue in Miami.

Pl's Resp. [D.E. 14], p. 3, referencing email correspondence dated August 27, 2019.

15.   Counsel for Defendants did not accept the terms of this proposed offer. Further,

Defendant cannot confirm the propriety of such an offer.

16.   Even though Plaintiff alleges that "counsel for the CRABTREES agreed to the

proposal," this is not the case.

17.   Rather, as highlighted in Plaintiff's Response, counsel for the Crabtrees did

respond, but did not accept the terms of the offer outright. The response is as follows:

As previously advised numerous times: "We agree to jurisdiction in the Southern District of Florida and agree to accept service provided that the case is dismissed and the Complaint is re-filed. That being said **we cannot agree** to Answer a Complaint that we have not seen and that has not been filed."

Pl's Resp. [D.E. 14], p. 4 [emphasis added], referencing email correspondence dated August 28,

2019.

**18.**   As highlighted in Plaintiff's Response, Defendant's counsel specifically stated,

again, that "we cannot agree to answer a complaint that has not been filed. **We can agree to respond to a Complaint filed in the Southern District of Florida.**" *See* Pl's Resp. [D.E. 14], p. 4, referencing email correspondence dated September 3, 2019.

19.     **Thus, this contention by Plaintiff that an agreement was reached according to the terms of their first "deal that is an offer" is clearly erroneous.** It would be more correct to state that there was never a true meeting of the minds, as is required for any agreement.

20.     On the flip side, if an agreement was reached, it was for the terms stated in the correspondences by Defendants' counsel—necessitating a response in the U.S. District Court for the Southern District of Florida. In turn, Plaintiff and Plaintiff's counsel breached the supposed "agreement" they try hang their hat on.

21.     In fact, Defendants and Defendants' counsel adhered to the modified "agreement" as altered by Defendants, and responded to the Declaratory Action filed in the Southern District of Florida with a Motion to Stay Action and/or Motion to Dismiss, as alluded to in the email correspondence dated September 3, 2019.

22.     The Crabtrees' "consent to jurisdiction" was never a "sham" or "ruse to try and flout the Policy's . . . forum selection clause" as Plaintiff brazenly states. *See* Pl's Resp. [D.E. 14], p. 5. Further, Plaintiff's contention that "[o]pposing counsel perhaps hopes that the forum selection clause cannot be enforced because there was no promise to answer the declaratory judgment action filed in the Southern District of Florida," is nothing more than improper conjecture coupled with an admission that there was never a promise to answer in the Southern District.

23.     Lastly, a Notice of Voluntary Dismissal of a proceeding ought not to be conditioned. Such conditioning of a dismissal is improper. *See Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968) (court found it improper when plaintiff included jurisdictional conditions in notice for voluntary dismissal).

IV.          **Motion to Dismiss for Improper Service of Process**

24.     As mentioned in the prior sections, regardless of the various service of process arguments, the case at bar is improperly brough in violation of the two dismissal rule of FRCP 41(a)(1) and ought to be dismissed on that ground alone.

25.     In Defendants' Motion to Dismiss, the lack of personal jurisdiction argument is raised. Defs' Mot. to Dismiss [D.E. 11], pp. 1-5. According to the Plaintiff, personal service was made on December 10, 2019 and proof of service was amended to reflect same.

26.     As Defendants highlighted in their Motion to Dismiss, "Defendant now believes **these withdrawals and subsequent new action**, combined with the fraudulent service of process, was done in bad faith to trick the Defendants into a default finding by this [H]onorable [C]ourt . . ." *See* Defs' Mot. to Dismiss [D.E. 11], p. 4 [emphasis added]. The "withdrawals and subsequent new actions" in violation of FRCP Rule 41(a)(1) alone are enough reason to grant Defendants' Motion to Dismiss. *See id.*

V.           **Local Rule 7.1(c)(1)**

27.     In Plaintiff's response, Plaintiff attempts to point out that a *pro se* Defendant did not strictly adhere to this Honorable Court's Local Rules. Regardless of this, Local Rule

8

7.1(c)(4) explains: "Failure to comply with this rule may result in summary denial of the motion. Denial must be without prejudice on the first occasion and the filer must be given an opportunity to refile the motion."

28.     Defendants have made attempts to contact Defendants counsel only to find that they are not very receptive.

29.     Regardless of the alleged violation of this Local Rule, Plaintiff is still barred from continuing the instant action due to Plaintiff's violation of Federal Rule of Civil Procedure 41(a)(1).

**WHEREFORE**, Defendants respectfully request that this Honorable Court enter an Order (i) granting Defendants' Motion to Dismiss [D.E. 11] and (ii) for any other relief that this Court deems just and proper.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on the 24th day of January 2020, we mailed this document to the United States District Court, District of Montana, Missoula Division.

Affirmed,

_____          _____

Bryan K. Crabtree, Pro Se          Bethea A. Crabtree, Pro Se