Steven Goldman
GOLDMAN & HELLMAN
8751 W. Broward Blvd., Ste. 404
Fort Lauderdale, Florida 33324
Tel (954) 356-0460
Fax (954) 832-0878
steven@goldmanandhellman.com
admitted pro hac vice

Robert Erickson
State Bar No. 9966
RHOADES SIEFERT & ERICKSON PLLC
430 North Ryman
Missoula, MT  59802
Tel (406) 721-9700
Fax (406) 728-5838
erickson@montanalawyer.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT, DISTRICT OF MONTANA**
**MISSOULA DIVISION**
**IN ADMIRALTY**

| | |
|---|---|
| GREAT LAKES INSURANCE SE,<br><br>Plaintiff,<br><br>v.<br><br>BRYAN CRABTREE and BETHEA CRABTREE; and M&T BANK,<br><br>Defendants. | **Cause No. CV-19-164-DLC**<br><br>**PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANT'S TWO-DISMISSAL ARGUMENT** |

COMES NOW the Plaintiff, GREAT LAKES INSURANCE SE (hereinafter "GLI"), by and through its undersigned attorney, and pursuant to the Court's February

4, 2020 Order (doc. 18), submits Plaintiff's Brief in Response to Defendants' Two-Dismissal Argument, as follows:

## Summary of the Relevant Facts

GLI filed its first declaratory judgment action against Defendants BRYAN CRABTREE and BETHEA CRABTREE (hereinafter "the CRABTREES") on July 19, 2019 in the United States District Court for the District of Montana, case no. 9:19-cv-00120-DLC. (A copy of Plaintiff's first declaratory judgment action was previously filed as doc. 14-1). The CRABTREES appointed the firm of Perry & Neblett, P.A., who are based in Miami, Fl, to represent them.

Later, counsel for GLI and the CRABTREES conferred and counsel for GLI made the following proposal via email on August 27, 2019:

> OK, here's the deal that is on offer...
>
> Goldman & Hellman will file in the Southern District of Florida the exact same Complaint as the one presently pending in the District of Montana, with our local counsel dismissing the latter action without prejudice.
> [….]
> Defendants agree to file an Answer in response to the Complaint in the federal district court in Miami….

(A copy of the above referenced email correspondence has been previously filed as doc. 14-2, p. 1). On August 28, 2019, counsel for the CRABTREES agreed to the proposal and responded:

2

> As previously advised numerous times: "We agree to jurisdiction in the Southern District of Florida and agree to accept service provided that the case is dismissed and the Complaint is re-filed."

Doc. 14-2, at 2.

On September 3, 2019, counsel for the CRABTREES repeated their agreement to Plaintiff voluntarily dismissing the original declaratory judgment action and refiling the same action in federal court in Florida:

> As we have discussed and as has been agreed to multiple times in writing, my firm agrees to accept service provided that the case is dismissed and the Complaint is re-filed in the Southern District of Florida.
> [....]
> Please just re-file in the Southern District of Florida, send me the Complaint and lets move this matter forward.

Doc. 14-2, at 3.

Following this agreement by the parties, GLI voluntarily dismissed the declaratory judgment action in the Montana federal court and refiled the declaratory judgment action in the United States District Court for the Southern District of Florida on September 5, 2019. (A copy of the order of dismissal of the original Montana declaratory judgment action has been previously filed as Doc. 14-3, and a copy of the declaratory judgment action filed by GLI in the United States District Court for the Southern District of Florida has been previously filed as Doc. 14-4).

Rather than answer GLI's Complaint in the United States District Court for the Southern District of Florida, as agreed, the CRABTREES filed their own Complaint in Florida state court on September 26, 2019. *See* Doc. 11, at 2.

Then GLI refiled its original declaratory judgment action in the United States District Court for the District of Montana on October 8, 2019 (doc. 1), and dismissed the declaratory judgment action filed in federal court in Florida on October 10, 2019. (A copy of the order dismissing the Florida federal court declaratory judgment action has been previously filed at Doc. 14-5).

## ARGUMENT

The CRABTREES claim that GLI's two previous dismissals should operate as an adjudication on the merits per Fed.R.Civ.P. 41(a)(1)(B). Doc. 17, at 2, 3. However, as recognized by many courts in different circuits, including the Ninth Circuit, strict application of the two-dismissal rule is not warranted in situations where one or both of the dismissals was not done by Plaintiff unilaterally, i.e., dismissal was done after an agreement with the defendant, the party which the rule is meant to protect. That is precisely what occurred here.

As shown above, the original Montana declaratory judgment action was not dismissed by Plaintiff unilaterally, but was done on the understanding between the parties to move the exact same case to federal court in Florida. Counsel for GLI offered to move the litigation from federal court in Montana to federal court in Florida

4

as an accommodation to the CRABTREES' counsel, Perry & Neblett, P.A., who are based in Miami, and who had not yet retained local counsel in Montana, as GLI had. On September 3, 2019, counsel for the CRABRTREES urged counsel for GLI to carry out the parties' "agreement," stating: "my firm agrees to accept service provided that the case is dismissed and the Complaint is re-filed in the Southern District of Florida," and "Please just re-file in the Southern District of Florida...." The CRABTREES admit in their Motion to Dismiss that the original declaratory judgment action was dismissed only after counsel had reached an agreement regarding the dismissal. The CRABTREES state: "upon agreement of Plaintiff and Defendant's counsel, [case no. 9:19-cv-00120-DLC] was withdrawn on September 5, 2019 in favor of an action" in the Florida federal court. *See* Doc. 11, at 4. Thus, Plaintiff's first dismissal was not done unilaterally, was done only after conference and agreement with Defendants' counsel, and was in fact done at Defendant's counsel's urging. Under these circumstances, strict application of the two-dismissal rule is not warranted. Therefore, GLI respectfully requests that the Court 1) decline to find the two prior dismissals operate as an adjudication on the merits, and 2) decline to dismiss the Complaint on that basis.

1. **Fed.R.Civ.P. 41(a)(1)(B)**

Fed.R.Civ.P. 41(a)(1)(B), sometimes referred to as the "two-dismissal rule," states that voluntary dismissal by the Plaintiff will have the following effect:

5

> Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

The purpose behind the two-dismissal rule is to "prevent delays and harassment caused by plaintiffs securing numerous dismissals without prejudice." *Axon Enter. Inc. v. Vievu LLC*, No. CV-17-01632-PHX-DLR, 2018 WL 317289, at *6 (D. Ariz. Jan. 5, 2018) (quoting 9 C. Wright & A. Miller, Federal Practice & Procedure § 2368 (3d ed.)). "Where the purpose behind the 'two dismissal' exception would not appear to be served by its literal application, and where that application's effect would be to close the courthouse doors to an otherwise proper litigant" some courts have elected not to apply the rule strictly. *Poloron Prods., Inc. v. Lybrand Ross Bros. & Montgomery*, 534 F.2d 1012, 1017 (2d Cir. 1976); *see also Priestly v. Comrie*, No. 07 CV 1361 (HB), 2007 WL 4208592, at *4 (S.D.N.Y. Nov. 27, 2007).

In *Poloron*, the Second Circuit held that the two-dismissal rule should not be applied where a prior dismissal is done by stipulation (in other words, where it is knowingly consented to by all parties). 534 F.2d at 1018. Although Rule 41(a)(1) makes no distinction "by its literal terms" between a prior dismissal by notice and one by stipulation, the Second Circuit in *Poloron* held that a distinction should be made between a unilateral dismissal by the plaintiff and one that results from a mutual agreement of all the parties. *Id.* at 1017. The court reasoned that the rule need not be

applied in such a situation because a stipulated dismissal is not likely to lead to the types of repeated, harassing, unilateral dismissals that Rule 41 was designed to avoid. *Id.* Citing *Poloron* favorably, the Ninth Circuit has recognized that "in certain circumstances, Rule 41 will not be literally applied." *Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 727 (9th Cir. 1991).

In *TWC Special Credits v. Fishing Vessel Chloe Z*, for example, the Ninth Circuit elected not to apply the rule where the prior dismissals were by private agreement but not formal stipulation. 238 F.3d 431 (Table), 2000 WL 1277922, at *2 (9th Cir. Oct. 3, 2000).[1] In *TCW*, "the record indicate[d] that the [prior] dismissal was preceded by discussions between the parties" in which "all parties tacitly agreed to the dismissal [in Hawaii] in favor of litigating the action in Guam." *Id.* Based on the circumstances presented, the court concluded that strict application of the two-dismissal rule was not warranted. *Id.* The court based its decision on the fact that, just like in the present matter, one of the dismissals was preceded by discussions between the parties to move the same case to another forum. Although that dismissal was not formally "stipulated," the court stated that it was not unilateral. *Id.* "Also, there [was] no evidence that the filings and dismissals were part of a strategy to harass." *Id.*

---

[1] GLI recognizes that under Circuit Rule 36-3, unpublished decisions issued before January 1, 2007 do not serve as precedent and may be cited only in limited circumstances. Nonetheless, the *TWC* case demonstrates that the Ninth Circuit is

Accordingly, the court affirmed the district court's decision not to dismiss the action on *res judicata* grounds.  *Id.*

When faced with similar factual circumstances, other courts also have declined to apply the two-dismissal rule. *See e.g.*, *Axon,* *7 ("There appears to have been a tacit agreement or understanding between counsel before Plaintiff voluntarily dismissed its prior actions"); *Sheet Metal Workers' Nat. Pension Fund Bd. of Trs. v. Courtad, Inc.*, No. 5:12-cv-2738, 2013 WL 3893556, at *5 (N.D. Ohio July 26, 2013) ("not only is there no evidence that the [plaintiff] dismissed either of the previous actions out of the desire to harass defendant, the evidence actually shows, to the contrary that the dismissal occurred after the parties conferred ... [therefore] this would not be a proper occasion to invoke the 'two dismissal' rule"); *Ater ex rel. Ater v. Follrod*, 238 F. Supp. 2d 928, 953 (S.D. Ohio 2002) ("Even though the Court has found no basis for believing that the parties reached an "agreement" or that there was an "implied understanding" concerning whether dismissal ... would trigger application of the [two] dismissal rule, the fact remains that Plaintiffs' counsel did confer with Defendants' counsel prior to dismissing the claim.... [T]he dismissals were not completely unilateral, and there is no evidence in the record that Plaintiffs acted with the intent of harassing Defendants," and therefore the two-dismissal rule did not apply); *Island

---

willing to look at the circumstances behind the underlying dismissals to determine whether strict application of Rule 41 furthers its intended purpose.

8

*Stevedoring, Inc. v. Barge CCBI*, 129 F.R.D. 430, 432 (D.P.R. 1990) (although the parties did not file a formal stipulation, the record indicated that the first dismissal resulted from "negotiations and a consent agreement among the parties," so the "two-dismissal" rule did not apply).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss, and decline to find that the two prior dismissals operate as an adjudication on the merits. As shown above in the email exchanges between counsel, and as admitted by Defendants, Plaintiff voluntarily dismissed the original Montana declaratory judgment action pursuant to an agreement between counsel to move the litigation to federal court in the United States District Court for the Southern District of Florida – even if Defendants seek to repudiate that agreement now. There is no evidence that either dismissal was done with the purpose of harassing the Defendants. Thus, strict application of the two-dismissal rule is not warranted in this instance.

[SIGNATURE BLOCK ON THE NEXT PAGE]

DATED this 5th day of February 2020.

> By:   */s/ Steven Goldman*
> Steven Goldman
> GOLDMAN & HELLMAN
> 8751 W. Broward Blvd., Ste. 404
> Fort Lauderdale, Florida 33324
> Tel (954) 356-0460
> Fax (954) 832-0878
> steven@goldmanandhellman.com
> *Pro Hac Vice Counsel for Plaintiff*
>
> Robert Erickson
> State Bar No. 9966
> RHOADES SIEFERT & ERICKSON PLLC
> 430 North Ryman
> Missoula, MT 59802
> Tel: (406) 721-9700
> Fax: (406) 728-5838
> erickson@montanalawyer.com
> *Counsel for Plaintiff*

## CERTIFICATION OF COMPLIANCE
## REQUIRED BY LOCAL RULE 7.1(d)(2)(E)

Pursuant to Local Rule 7.1(d)(2)(E) and 10.1(a), and this Court's Order of February 3, 2020 (doc. 18), the undersigned certifies that the attached Plaintiff's Brief in Response to Defendants' Two-Dismissal Argument is proportionately spaced, has a typeface of Times New Roman 14 points or more and contains 1,882 words.

By: */s/ Steven Goldman*
 Steven Goldman
 GOLDMAN & HELLMAN
 8751 W. Broward Blvd., Ste. 404
 Fort Lauderdale, Florida 33324
 Tel (954) 356-0460
 Fax (954) 832-0878
 steven@goldmanandhellman.com
 *Pro Hac Vice Counsel for Plaintiff*

 Robert Erickson
 State Bar No. 9966
 RHOADES SIEFERT & ERICKSON PLLC
 430 North Ryman
 Missoula, MT  59802
 Tel: (406) 721-9700
 Fax: (406) 728-5838
 erickson@montanalawyer.com
 *Counsel for Plaintiff*