11699

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(WEST PALM BEACH)

CASE NO.: 9:20-cv-81544-ALTMAN

GREAT LAKES INSURANCE SE,

    Plaintiff/Counter-Defendant,

v.

BRYAN CRABTREE and BETHEA
CRABTREE,

    Defendants/Counter-Plaintiffs.

_____/

**DEFENDANTS/COUNTER-PLAINTIFFS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR A BENCH TRIAL [D.E. 77]**

Defendants/Counter-Plaintiffs, BRYAN CRABTREE and BETHEA CRABTREE, by and through the undersigned counsel and pursuant to the Federal Rules of Civil procedure and relevant Local Rules, hereby file this Response in Opposition to Plaintiff/Counter-Defendant, GREAT LAKES INSURANCE SE's, Motion for a Bench Trial [D.E. 77], and in support thereof state as follows:

**RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

1. The action *sub judice* involves a foreign insurer, GREAT LAKES INSURANCE SE's ("GREAT LAKES" or "Plaintiff" or "Counter-Defendant"), refusal to indemnify its insureds, BRYAN CRABTREE and BETHEA CRABTREE ("the Crabtrees" or "Defendants" or "Counter-Plaintiffs") after the Crabtrees' insured Vessel was severely damaged when an adjacent vessel caught fire.

2. The Crabtrees had recently purchased the S/V BRANDISON, weeks before the fire, and contemporaneously procured insurance for the Vessel prior to her maiden voyage. The

Crabtrees chose the Cracker Boy Boat Works, Inc. boatyard, located in Riviera Beach, Florida, to commence work on the Vessel. At the time of the loss, the Crabtrees' newly-purchased Vessel was situated "on the hard" undergoing retrofit and repair.

3. It is undisputed that the Crabtrees purchased an agreed value insurance policy on their newly purchased Vessel, issued by GREAT LAKES, valid from April 23, 2019, until April 23, 2020. The subject policy provides an agreed value coverage of $250,000.00 in Hull coverage, $25,000.00 in Personal Property coverage, as well as additional coverages.

4. On the morning of May 7, 2019, the adjacent yacht fire occurred and the S/V BRANDISON sustained serious damage (heat, smoke, water, etc.) due to the fire.

5. GREAT LAKES refused to indemnify its insureds in accordance with the subject policy of insurance.[1] Rather, GREAT LAKES inexplicably sued the Crabtrees in federal court in Montana—an improper venue. GREAT LAKES contemporaneously provided a copy of the Montana lawsuit filed as a "courtesy" to the Crabtrees, affixed to the declination of coverage letter. Please see copy of correspondence from Concept Special Risks (on behalf of insurer GREAT LAKES), dated July 19, 2019, attached hereto as **Exhibit "A."**

6. The Crabtrees' Counterclaims are outside the scope of GREAT LAKES' "election" to proceed in admiralty. Many of the Crabtrees' counterclaims are "extracontractual" and thus outside the scope of admiralty jurisdiction, as highlighted in the Crabtrees' Response in Opposition to GREAT LAKES' Motion for Judgment on the Pleadings [D.E. 70] and confirmed in *Great Lakes Ins. SE v. Boat Rental Miami, Inc.*, 2020 U.S. Dist. LEXIS 8300, *9 (S.D. Fla. 2020) (Altonaga, J.).

---

[1] The Crabtrees note that a contract may fall outside of admiralty jurisdiction when "the principal objective of a contract is [not] maritime commerce. *Norfolk S. Ry. v. James N. Kirby, Pty Ltd.*, 543 U.S. 14, 18, 125 S. Ct. 385, 390 (2004). "But importance to maritime commerce is not alone sufficient to bring an activity within the scope of admiralty jurisdiction." *Harville v. Johns-Manville Prods. Corp.*, 731 F.2d 775, 784 (11th Cir. 1984).

7. GREAT LAKES also has taken the contradictory position that the policy is "void *ab initio*," despite relying on the policy to attempt to proceed in admiralty.

8. Notably, the loss of the Crabtrees' Vessel occurred "on the hard," and removed from navigable waters.

9. A prior Limitation of Liability action initiated by the offending vessel and involving Mr. Crabtree as claimant was dismissed for lack of admiralty jurisdiction. *See In the Matter of the Complaint of 1062938 BC Ltd., as Owner of Motor Yacht "Sea Alice", a 31.48 M 1999 Tarrab, Official Number 8395678, Her Engines Tackle, Gear, Furniture, Apparel, Equipment, and Other Appurtenances, for Exoneration From or Limitation of Liability*, Case No. 9: 19-cv-81495-DMM, at D.E. 73 (Middlebrooks, J.).

10. Upon thorough examination and by the Court, Judge Middlebrooks found that "this case is not properly subject to an exercise of admiralty jurisdiction." *See id.* p. 7.

11. GREAT LAKES now moves for a bench trial, *see* D.E. 77, in response to the Court's directives at the recent Status Conference, *see* D.E. 75.

12. The Crabtrees disagree that GREAT LAKES is entitled to a bench trial, and the Crabtrees have demanded Trial by Jury[2].

13. This is a "hybrid" case,[3] where the insurer-plaintiff has raced to file a declaratory action which does not seek damages, and the defendant-insureds have filed counterclaims that do seek damages.

---

[2] The Crabtrees' demand for a jury trial can be found within Crabtrees' Second Amended Answer and Affirmative Defenses and Counterclaims and Demand for Jury Trial [D.E. 38].

[3] *See* Hargaden, Brett P. (2017) "Salvaging the Term "Suitor": How the Declaratory Judgment Act Has Commandeered Congressional Intent," Roger Williams University Law Review: Vol. 22: Iss. 2, Article 7. Available at: http://docs.rwu.edu/rwu_LR/vol22/iss2/7 (last visited June 1, 2021) ("However, where only one party has a valid claim for damages, and the other party files a claim for a declaratory judgment action, it seems that only the party that has a valid claim for damages should be considered the "suitor" under the clause; it is that party's choice that should supersede over the other party taking advantage of the statutory vehicle.").

14. The Crabtrees must not be deprived their Seventh Amendment Right to a trial by jury due to the bad faith actions of this foreign insurer, GREAT LAKES. The Crabtrees also invoke the protection of the saving-to-suitors clause of 28 U.S.C.A. § 1333(1).

## **MEMORANDUM OF LAW**

### **I. Plaintiff, GREAT LAKES, is not Automatically Entitled to a Bench Trial due to the Existing Basis for Diversity Jurisdiction**

This Honorable Court first "must determine whether this case falls within its admiralty jurisdiction in order to determine whether admiralty law applies." *Angler Mgmt. Sport Fishing v. Mehmet*, 2017 U.S. Dist. LEXIS 106115, at *4 (S.D. Fla. 2017) (citing *Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 899 (11th Cir. 2004)). Although there is generally no "right" to a trial by jury under the principles of admiralty law, *see Beiswenger Enterprises Corp. v. Carletta*, 86 F.3d 1032, 1037 (11th Cir. 1996), a jury trial "can be had if there is also a basis for diversity jurisdiction." *See Harville v. Johns-Manville Products Corp.*, 731 F.2d 775, 779 (11th Cir. 1984). Plaintiff/Counter-Defendant, GREAT LAKES, relies upon *St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.*, 561 F.3d 1181, 1188 (11th Cir. 2009) (applying *Harrison v. Flota Mercante Grancolombiana, S. A.*, 577 F.2d 968 (5th Cir. 1978)), to support its argument that a jury trial is not available to the Crabtrees. GREAT LAKES has purposefully attempted to commandeer the Crabtrees' right to trial by jury via its use of the Declaratory Judgment Act. The Crabtrees' Seventh Amendment Right to a jury trial should not be superseded by the insurer's intentional scheme to race to the (improper) courthouse and elect to proceed with a Rule 9(h) designation.

Notably, the instant case is distinguishable from *St. Paul Fire* and its predecessor. In *St. Paul Fire*, the plaintiff-insurer sought damages against the defendant-insured, and vice versa. Here, only the Crabtrees seek and assert damages against the insurer via counterclaims, and as such, only the Crabtrees should be considered a "suitor" for the purposes of the respective clause

4

of 28 U.S.C.A. § 1333(1).[4] GRAT LAKES does not seek or claim damages. Here, there is a basis for diversity jurisdiction, as GREAT LAKES is a foreign insurer, purportedly domiciled in Germany.[5] It is undisputed that the parties are not citizens of the same state and the amount in controversy exceeds $75,000. Thus, the Court may proceed "at law" rather than according to GREAT LAKES' Rule 9(h) election.

**II. Plaintiff, GREAT LAKES, has Repeatedly Acted in Bad Faith Evidenced by Preemptively Filing Suit Before the Crabtrees had an Adequate Chance to Pursue their Claim**

Ordinarily, a case of this type (insurer improperly denying coverage) would consist of the insured filing a breach of contract action against the insurer. However here, the "opposite" has occurred, as the foreign insurance company was the "first to file"—filing their suit contemporaneously with, or prior to, their declination of coverage. **Ex. "A."** The Crabtrees were led to believe that their loss was covered by GREAT LAKES and its adjusters. The first instance that led Crabtrees to believe that there were coverage issues was the Montana lawsuit enclosed within GRAT LAKES' denial of coverage letter. GREAT LAKES specifically, intentionally, and unfairly "raced" to the courthouse to file an action that sought to deprive the Crabtrees of their right to a trial by jury.

In an almost identical case to the case *sub judice*, *Continental Ins. Co. v. Industry Terminal & Salvage Co.*, where the insurer was the first to file, the district court denied the motion to strike defendant's jury demand because granting it would "be encouraging parties to engage in an inauspicious race to the courthouse." No. 05CV1142, 2005 WL 2647950 (W.D. Penn. 2005). The *Continental Ins. Co.* court also highlighted that "[t]he United States Supreme Court has stated that

---

[4] *See* Hargaden, *supra* note 3.

[5] Upon information and belief, GREAT LAKES was previously "domiciled" in the United Kingdom.

5

while the Seventh Amendment does not require jury trials in admiralty cases, neither that Amendment, nor any statute of Congress or Rule of Civil Procedure forbids a jury trial in a maritime case." *Id.* at *3. The court sent the issues to the jury and stated that if the jury sided with the defendant, the Court was to "utilize the same jury in a separate determination on defendant's claim of statutory bad faith, pursuant to Federal Rule of Civil Procedure 42(b)." *Id.*; *see also In re Lockheed Martin Corp.*, 503 F.3d 351, 352 (4th Cir. 2007) (the grant of a writ of mandamus determining that the Seventh Amendment right to a jury trial existed for compulsory counterclaims asserted by a defendant in an admiralty case).

The United States Supreme Court has found that the right to a jury trial is a fundamental Constitutional right. *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 510, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). The United States Supreme Court has also stated "[w]hile this Court has held that the seventh amendment does not require jury trials in admiralty cases, neither that Amendment nor any other provision of the Constitution forbids them." *Fitzgerald v. United States Lines Company*, 374 U.S. 16, 20, 83 (1963); s*ee also Koch Fuels Inc. v. Cargo of 13,000 Barrels of No. 2 Oil*, 704 F.2d 1038, 1041 (8th Cir. 1983).

Permitting a jury trial may be "necessary to preserve a litigant's inviolate right to a trial by jury." *See Sphere Drake Ins. PLC v. J. Shree Corp.*, 184 F.R.D. 258, 261 (S.D.N.Y. 1999). (denying London-based insurers' motion to strike the jury, because the Seventh Amendment of the U.S. Constitution and the "saving to suitors clause" support the proposition that a defendant in an admiralty case is entitled to a jury trial of its compulsory counterclaims where the counterclaims are premised upon the non-admiralty jurisdictional ground of diversity of citizenship); s*ee also Wilmington Trust v. United States District Court for the District of Hawaii,* 934 F.2d 1026, 1029 (9th Cir. 1991); *Atlantic and Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.,* 82 S.Ct. 780, 798

(1962) (*citing* Gilmore and Black, *The Law of Admiralty* 36 (1957), holding that a lawsuit for breach of maritime contract may be brought in admiralty or pursued as an ordinary civil action); *Fitzgerald v. United States Lines Company,* 374 U.S. 16, 20, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963); *Koch Fuels, Inc. v. Cargo of 13,000 Barrels of No. 2 Oil,* 704 F.2d 1038, 1041 (8th Cir.1983).

Some courts have held that "when a defendant raises a counterclaim with a non-maritime ground for federal jurisdiction, the Seventh Amendment protects the right to a jury trial over the counterclaim." *See Adams v. James Transp., LLC*, No.: 5:09-CV-00036-R, 2010 WL 4789290 (W.D. Ken. Nov 17, 2010) *see also Wilmington Trust v. U.S. Dist. Court for Dist. of Hawaii*, 934 F.2d 1026, 1032 (9th Cir. 1991); *Reliance Nat. Ins. Co. (Europe) Ltd. v. Hanover*, 222 F.Supp.2d 110, 115-116 (D. Mass. 2003); *Canal Barge Co. v. Commonwealth Edison Co.*, No.: 98-C-0509, 2002 WL 206054, at *4 (N.D. Ill. Feb. 11, 2002).

Here, the Crabtrees have brought a number of counterclaims unrelated to the nature of maritime activities that do not sound in admiralty. This district has already confirmed that the subject Vessel loss, that occurred "on the hard" at a South Florida boatyard, does not implicate maritime law. Defendants should be protected by the Seventh Amendment. Glaringly, Plaintiff, GREAT LAKES, has engaged in the same "inauspicious race to the courthouse" as noted in *Continental Ins. Co.*, in bad faith and to prejudice its insureds, the Crabtrees. *See* **Ex. "A."** In fact, the Crabtrees had absolutely no chance to initiate a claim against GREAT LAKES**,** as GREAT LAKES had already filed a declaratory judgment action "within the meaning of Rule 9(h)" prior to, or contemporaneous with, the declination of coverage letter sent to the Crabtrees. This abusive and unfair behavior by a foreign insurer must not be ratified by this Honorable Court. The Crabtrees have asserted well-pled and valid counterclaims against GREAT LAKES and are now facing an unfortunate situation where their constitutional right to trial by jury could be deprived.

**WHEREFORE**, Defendants/Counter-Plaintiffs, BRYAN CRABTREE and BETHEA CRABTREE, respectfully request that this Honorable Court enter an Order (i) **DENYING** Plaintiff/Counter-Defendant's Motion for Bench Trial [D.E. 77]; and (ii) **GRANTING** the Crabtrees' request for the Court to proceed "at law," pursuant to satisfied diversity jurisdiction; and (iii) for any other relief that this Court deems just and proper.

## REQUEST FOR ORAL ARGUMENT

As set forth in the Local Rules, the Defendants move this Court to allot thirty (30) minutes for oral argument to allow Defendants to articulate the issues discussed within Defendants' instant response.

*CERTIFICATE OF SERVICE TO FOLLOW*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of May 2021, I electronically filed this Response in Opposition with the Clerk of the Court using CM/ECF, I also certify that the foregoing Response in Opposition is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

**PERRY & NEBLETT, P.A.**
2550 South Bayshore Drive Suite 211
Miami, Florida 33133
Telephone: (305) 856-8408
Facsimile: (305) 856-8409
david@perryneblett.com
jmahaffey@perryneblett.com
terry@perryneblett.com

By: /s/ *David Avellar Neblett*
DAVID AVELLAR NEBLETT, ESQ., B.C.S.
FL. Bar No.: 526371
JAMES M. MAHAFFEY III, ESQ.
FL. Bar No.: 105353

**SERVICE LIST**

| **Goldman & Hellman** | **Perry & Neblett, P.A.** |
|---|---|
| Steven Goldman, Esq. | David Avellar Neblett, Esq. |
| Jacqueline Goldman, Esq. | James M. Mahaffey III, Esq. |
| 8751 West Broward Blvd., Suite 404 | 2550 South Bayshore Drive, Suite 11 |
| Fort Lauderdale, FL  33324 | Miami, FL 33133 |
| Steven@GoldmanAndHellman.com | david@perrynebeltt.com |
| Telephone: (954) 356-0460 | jmahaffey@perryneblett.com |
| Facsimile: (954) 832-0878 | terry@perryneblett.com |
| *Attorneys for Plaintiff/Counter-Defendant* | jack@perryneblett.com |
|  | thomas@perryneblett.com |
|  | service@perryneblett.com - *For Filing Only* |
|  | Telephone: (305) 856-8408 |
|  | Facsimile: (305) 967-8182 |
|  | *Attorneys for Defendants/Counter-Plaintiffs Bryan Crabtree and Bethea Crabtree* |

By:  /s/ *David Avellar Neblett*
       DAVID AVELLAR NEBLETT, ESQ., B.C.S.
       FL. Bar No.:  526371
       JAMES M. MAHAFFEY III, ESQ.
       FL. Bar No.:  105353