UNITED STATES DISTRICT COURT
SOUTHERN DISRTICT OF FLORIDA
IN ADMIRALTY

GREAT LAKES INSURANCE SE,

    Plaintiff,

Case No. 9:20-cv-81544-RKA

vs.

BRYAN CRABTREE, at al.,

    Defendants.

_____/

## PLAINTIFF'S MOTION TO STRIKE F. DAVID FAMULARI, ESQ. AS AN EXPERT

Plaintiff/Counter-Defendant GREAT LAKES INSURANCE SE (hereinafter "GREAT LAKES"), by and through its undersigned attorneys, pursuant Fed. R. Civ. P. 37(c)(1) and this Court's Amended Scheduling Order dated July 15, 2021 [ECF No. 93], files its Motion to Strike F. David Famulari, Esq. as an expert, under both *Daubert* and Fed. R. Civ. P. 26, as his expert witness disclosure and report are insufficient, do not provide any methodology, lack any relevant opinions, and would not assist the trier of fact.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This action concerns a Temporary Binder for a policy of insurance that was issued by GREAT LAKES to the Defendants BRYAN and BETHEA CRABTREE (hereinafter "the CRABTREES"). A true and correct copy of the Temporary Binder was previously filed as ECF No. 1-2. On or about April 17, 2019, the CRABTREES submitted an application for a policy of marine insurance to cover the vessel identified therein, a Brandison, 2000 43' Privilege with Volvo twin 39hp diesel engine, JMA52U07B001 (hereinafter "the Vessel"). A true and correct copy of

1

the application was previously filed as ECF No. 1-1. The application was submitted to GREAT LAKES's underwriting and claims handling agent, Concept Special Risks, Ltd. (hereinafter "Concept"). As part of the application process, the Defendants submitted a Letter of Compliance, dated April 17, 2019 (hereinafter "the LOC"), in which they represented and "certif[ied]" that the Vessel had been surveyed by Brian Stetler on March 23, 2019. A true and correct copy of the LOC was previously filed as ECF No. 1-5. As a further part of the LOC, the Defendants certified that all but one of the recommendations contained in the survey had been complied with, except for some delamination on the port bow, which had an expected completion date of May 2, 2019. *Id*.

In reliance upon the truth of the material facts disclosed in the application and in the LOC, Concept made the decision to issue a Temporary Binder, Policy No. CSRYP/175139, affording $250,000.00 in first-party property damage coverage for the Vessel against the risks detailed therein for the period between April 23, 2019 through May 24, 2019. DE #1, at ¶16. As a condition of the Temporary Binder, certain information and documents were required to be submitted to Underwriters by May 24, 2019, or the Temporary Binder would be void from inception. ECF No. 1, at ¶11; ECF No. 1-2, at 1-2.

On May 7, 2019, the Vessel was damaged when the vessel next to it, the "SEA ALICE," was consumed by a fire. ECF No. 1, at ¶12. Once Concept received notice, the Plaintiff caused an investigation to be made into the facts and circumstances of the loss. *Id.* Despite numerous reminders to the Defendant via their agent reminding them of the outstanding items required by the Temporary Binder [*see* ECF No.'s 1-3 and 1-4], numerous documents were not received until June 7, 2019, after the Temporary Binder had already expired on May 24, 2019. ECF No. 1, at ¶¶'s 12-14. In addition, the Plaintiff's investigation determined that the Defendants had failed to

complete numerous recommendations detailed in the Stetler survey, contrary to the representations in the LOC. *Id.*, at ¶17. Thus, GREAT LAKES denied coverage for the fire loss on multiple bases: (1) failure to comply with the express terms of the Temporary Binder and, (2) misrepresentation of material facts in the LOC voided the Policy from its inception under the federal admiralty law doctrine of *uberrimae fidei*.

### SUMMARY OF THE DEFICIENCIES OF THE DEFENDANTS' EXPERT WITNESS DISCLOSURE AND MR. FAMULARI'S EXPERT REPORT

Defendants produced their expert witness disclosures on September 8, 2021, along with the expert report of a Mr. F. David Famulari, Esq. A true and correct copy of the Defendants' expert witness disclosures, dated Sept. 8, 202021, us attached hereto as Exhibit 1, and a true and correct copy of Mr. Famulari's expert report is attached hereto as Exhibit 2. Mr. Famulari is an admiralty attorney. Ex. 2, at 1. Mr. Famulari's expert report is nothing more than a recitation of the claims upon which the Defendants wish to prevail, with few actual opinions stated; where he does actually state an opinion, it is an impermissible legal conclusion, without basis in scientific, technical, or specialized expertise. At no point does he state how he arrived at his opinions.

Mr. Famulari states that he has been retained by the Defendants "to testify as to all aspects of the marine insurance industry," including, but not limited to, "underwriting standards and policies (or lack thereof); marine insurance claims; compliance; 'binders' of insurance; broker and agency relationships; agency generally," and the list goes on. *Id*. As to these vast areas of expertise, Mr. Famulari's report contains no actual opinions, rather, he states only the subjects he will opine on:

> I have extensive hands-on industry experience to opine as to the coverage practices and the coverage afforded to the Crabtrees' Vessel; underwriting; materiality; survey compliance; GREAT LAKES and its representatives' underwriting policies

3

> (or lack thereof); and that coverage had been afforded to the Crabtrees' Vessel prior to the subject loss. I will also opine as to GREAT LAKES' and its representatives' business practices; agency; the agents/brokers GREAT LAKES requires to operate in the United States; and statements/waivers made and effectuated by GREAT LAKES hired adjusters/agents.

*Id.*, at 1-2. From this, it appears the Defendants will seek to use Mr. Famulari's opinions as an admiralty attorney to do nothing more than pose legal conclusions to this Court about various issues which affect the claims and defenses of both parties, including "underwriting" and "agency." Nor does he state how he arrived at whatever opinions he may state in these areas. Mr. Famulari is not an underwriter or an insurance agent, nor is he in any way connected with the marine insurance industry. *Id.*, at 2.

Mr. Famulari goes on to state the following as to the Defendants' compliance with the recommendations in the Stetler Survey:

> I will also provide testimony as to the Stetler report and survey, explaining the various recommendations in the report and survey, which items are material or immaterial, and which were completed or in the process of being completed when the Vessel sustained a loss. My preliminary opinions are that the Crabtrees completed or were in the process of completing all material recommendations outlined in the report and survey of the Crabtrees' Vessel, the S/V "BRANDISON."

*Id.*, at 2. Again, Mr. Famulari provides no specific opinions, only the broad general topics on which he plans to opine at some undisclosed future date and time. Mr. Famulari does not state which recommendations were incomplete, or why he considers them to have been "immaterial."

Lastly, Mr. Famulari states the following with regards to the loss itself:

> I opine that the subject loss was a fortuitous event, and that the loss was unrelated to any survey requirements or recommendations, that may or may not have been complied with. The underwriter had sufficient information to issue an agreed value insurance policy worth $250,000, as evidenced by the binder in full force and effect at the time of the loss. Further, I opine that the Crabtrees did not make any material misrepresentations on the application for insurance or during the claims process.

4

*Id.* As before, there is very little which could be read as an opinion, and the opinions he does offer are legal conclusions: Mr. Famulari invades the province of the factfinder (which is the Court, in this case),[1] by opining that the loss was "fortuitous," that it was unrelated to the Stetler Survey recommendations that "may or may not have been complied with" (again, he does not state which were not completed), that the Temporary Binder was in full force and effect at the time of the loss, and that the Defendants did not make any material misrepresentations in the application process.

The Defendants' expert witness disclosure merely repeats the final paragraph of Mr. Famulari's "opinions" regarding the loss itself, along with a lengthy list of reservations. Ex. 1, at 2.

### 1. The CRABTREES' Expert Witness Disclosure Does Not Meet The Requirements of Fed. R. Civ. P. 26(a)(2)(B)

Rule 26 requires that an expert report must include a complete statement of all opinions the witness will express and the basis and reasons for them and the facts and data considered by the witness in forming them. As explained above, not only does Mr. Famulari's report not state any relevant opinions, he does not state how he arrived at those opinions, beyond a general statement that he has years of experience as an admiralty attorney. Nowhere does he state the one issue which is relevant to this case: whether the Defendants actually complied with the Stetler Survey recommendations, as represented in the LOC. He admits that some recommendations "may or may not have been complied with," but fails to identify which ones. Ex. 2, at 2.

The closest Mr. Famulari comes to stating specific opinions are his statements regarding the loss itself, which he states was fortuitous, unrelated to the recommendations which "may or

---

[1] GREAT LAKES filed the present case as an admiralty matter pursuant to Rule 9(h). ECF No. 1, at ¶6. The Plaintiff's Motion for A Bench Trial is still pending before this Court. *See* ECF No. 77.

may not have been completed," and that the Temporary Binder was in full force and effect at the time of the loss. *Id.* Nowhere does he state what data or facts he considered in reaching those opinions, which are impermissible legal conclusions and facts for this Court to decide on summary judgment or at a bench trial.

### 2. **Mr. Famulari's Opinions Do Not Meet The *Daubert* Standard**

Rule 702 compels the court to act as a "gatekeeper" over the admissibility of all expert scientific and technical evidence to make certain that unreliable testimony does not reach the factfinder. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). Courts in this Circuit are required to engage in a "rigorous three-part inquiry" assessing whether:

> (1) The expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*Hendrix v. Evenflo Co., Inc.*, 609 F.3d 1183, 1194 (11th Cir. 2010) (quoting *U.S. v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004)). With respect to the reliability criterion, when a "witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *Frazier*, 387 F.3d at 1261. The proponent of the expert testimony must show, "by a preponderance of the evidence, that the testimony satisfies each prong." *Id*.

The Federal Rules of Evidence only permit testimony that assists the trier of fact through the application of specialized knowledge or expertise to determine a fact in issue or understand the

evidence. Rule 702 mandates that expert testimony is admissible only when (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology he utilizes in reaching his conclusions and opinions is sufficiently reliable; and (3) his testimony assists the trier of fact through the application of specialized knowledge or expertise to determine a fact in issue or understand the evidence.

The party offering the expert has the burden of laying a proper foundation for the admission of expert testimony. *Allison v. McGhan Med Corp.*, 184 F.3d 1300, 1306 (11th Cir. 1999). While there are no bright-line standards for a court to follow in determining whether to exclude expert witness testimony, the Federal Rules of Evidence require that the testimony "both rests on a reliable foundation and is relevant to the task at hand." *Kumho Tire*, 526 U.S. 137, 141 (1999) (citing *Daubert*); *see also Allapattah Servs. Inc. v. Exxon Corp.*, 61 F. Supp. 2d 1335, 1337-38 (S.D. Fla. 1999). The Court's "gate-keeping" obligation applies to all expert testimony. *Id.*, at 147. "To permit expert testimony on issues where the [factfinder] can easily form an opinion would be to invade the province of the [factfinder]. The Court believes the [factfinder] is a capable and competent, and should be respected as such. Expert testimony is not helpful on issues this astute body can understand." *Torres v. Carnival Corp.*, 12-CV-23370-JLK, 2014 WL 3548456, at *3 (S.D. Fla. July 17, 2014).

The only time Mr. Famulari's expert report comes close to offering anything specific enough to be an opinion, it is a legal conclusion: such is the case with each of his opinions regarding the fortuity of the loss, the lack of any connection between the incomplete recommendations and the loss, and whether the Defendants made material misrepresentations in the application process. Such "opinions" are not properly offered as expert testimony.

7

*See Commodores Ent. Corp. v. McClary*, 879 F.3d 1114, 1128-29 (11th Cir. 2018) (describing the inadmissibility of expert testimony amounting to legal conclusions and instructing district courts to "take 'adequate steps to protect against the danger that [an] expert's opinion would be accepted as a legal conclusion.' "); *see also Pacinelli v.Carnival Corp.*, No. 18-22731-CIV, 2019 WL 3252133, at *6 (S.D. Fla. July 19, 2019) (contrasting admissible factual expert opinions from inadmissible legal conclusions). As such his opinions cannot assist the trier of fact and he should be stricken as an expert.

**CONCLUSION**

The purpose of expert testimony is to help the trier of fact understand the evidence or determine a fact in issue. Fed. R. Evid. 702. Although there are no bright-line standards for a court to follow in determining whether to exclude expert witness testimony, the Federal Rules of Evidence require that the testimony "both rests on a reliable foundation and is relevant to the task at hand." *Kumho*, 526 U.S. at 141 (citing *Daubert*); *Allapattah*, 61 F.Supp.2d at 1337-38. Mr. Famulari should be precluded from offering expert witness testimony in this matter, as his report does not contain any relevant opinions, he did not use any reliable methodology, and his speculative statements will not assist the trier of fact.

WHEREFORE, Plaintiff/Counter-Defendant GREAT LAKES INSURANCE SE respectfully requests that this Court enter an Order striking the Defendants' Expert, Mr. F. David Famulari, Esq., as an expert, and to award all such further relief as it may be deemed appropriate in the premises.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel certifies that they have conferred with counsel for Defendants, Thomas Campbell, Esq., by telephone on October 1, 2021, and that the Defendants oppose the relief sought herein.

Dated:        November 10, 2021
              Fort Lauderdale, Florida

                                        Respectfully submitted,

                                        GOLDMAN & HELLMAN
                                        *Attorneys for Plaintiff*
                                        8751 W. Broward Boulevard
                                        Suite 404
                                        Fort Lauderdale, FL 33324
                                        Tel (954) 356-0460
                                        Fax (954) 832-0878


                                        By: /s/ Steven E. Goldman
                                        STEVEN E. GOLDMAN
                                        FLA. BAR. NO. 345210

                                        By: /s/ Jacqueline L. Goldman
                                        JACQUELINE L. GOLDMAN
                                        FLA. BAR. NO. 1005573

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 10, 2021 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send an electronic Notice of Filing to all counsel of record.

David A. Neblett, Esq.
James M. Mahaffey III, Esq.
FL. Bar No.: 105353
2550 South Bayshore Drive Suite 11
Miami, Florida 33133
Telephone: (305) 856-8408
Facsimile: (305) 967-8182
david@perryneblett.com
jmahaffey@perryneblett.com
tlevy@perryneblett.com

                                        GOLDMAN & HELLMAN
                                        *Attorneys for Plaintiff*
                                        8751 W. Broward Boulevard
                                        Suite 404
                                        Fort Lauderdale, FL 33324
                                        Tel (954) 356-0460
                                        Fax (954) 832-0878


                                        By: /s/ Steven E. Goldman
                                        STEVEN E. GOLDMAN
                                        FLA. BAR. NO. 345210

                                        By: /s/ Jacqueline L. Goldman
                                        JACQUELINE L. GOLDMAN
                                        FLA. BAR. NO. 1005573