# *Expert Disclosure and Report of*
# *Mr. F. David Famulari, Esq., B.C.S.*

F. David Famulari, Esq., B.C.S.
Famulari and Butto, P.L.
2332 Galiano Street, Fl. 2
Coral Gables, FL 33134-5402

Re: *GREAT LAKES INSURANCE SE v. CRABTREE et al.*
Case No.: 9:20-cv-81544-RKA

**(i)**   **Statement of expert witness's opinions**

I am Board Certified in Admiralty and Maritime Law and have been retained to testify as to all aspects of the marine insurance industry; with an emphasis on underwriting; underwriting standards and policies (or lack thereof); marine insurance claims; compliance; materiality; marine surveys; surveying; survey requirements; marine policies; compliance; "binders" of insurance; broker and agency relationships; agency generally; insurance applications; costs; seaworthiness; cause of the loss; salvage; towing; yard and storage bills; mitigation; adjusting; vessel repairs and repair costs; cost of replacement of vessel; fair market values of vessel; fair market value of vessel parts and labor; marine insurance companies; insurance companies; requirements of adjusters; agency; requirements of surveyors; post-loss requirements; coverage; bad-faith; claims handling; and the policy and application at issue.

I have extensive hands-on and industry experience to opine as to the coverage practices and the coverage afforded to the Crabtrees' Vessel; underwriting; materiality; survey compliance;

GREAT LAKES and its representatives' underwriting policies (or lack thereof); and that coverage had been afforded to the Crabtrees' Vessel prior to the subject loss. I will also opine as to GREAT LAKES' and its representatives' business practices; agency; the agents/brokers GREAT LAKES requires to operate in the United States; and statements/waivers made and effectuated by GREAT LAKES' hired adjusters/agents.

I will also provide testimony as to the Stetler report and survey, explaining the various recommendations in the report and survey, which items are material or immaterial, and which were completed or in the process of being completed when the Vessel sustained a loss. My preliminary opinions are that the Crabtrees completed or were in the process of completing all material recommendations outlined in the report and survey of the Crabtrees' Vessel, the S/V "BRANDISON."

I opine that the subject loss was a fortuitous event, and that the loss was unrelated to any survey requirements or recommendations, that may or not have been complied with. The underwriter had sufficient information to issue an agreed value insurance policy worth $250,000, as evidenced by the binder in full force and effect at the time of the loss. Further, I opine that the Crabtrees did not make any material misrepresentations on the application for insurance or during the claims process.

(ii) **Data or other information considered by expert witness in forming opinions**

I will consider and base my opinions on a review of the policy of insurance, including the "binder;" underwriting guidelines (or lack thereof); the Stetler report and survey; surveys and reports authored by all parties, including but not limited to Walt Godfrey and Ian Allen; the surveys conducted by any other individuals/entities; visual inspection of photographs of the Vessel post-

loss; inspection of repair documents and invoices and receipts; conversations and interviews with the owner, witnesses, and individuals that were involved in repairing and maintaining the Vessel; the loss; salvage activities; examination of the various post-loss surveys; various publications as to values for the vessel; product information; owner's manuals; internet sites and publications; the American Boat and Yacht Counsel, Inc. publications, suggestions, standards, or rules; personal knowledge of the above subject matters; the policy of insurance and the application thereto; Florida Statutes and laws; Plaintiff and its representatives' corporate and internal documents; discovery conducted by all parties; pleadings; affidavits; all evidence used at or before trial; knowledge of the Vessel; photos; reports; estimates; any relevant codes and ordinances; all correspondences between parties and party representatives; and all other discovery exchanged, including the testimony of GREAT LAKES' 30(b)(6) Corporate Representative and correspondences and documents sent and received by GREAT LAKES, its agents, and employees.

**(iii)** **Exhibits that will be used to support or summarize expert witness's opinions**

I will use this report, insurance documents, GREAT LAKES' policies or procedures (or lack thereof), photos, and any other relevant documents.

**(iv)** **Expert witness qualifications**

I am Board Certified in Admiralty and Maritime Law and have been a Member of the Florida Bar since 1990. I grew up in a small sea coast town on the North Shore of Boston and after graduating from Colby College in Maine in 1974, I began a seagoing career as a commercial fishing boat captain on Georges Banks and the offshore canyons east of New England. Over thirteen years I spent an average of 200 days a year at sea and managed two offshore lobster boats.

I was a member of the Atlantic Offshore Lobstermen's Association from 1978 through 1987 (Board of Directors 1982-1987) and worked with the newly formed National Marine Fisheries Service in developing fisheries management policies. I also consulted with marine insurance companies and the U.S. Coast Guard on fishing vessel safety issues and helped to create the framework for what eventually became the Fishing Vessel Safety Act of 1988.

In August of 1987, I came ashore and started law school three weeks later at the University of Miami. I had the good fortune to work as a law clerk at a well-known admiralty law firm in Miami all through law school and graduated *cum laude* from law school in 1990. I have worked with a major marine insurance broker in New England in assessing risks, and the placement of marine insurance on commercial vessels. I have been a maritime law practitioner ever since.

My legal practice currently consists primarily of maritime insurance defense, including Jones Act claims, collisions, salvage, passenger claims, Limitation of Liability, Longshore claims, 905 (b) claims, marina liability claims, engine damage claims, cargo claims, and dock damage claims. I also provide coverage opinions to prominent United States marine insurers.

(v)   **Previous expert witness testimony at trial or deposition**

I have been listed as an expert on a number of occasions in various matters but have not yet provided testimony at trial or deposition.

(vi)   **Compensation to be paid to expert witness for testimony at trial**

I will charge my customary hourly rate for my expert testimony in this case and will charge my hourly rate for providing expert deposition testimony and trial testimony.

I reserve the right to supplement my report/disclosure, as additional information is learned via discovery and/or when new information, reports, or facts become available, including rebuttal to any documents or opinions disclosed by Plaintiff.

F. DAVID FAMULARI, ESQ., B.C.S.