UNITED STATES DISTRICT COURT
SOUTHERN DISRTICT OF FLORIDA
IN ADMIRALTY

GREAT LAKES INSURANCE SE,

    Plaintiff,

                                                  Case No. 9:20-cv-81544-RKA

vs.

BRYAN CRABTREE, *et al*.,

    Defendants.
_____/

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

    COMES NOW the Plaintiff, GREAT LAKES INSURANCE SE (hereinafter "GREAT LAKES"), by and through its undersigned counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Rules of the United States District Court for the Southern District of Florida, files this its Motion for Summary Judgment on Counts I and II of its Complaint for Declaratory Judgment (ECF No. 1) against Defendants BRYAN and BETHEA CRABTREE (hereinafter "the CRABTREES"). As more fully detailed below, there is no genuine dispute as to any material fact that 1) the Defendants failed to comply with the express terms of the Temporary Binder by failing to provide all required information and documentation to Underwriters on or before May 24, 2019 and that coverage is void as a result, and 2) the Defendants mispresented or failed to disclose material facts as to their supposed compliance with pre-insurance survey recommendations in their application for marine insurance, and that coverage is void as a result.

**MEMORANDUM OF LAW**

    This action concerns a Temporary Binder for a policy of insurance that was issued by GREAT LAKES to the Defendants BRYAN and BETHEA CRABTREE (hereinafter "the CRABTREES"). A true and correct copy of the Temporary Binder was previously filed as ECF No. 1-2. On or about April 17, 2019, the CRABTREES submitted an application for a policy of

1

marine insurance to cover the vessel identified therein, a Brandison, 2000 43' Privilege with Volvo twin 39hp diesel engine, JMA52U07B001 (hereinafter "the Vessel"). *Statement of Material Facts Not In Dispute In Support of the Plaintiff's Motion for Summary Judgment*, at ¶6. A true and correct copy of the application was previously filed as ECF No. 1-1. The application was submitted to GREAT LAKES's underwriting and claims handling agent, Concept Special Risks, Ltd. (hereinafter "Concept"). *SOMF*, at ¶1. As part of the application, the Defendants submitted a Letter of Compliance, dated April 17, 2019, in which they "certif[ied]" that the Vessel had been surveyed by Brian Stetler on March 23, 2019 (hereinafter "the Stetler Survey"). *Id.*, at ¶¶'s 7-9. The Letter of Compliance (hereinafter "LOC") was previously filed as ECF No. 1-5. As a further part of the LOC, the Defendants certified that all but one of the recommendations contained in the Stetler Survey had been complied with. *Id.*, at ¶9.

In reliance upon the truth of the material facts disclosed in the application and in the LOC, Concept made the decision to issue a Temporary Binder, Policy No. CSRYP/175139, affording $250,000.00 in first-party property damage coverage for the Vessel against the risks detailed therein for the period between April 23, 2019 through May 24, 2019. *Id.*, at ¶13. As a condition of the Temporary Binder, certain information and documents were required to be submitted to Underwriters by May 24, 2019, or the Temporary Binder would be void from inception. *Id.*, at ¶14.

On May 7, 2019, the Vessel was damaged when the vessel next to it, the "SEA ALICE," was consumed by a fire. *Id.*, at ¶16. Once Concept received notice, the Plaintiff caused an investigation to be made into the facts and circumstances of the loss. *Id.*, at ¶17. In the meantime, Concept sent not one but two separate reminders to the Defendants via their agent, Burns & Wilcox, Ltd. (hereinafter "Burns & Wilcox"), reminding them of the outstanding items required by the Temporary Binder [*see* ECF No.'s 1-3 and 1-4]. *Id.*, at ¶¶'s 18-21. Despite these efforts, numerous documents were not received prior the expiration of the Temporary Binder on May 24, 2019. *Id.*, at ¶23. Some documents were belatedly produced by Burns & Wilcox on June 7, 2019, including the Stetler Survey. *Id.*, at ¶¶'s 24-25. However, the Plaintiff's investigation determined that the Defendants had failed to complete numerous recommendations detailed in the Stetler Survey, contrary to the representations in the LOC. *Id.*, at ¶¶'s 27-34. Thereafter GREAT LAKES

2

denied coverage for the fire loss on two bases: (1) failure to comply with the express terms of the Temporary Binder made coverage void from inception and, (2) misrepresentation of material facts in the LOC voided the Temporary Binder from its inception.

In discovery in this matter, the Plaintiff served the Defendants with a Request for Production seeking copies of whatever documents they had in their possession that would demonstrate their compliance with the recommendations in the Stetler Survey, which, after much delay, this Court ordered them to produce. *Id.*, at ¶40. The Defendants produced 2,931 pages of documents. *Id.* Plaintiff retained Captain Ian Allen, licensed surveyor and adjuster, to review these documents. *Id.*, at ¶41. As stated in his Declaration, Capt. Allen has concluded that there is no proof (in the form of receipts or work orders) that numerous recommendations were ever completed, including, but not limited to, the recommendations concerning the Vessel's fire extinguishers. *Id.*, at 42.

Concept requires a condition and valuation survey on all vessels over five years old, and is the only means by which Underwriters are able to ascertain the condition of the vessel. *Id.*, at ¶11. The LOC specifically inquires into whether all of the pre-insurance survey recommendations have been complied with because these facts are crucial to Concept's consideration of whether to issue a policy and on what terms. *Id.*, at ¶36. Had the Defendants truthfully disclosed to Underwriters that certain recommendations were not in fact complete, GREAT LAKES would have refused to issue the Temporary Binder. *Id.*, at 38. As stated in the Declaration of Beric Anthony Usher, Managing Director and Senior Underwriter at Concept, had the CRABTREES truthfully disclosed in the LOC that just the recommendations as to the Vessel's fire extinguishers had not been completed, he would have refused to issue any policy at all until and unless those recommendations were completed and a new LOC was submitted to Underwriters. *Id.*, at ¶39. This is because Concept would never agree to insure a vessel that was not maintained in a seaworthy condition or in keeping with USCG regulations. *Id.*, at ¶37.

## Argument

The facts of this case are extremely straightforward: GREAT LAKES issued a Temporary Binder that provided coverage on the Vessel for a period of only thirty (30) days, on condition that the Defendants provide certain information and documents within that thirty (30) day period. The

Defendants failed to provide all of the required items before the Temporary Binder expired, and once that late documentation was provided, it contained numerous material misrepresentations. GREAT LAKES is entitled to full summary judgment on either basis.

Since it is a policy of marine insurance, coverage issues in the Temporary Binder are interpreted according to federal admiralty law, or state law, where applicable. Per the Temporary Binder's choice of law clause, where there is no applicable rule of federal admiralty, New York law will apply. Hence, the Defendants' failure to comply with the express terms of the Temporary Binder is subject to New York law, which requires literal compliance with express conditions or warranties. *See cases discuess, supra*. There can be no genuine dispute of fact that the Temporary Binder required certain information and documents to be submitted by May 24, 2019, but that many of the items (including the Stetler Survey) were not received until June 7, 2019, after the Temporary Binder had already expired. Thus, there can be no coverage under the Temporary Binder for the Defendants' failure to comply with the express conditions/warranties contained therein.

In addition, the Plaintiff's investigation determined that the Defendants' LOC contained misrepresentations of material fact: the LOC certified that all of the Stetler Survey recommendations had been completed (except for some remaining delamination on the port bow which would be fixed by May 2, 2019). However, Plaintiff's investigation determined that, in fact, numerous recommendations had not been complied with, including the recommendations to obtain and properly install fire extinguishers aboard the Vessel per USCG regulations. The Defendants' misrepresentations in the LOC concerning their compliance, or lack thereof, with the Stetler Survey recommendations is subject to the federal admiralty doctrine of *uberimmae fidei*, or utmost good faith. *See cases discussed, supra*. Mr. Usher, Concept's Senior Underwriter, has clearly stated that, had he known that just the recommendations relating to the Vessel's fire extinguishers had not been completed, he would have refused to issue the Temporary Binder. A finding for the Plaintiff on either cause of action entitles GREAT LAKES to a complete award of summary judgment.

1. **Summary Judgment is Proper Here Since No Material Facts Remain in Dispute**

    Summary judgment is appropriate where there is no genuine issue or dispute remaining as

to the material facts in a case. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). In addition, the federal maritime law recognizes the particularly appropriate nature of summary judgment in resolving marine insurance coverage questions. *See, e.g., The Home Insurance Company v. Vernon Holdings*, 1995 A.M.C. 369 (S.D. Fla. 1994); *Port Lynch, Inc. v. New England Int'l Assur. Of America*, 754 F.Supp. 816 (W.D. Wash. 1991). *See also, Talat Enterprises, Inc. v. Aetna Life & Cas. Co.*, 952 F.Supp. 773 (M.D. Fla. 1996) ("[T]he interpretation of an insurance contract question is a question of law which may be determined on summary judgment.") *Id.*, at 776.

An issue of fact is said to be "material" if it is something that might affect the outcome of the suit under the governing law. *See, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A material fact is understood to be "genuine" only "if the record taken as a whole could lead a rational trier of fact to find for the non-moving party." *Id.,* at 261, n. 2.

In opposing the motion for summary judgment filed by the Plaintiff herein, it is incumbent upon the Defendant to submit competent evidence which would be sufficient to satisfy that exact same standard of proof that would be required of him at the bench trial which would take place only if summary judgment is denied. 477 U.S. 242 (1986). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which a jury could reasonably find for the [non-moving party]." *Id.*, at 252.

Where no material fact remains in dispute, the caselaw is abundantly clear that in such a situation the federal district court presented with a summary judgment motion involving a policy of marine insurance may resolve the dispositive issue of the materiality of a misrepresented or undisclosed fact. *See, North Amer. Specialty Ins. Co. v. Savage*, 977 F. Supp. 725 (D. Md. 1997). In a case such as this, filed under admiralty jurisdiction in which any trial would be a bench trial conducted by this Court without a jury, the caselaw further allows the trial judge to weigh the evidence in a summary judgment motion in order to draw inferences unless those inferences involve witness credibility or disputed issues of fact. *Compangnie Maritime Marfet v. San Juan Bay Pilots Corp.*, 2008 A.M.C. 989 (D.P.R. 2008). Neither of the latter exists here, and it is therefore respectfully submitted that Plaintiff is entitled to this Court's award of summary judgment. No factual dispute therefore remains for submission to a bench trial. Under the applicable caselaw, to be reviewed below, the Plaintiff is entitled to this Court's award of summary

judgment.

### 2. **This Matter is Governed by Federal Admiralty Law and New York Law**

Since 1955, all marine insurance coverage matters must be resolved by first determining whether there is an applicable rule of federal admiralty law. *Wilburn Boat Co. v. Fireman's Fund Ins. Co.*, 348 U.S. 310, 314; 1955 A.M.C. 467 (1955). If there is a judicially fashioned federal rule, the court must apply that rule. *Id.* If not, the court should next consider whether to fashion such a rule. *Id*. If the court declines to fashion a rule, then the court may proceed to apply state law. *Id*.

The 2019 Policy contains a choice of law clause which states:

> It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York.

*SOMF*, at ¶43.[1]

### 3. **The Defendants Failed To Comply With The Conditions of the Temporary Binder, and Coverage Is Void As A Result**

New York law defines a condition precedent as "an act or event, other than a lapse of time, which, unless the condition is excused, must occur before a duty to perform a promise in the agreement arises." *MHR Capital Partners LP v. Presstek, Inc.*, 12 N.Y.3d 640, 645 (2009) (quoting *Oppenheimer & Co. v. Oppenheim, Appel, Dixon, & Co.*, 86 N.Y.2d 685, 691 (1995)). "Express conditions must be literally performed; substantial performance will not

---

[1] This exact choice of law clause has been found valid and enforceable by multiple federal appellate and district courts throughout the United States. *Great Lakes Insurance SE v. Raiders Retreat Realty Co. LLC*, 2021 WL 668806, 108 Fed.R.Serv.3d 1765 (E.D. Pa. 2021); *Great Lakes Insurance SE v. Andersson*, 2021 WL 2542489 (D. Mass); *Great Lakes Reinsurance (UK) PLC v. Durham Auctions Inc.*, 585 F.3d 236; 2010 A.M.C. 185 (5th Cir. 2009), *Great Lakes Reinsurance (UK) PLC v. Vasquez*, 341 Fed. Appx. 515 (11th Cir. 2009), *Joseph v. Great Lakes Reinsurance (UK) PLC*, 2011 U.S. Dist. LEXIS 35428 (N.D. Oh. 2011), *Great Lakes Reinsurance (UK) v. Rosin*, 757 F. Supp. 2d 1244, 1251, 2011 A.M.C. 223 (S.D. Fla. 2010), *Great Lakes Reinsurance (UK), PLC v. Sea Cat I, LLC*, 653 F. Supp. 2d 1193, 2010 A.M.C. 703 (W.D. Ok. 2009), *Great Lakes Reinsurance (UK) PLC v. Dion*, 2010 A.M.C. 338 (S.D. Cal. 2009), *Great Lakes Reinsurance (UK) PLC v. S. Marine Concepts, Inc.*, 2009 A.M.C. 1093 (S.D. Tex. 2008). The enforceability of the choice of law clause is the subject of the Plaintiff's pending Motion for Judgment on the Pleadings. *See* ECF No. 64.

suffice." *Id*. While New York courts "are cautious when interpreting a contractual clause as a condition precedent, and 'will interpret doubtful language as embodying a promise or constructive condition rather than an express condition,' " *see Israel v. Chabra*, 537 F.3d 86, 93 (2d Cir. 2008) (quoting *Oppenheimer*, 86 N.Y.2d at 691), certain "linguistic conventions" indicate conditions precedent. *Id*. at 92-93 (noting that terms including "arise after," "provided," "if," "on condition that," "in the event that," and "subject to" create conditions precedent).

The Temporary Binder clearly established the receipt of certain documents and information as a condition precedent to coverage wherein it stated:

> Temporary Binder
> Valid to May 24, 2019
>
> [….]
>
> Temporary Binder Pending:
>
> [list of items]
>
> **Warning: Unless the above detailed documents/information are supplied in full by the date detailed on this temporary binder, coverage is void from inception.**

*See* ECF No. 1-2, at 1-2.

Under New York law, an insured's failure to comply with a condition precedent in a policy of marine insurance[2] is a total defense to coverage. *See Cortes Molina v. TL Dallas (Special Risks) Ltd.*, 547 F. Supp. 2d 102, 111 (D.P.R. 2008) (granting summary judgment to the insurer where the court found the insured failure to comply with the timely notice requirement in the policy of marine insurance, which was a condition precedent to coverage under New York law, was a total bar to coverage). *See also Cross v. State Farm Ins. Co.*, 926 F. Supp. 2d 436 (N.D.N.Y. 2013) (granting summary judgment to the insurer where plaintiff's appearance at duly noticed examination under oath was a condition precedent, and plaintiff's failure to do so precluded

---

[2] The Temporary Binder is a policy of marine insurance. *See Springer v. Allstate Life Ins. Co. of New York*, 94 N.Y.2d 645, 710 N.Y.S.2d 298, 731 N.E.2d 1106, 1108 (2000) (recognizing that under New York law, a Temporary Binder is a short-term insurance policy that an insurance company issues as a temporary measure until a more formal arrangement is reached.)

recovery under the policy per New York law).

The clear and express terms of the Temporary Binder required that certain information and documentation be submitted to Underwriters by May 24, 2019 or "coverage is void from inception." As demonstrated above, there can be no genuine dispute of fact that the required materials were not sent to Underwriters until June 7, 2019, approximately two weeks after the Temporary Binder had already expired. Underwriters had even sent not one but two separate reminders to the Defendants, via their agent, Burns & Wilcox, reminding them that numerous items remained outstanding. Despite these efforts, Underwriters did not receive the required materials prior to May 24, 2019. Thus, the Temporary Binder expired and there can be no coverage for the fire loss of May 7, 2019.

In the alternative, the promise to provide certain documentation and information by May 24, 2019 was an express warranty rather than a condition precedent. Whether the Court construes the requirement that Defendants submit certain documents and information by May 24, 2019 as a condition precedent or a warranty, the result is the same: the Insureds failed to comply and coverage is void as a result. *See Great Lakes Ins. SE v. Aarvik*, No. 18-cv-60705, 2019 WL 201258, at *3–4 (S.D. Fla. Jan. 15, 2019) (setting forth relevant New York law regarding the effect of a breach of an express warranty in a marine insurance policy); *Hartford Fire Ins. Co. v. Mitlof*, 208 F. Supp. 2d 407, 412 (S.D.N.Y. 2002) ("Under New York law, recovery under a marine insurance contract is precluded if a warranty is breached, regardless of its materiality to the insurer's risk." (citation omitted)).

It is anticipated that the Defendants will argue that Burns & Wilcox was the agent of GREAT LAKES, and that, as a result, the failure of Burns & Wilcox to provide the required materials prior to the expiration of the Temporary Binder is not attributable to the Defendants. In the first place, the terms of the Temporary Binder expressly recognizes that any broker, including surplus lines brokers like Burns & Wilcox, are the agent of the insured; the same is also stated in the Operating Guidelines signed by Burns & Wilcox. *SOMF*, at ¶2-3, and 44. This mirrors the general rule in admiralty, which recognizes that the broker is presumed to be the agent of the insured, absent exceptional circumstances which are not present here. *See Certain Underwriters at Lloyds, London v. Giroire*, 27 F. Supp. 2d 1306, 1313 (S.D. Fla. 1998). If it is the case that

Burns & Wilcox was in possession of certain items and then failed to provide them to Underwriters until it was too late, then such a failure is attributable to the Insureds, upon whose behalf they were acting. *Id. See also Certain Underwriters at Lloyd's, London Subscribing to Pol'y 200-451-8464 v. Johnston*, 124 F. Supp. 2d 763, 770 (D.P.R. 1999) ("the failure of the broker to comply with the obligation to disclose all facts material to a risk is imputed to the insured.") Thus it cannot be genuinely disputed that Burns & Wilcox was the agent of the CRABTREES, and all of the consequences which flow from that reality.

4. **Under The Federal Admiralty Doctrine of *Uberrimae Fidei*, The Defendants Materially Misrepresented Their Compliance With The Stetler Survey Recommendations**

"It is well-settled that the marine insurance doctrine of *uberrimae fidei*," or utmost good faith, "is the controlling law of this circuit." *Quintero v. Geico Marine Ins. Co.*, 983 F.3d 1264, 1270–71 (11th Cir. 2020) (quoting *HIH Marine Servs., Inc. v. Fraser*, 211 F.3d 1359, 1362 (11th Cir. 2000)). *Uberrimae fidei* is "the controlling federal rule even in the face of contrary state authority," *Steelmet, Inc. v. Caribe Towing Corp.*, 747 F.2d 689, 695 (11th Cir. 1984), vacated in part on other grounds, 779 F.2d 1485 (11th Cir. 1986).

*Uberrimae fidei* requires that an applicant fully and voluntarily disclose to the insurer all facts material to a calculation of the insurance risk. *See Steelmet,* 747 F.2d at 695. The duty to disclose extends even to those material facts not directly inquired into by the insurer. *See Jackson v. Leads Diamond Corp.,* 767 F.Supp. 268, 271 (S.D. Fla. 1991); *see also Cigna Property & Cas. Ins., Co. v. Polaris Pictures Corp.,* 159 F.3d 412, 420 (9th Cir. 1998) ("Whether or not asked, an applicant for marine insurance is bound to reveal every fact within his knowledge that is material to the risk.").

The doctrine of *uberrimae fidei* requires that prospective insureds conduct themselves in utmost good faith in supplying information to an insurer. Under this doctrine, even unintentional material misrepresentations will render a policy void. *HIH Marine Servs., Inc. v. Fraser*, 211 F.3d 1359, 1362–63 (11th Cir. 2000). Under federal maritime law, materiality is a broad concept. "[M]ateriality" is defined as "that which could possibly influence the mind of a prudent and intelligent insurer in determining whether he would accept the risk." *Northfield Insurance Co. v. Barlow*, 983 F.Supp. 1376, 1379 (N.D. Fla. 1997) (quoting *Kilpatrick Marine Piling v. Fireman's*

9

*Fund Ins. Co.*, 795 F.2d at 942–43 (11th Cir. 1986)).

To show materiality, the marine insurer must show that the disclosure of the true facts would have resulted in (1) a change in premium, (2) different policy terms, or (3) the refusal to issue any policy whatsoever. *New Hampshire Ins. Co. v. Diller*, 678 F. Supp. 2d 288, 305; 2010 A.M.C. 968 (D.N.J. 2010), *American Home Assurance Co. v. Masters' Ships Management S.A.*, 423 F. Supp. 2d 193, 221; 2007 A.M.C. 1888 (S.D.N.Y. 2006), *G. Gilmore and C. Black*, The Law of Admiralty, §2-6 at 62 (2d ed. 1975). If a reasonable and prudent underwriter would have charged a higher premium, would have imposed different terms, or would not have issued any policy at all, then the misrepresented fact is material and the policy is void *ab initio*. *Id*. Moreover, "*uberrimae fidei* does not permit the use of the principles of waiver and estoppel to provide coverage where there has been a material misrepresentation on the application." *HIH Marine Services*, at 1362 (fn. 2).

The Defendants made numerous material misrepresentations in the LOC, which falsely represented that all of the Stetler Survey recommendations were complete (except for the delamination on the port bow, which had an expected completion date of May 2, 2019). GREAT LAKES' investigation into the loss determined that in fact numerous recommendations in the Stetler Survey had not been complied with, most notably, the recommendation to have the Vessel's fire extinguishers brought into compliac with USCG regulations. *SOMF*, at ¶¶'s 27, 34. Capt. Allen, licensed adjuster and surveyor with Arnold & Arnold Inc., has opined that, of the 2,931 pages produced by the Defendants to support their alleged compliance with the Stetler Survey recommendations, there are in fact no receipts showing the Defendants complied with the recommendations for the Vessel's fire extinguishers, flotation devices, or to have a throwable lifering, among many other items. *Id.*, at 42. As stated in the Declaration of Mr. Usher, Concept's Managing Director and Senior Underwriter, he never would have agreed to issue the Temporary Binder had the LOC truthfully disclosed that in fact numerous recommendations in the Stetler Survey had not been completed. *Id.*, at ¶38. Had the Defendants truthfully disclosed that the Vessel's fire extinguishers did not meet USCG requirements, as recommended in the Stetler Survey, Concept would not have agreed to issue any policy unless and until that was completed a new LOC was submitted to Underwriters. *Id.*, at ¶39. The LOC specifically inquired as to whether

all of the pre-insurance survey recommendations have been complied with because Concept would never agree to insure a vessel that was not properly maintained in seaworthy condition or in keeping with the requirements of the United States Coast Guard. *Id.*, at ¶37.

## CONCLUSION

As clearly demonstrated by the foregoing, there can be no genuine dispute of fact that the Defendants were given 30 days to provide certain information and documentation to Underwriters, which they failed to do, even after they were given not one but two reminders via their broker. Whether the Temporary Binder's requirement to provide certain information and documentation is construed as a condition precedent or warranty, the result is the same: they did not submit various items in time, coverage is void from inception, and there can no coverage for the fire loss of May 7, 2019 as a result. 2019 WL 201258, at *3–4 (S.D. Fla. Jan. 15, 2019) (discussing the effect of breach of warranty under New York law, per GREAT LAKES' identical choice of law clause); (547 F. Supp. 2d 102, 111) (discussing the effect of failure to comply with a condition precedent under New York law). Even if the failure to provide such documentation was the result of negligence or some other failure on the part of the broker Burns & Wilcox, such an action is imputed to the Insureds, for whom they acted as agent. 27 F. Supp. 2d at 1313; 124 F. Supp. 2d at 770.

Nor can there by any dispute of fact that after the sought after information and documentation was belatedly received, including the LOC, it contained numerous material misrepresentations as to the Defendants' compliance with pre-insurance survey recommendations. Plaintiff's investigation into the loss determined that numerous recommendations had not been completed, including, but not limited to, the recommendation to have the Vessel's fire extinguishers brought into compliance with USCG regulations. Later in litigation, the Defendants were asked to produce whatever documents they had in their possession demonstrating that these recommendations had been complied with, and Plaintiff's expert, Capt. Allen, has unequivocally concluded that no such proof exists for the vast majority of those recommendations, including, but not limited to, the recommendation concerning the Vessel's fire extinguishers. Lastly, Plaintiff has presented evidence from its Senior Underwriter, Mr. Usher, which cannot be disputed: had the Defendants truthfully disclosed that they had not in fact complied with numerous

recommendations contained within the Stetler Survey, Concept would not have agreed to issue the Temporary Binder. Moreover, had they truthfully disclosed that the Vessel's fire extinguishers had not been brought into compliance with USCG regulations, Concept would never have agreed to issue any policy at all. Even if such misrepresentations were unintentional, under the doctrine, a finding that such misrepresentations were material to the risk assumed by the underwriter renders the policy void. 211 F.3d at 1362–63 (11th Cir. 2000). Thus, if for some reason the Court were to deny summary judgment to GREAT LAKES on the basis of the Defendants' failure to comply with the terms of the Temporary Binder, then there exists an equally dispositive basis for summary judgment based upon the Defendants' material misrepresentations in the LOC.

WHEREFORE, Plaintiff GREAT LAKES INSURANCE SE moves that this Court for an award of complete summary judgment on the First and Second Causes of Action of the Plaintiff's Complaint for Declaratory Judgment, and to award all such further relief as may be appropriate in the premises.

Dated:		November 10, 2021

					GOLDMAN & HELLMAN
					*Attorneys for Plaintiff*
					8751 W. Broward Boulevard
					Suite 404
					Fort Lauderdale, Florida 33324
					Tel (954) 356-0460 Fax (954) 832-0878

					By:	/s/ Steven E. Goldman
					STEVEN E. GOLDMAN, ESQ.
					FLA. BAR NO. 345210

					By:	/s/ Jacqueline L. Goldman
					JACQUELINE L. GOLDMAN, ESQ.
					FLA. BAR NO. 1005573

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 10, 2021 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send an electronic Notice of Filing to all counsel of record:

David A. Neblett, Esq.
James M. Mahaffey III, Esq.
FL. Bar No.: 105353
2550 South Bayshore Drive Suite 11
Miami, Florida 33133
Telephone: (305) 856-8408
Facsimile: (305) 967-8182
david@perryneblett.com
jmahaffey@perryneblett.com
tlevy@perryneblett.com

 

Respectfully submitted,
GOLDMAN & HELLMAN
*Attorneys for Plaintiff*
8751 W. Broward Boulevard
Suite 404
Fort Lauderdale, FL 33324
Tel (954) 356-0460
Fax (954) 832-0878

By: /s/ Steven E. Goldman
STEVEN E. GOLDMAN
FLA. BAR. NO. 345210

By: /s/ Jacqueline L. Goldman
JACQUELINE L. GOLDMAN
FLA. BAR. NO. 1005573