**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(WEST PALM BEACH)**

**CASE NO.: 9:20-cv-81544-ALTMAN/Reinhart**

GREAT LAKES INSURANCE SE,

      Plaintiff/Counter-Defendant,

v.

BRYAN CRABTREE and BETHEA
CRABTREE,

      Defendants/Counter-Plaintiffs.

_____/

**DEFENDANTS/COUNTER-PLAINTIFFS' *DAUBERT* MOTION TO STRIKE, PRECLUDE, AND/OR LIMIT THE TESTIMONY OF PLAINTIFF'S DISCLOSED EXPERT, MR. IAN D. ALLEN**

Defendants/Counter-Plaintiffs, BRYAN CRABTREE and BETHEA CRABTREE, by and through the undersigned counsel, pursuant to the relevant Federal and Local Rules, and this Honorable Court's Amended Scheduling Order, D.E. 107, hereby file this *Daubert* Motion to Strike, Preclude, and/or Limit the Testimony of Plaintiff's Disclosed Expert, Mr. Ian D. Allen, and in support thereof state as follows:

1.      The case *sub judice* is a dispute between Plaintiff/Counter-Defendant, GREAT LAKES INSURANCE SE ("GREAT LAKES") and its insureds, Defendants/Counter-Plaintiffs, BRYAN CRABTREE and BETHEA CRABTREE ("the Crabtrees"), due to GREAT LAKES' refusal to indemnify the Crabtrees following a sudden, accidental, and indisputably fortuitous total fire loss to the Crabtrees' Vessel, due to no fault of the Crabtrees.

2.      The insurance company, GREAT LAKES, has refused to provide coverage the total Vessel loss, but instead, has egregiously sued the Crabtrees in federal court in an attempt to support its coverage posture.

3.      Mr. Ian D. Allen is GREAT LAKES' hired adjuster on this loss, rendering adjusting services while associated with the company Arnold & Arnold, Inc. Ian D. Allen was the initial adjuster on Defendants' loss (before being pulled from the file by Arnold & Arnold, Inc. after assuring Mr. Crabtree that the loss would be covered).

4.      On October 27, 2021, at the continued deposition of Plaintiff's 30(b)(6) Corporate Representative, Mr. B.A. Usher, GREAT LAKES' Corporate Representative testified that he knows of Mr. Allen and has met Mr. Allen before, in person.

5.      **GREAT LAKES' Corporate Representative specifically testified that Mr. Allen is not a qualified expert and cannot testify as to underwriting, policy interpretation, policy formation, materiality, the law, or prejudice.**[1]

6.      On October 28, 2021, Mr. Allen himself specifically testified that he is just an adjuster and has no training on underwriting, policy interpretation, policy formation, materiality, the law, or prejudice, and will not offer any expert testimony as to same.

7.      Mr. Allen specifically testified and confirmed that he does not have the relevant insurance industry experience necessary to provide an "expert" opinion, as Mr. Allen has no experience whatsoever in interpreting insurance policies and has never worked at an insurance company.[2]

---

[1] Defendants, the Crabtrees are not yet in receipt of the "continued" deposition transcript of Mr. B.A. Usher. The Crabtrees can provide same to the Court upon receipt/request.

[2] Dissimilar to Plaintiff's "expert," the Crabtrees' expert witness, Mr. F. David Famulari, Esq., B.C.S., is Board Certified in Admiralty and Maritime law with significant experience in policy formation and interpretation, underwriting practices, and coverage opinions.

8.      Mr. Allen specifically testified, under oath, that he has no relevant experience and will not offer any testimony on underwriting, policy interpretation, policy formation, materiality, the law, or prejudice.[3]

9.      Still, on September 8, 2021, Plaintiff GREAT LAKES disclosed Mr. Allen as its sole "expert." Please see several documents served on September 8, 2021, including Mr. Allen's Declaration/"Expert Report," attached hereto as **Composite Exhibit "A."**

10.      It is apparent that Mr. Allen is not qualified to provide the "opinions" contained his Declaration/"Expert Report."

11.      Rather, it appears that the insurance company, GREAT LAKES, is attempting to use Mr. Allen to try to establish and/or bolster disputed facts. Mr. Allen was factually involved in the case, and his involvement cannot be converted or elevated to an "expert" opinion. Mr. Allen is not qualified to provide an expert opinion.[4]

12.      GREAT LAKES is also attempting to strengthen the testimony and actions of the initial adjuster on this loss, by holding Mr. Allen out as its "expert."

13.      The testimony of Plaintiff's Corporate Representative confirms that Mr. Allen's disclosure and Declaration/"Expert Report" are improper, unfounded, and unsupported.

14.      Further, Mr. Allen's "Expert Report," which is presented in the form of a declaration,[5] is deficient and must be stricken.

---

[3] The Crabtrees reasonably expected that the insurance company would withdraw Mr. Allen as its "expert" following the damaging, sworn testimony by the Corporate Representative and Mr. Allen himself

[4] Mr. Allen may intend to provide testimony as to his knowledge or individual involvement in this matter but cannot do so in an "expert" capacity.

[5] The "expert report" that purports to be the "Declaration of Capt. Ian D. Allen" is not in the proper form as prescribed by 28 U.S.C.S. § 1746 (2021), as same does not feature the requisite language, perhaps purposefully, declaring "under penalty of perjury that the foregoing is true and correct." Similarly, the purported declaration does not comply with § 92.525, Fla. Stat. (2021).

15.     Mr. Allen is a fact witness, who acted on behalf of the foreign insurer, GREAT LAKES, and its U.K.-based underwriting arm, Concept Special Risks Ltd.

16.     Mr. Allen was one of Plaintiff, GREAT LAKES', initial adjusters on the case (before being pulled from the file by Arnold & Arnold, Inc. after assuring Mr. Crabtree that the loss would be covered). Please see email correspondence sent by Mr. Allen during his involvement in the adjusting of the Crabtrees' loss, attached hereto as **Exhibit "B."**

17.     The facts in this matter have not been determined, and Mr. Allen's pre-suit actions do not match his now changed "expert" opinion.

18.     Unfortunately, GREAT LAKES is attempting to utilize a fact witness to serve as its "expert" to repeat the insurance company's position and arguments.

19.     Mr. Allen's Declaration/"Expert Report" features an overreaching, changed narrative and impermissible legal conclusions. *See* **Ex. "A."**

20.     Most of the Declaration/"Expert Report" by Mr. Allen is a narration of his preferred facts that may or may not be true, in attempt to disguise his preferred facts as if same are true.

21.     Mr. Allen's recitation of his preferred facts and "purported opinions are based on little more than rank speculation, and they should be excluded, along with his opinion testimony which tries to tell the fact-finder how to interpret facts or when to deem certain facts as important. These opinions fail the *Daubert* evaluation and should not be permitted." *See Holderbaum v. Carnival Corp.*, 2015 U.S. Dist. LEXIS 111790, 2015 WL 5006071, at *3-4 (S.D. Fla. Aug. 23, 2015).

22.     Mr. Allen's Declaration/"Expert Report" features several, impermissible legal conclusions, including but not limited to, paragraphs 10.2, 13, 15, and 42. Legal conclusions are within the province of the Court, not the purported "experts."

23.     *Arguendo*, should the Court not preclude or strike the testimony of GREAT LAKES' unqualified expert, in accordance with a *Daubert* or Rule 702/703 analysis and in light of the testimony by Plaintiff's Corporate Representative and Mr. Allen himself, the Court must prevent Mr. Allen's "expert" testimony from reaching the trier of fact in accordance with Federal Rule of Evidence 403, as any purported probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or needlessly presenting cumulative evidence. *United States v. Ruoco*, 765 F.2d 983, 995 (11th Cir. 1985) (citing Fed. R. Evid. 403); *Henderson v. Demars*, 2012 U.S. Dist. LEXIS 202973, at *8 (S.D. Fla. Aug. 21, 2012) (citing *In re Commercial Money Center, Inc.*, 737 F. Supp. 2d 815, 841 (N.D. Ohio 2010) ("Thus, testimony of an expert witness may be excluded when the witness is so biased as to render his or her testimony unhelpful.").

24.     Mr. Allen's Declaration/"Expert Report" concludes with the improper legal conclusion that subject policy is "void from inception," a legal conclusion that requires legal analysis. Mr. Allen is unqualified to offer this or any other legal conclusion. Mr. Allen's testimony confirms that he is not qualified to opine as to the issues contained within his Declaration/"Expert Report."

25.     The Crabtrees have not had the opportunity to conduct the full deposition of Mr. Allen, due to GREAT LAKES' counsel's improper termination of same. On November 9, 2021, the Crabtrees brought Plaintiff GREAT LAKES' improper deposition conduct before the Court, and the Honorable Bruce E. Reinhart Ordered that "Defendants' request to compel Captain Ian Allen to appear for his continued deposition is granted. Captain Allen's deposition shall be re-

convened at a mutually convenient date and time." D.E. 115; *see also* Defs' Unopposed Mot. to Modify Scheduling Order and/or Extend Discovery Cutoff, D.E. 114.[6]

26.     Thus, the Crabtrees respectfully request that the Court exercise its discretion as a "gatekeeper" and strike, preclude, and/or limit GREAT LAKES' unqualified "expert," Mr. Ian Allen, from testifying in any "expert" capacity, as Plaintiff's 30(b)(6) Corporate Representative and Mr. Allen himself have testified, under oath, that Mr. Allen is unqualified to provide the "expert" opinions he purports to provide, *inter alia*.

## **MEMORANDUM OF LAW**

The unqualified, unreliable, and unhelpful "expert" opinions of fact witness, Mr. Ian D. Allen, must be stricken, precluded, and/or limited by this Honorable Court. The admission of expert testimony is governed by Federal Rule of Evidence 702, as explained and refined by the United States Supreme Court in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999). "Under this framework, district courts are charged with a gatekeeping function "to ensure that speculative, unreliable expert testimony does not reach the jury." *Holderbaum v. Carnival Corp.*, 2015 U.S. Dist. LEXIS 111790, *4-5 (citing *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1256 (11th Cir. 2002)). The Supreme Court has stated that "[t]he inquiry envisioned by Rule 702 is . . . a flexible one." *Id.* (citing *Daubert*, 509 U.S. at 594.). "'Many factors will bear on the inquiry,' and no 'definitive checklist or test' exists." *Id.* (citing *Daubert*, 509 U.S. at 593.).

Rule 702 of the Federal Rules of Evidence provides as follows:

---

[6] To date, the deposition has not yet been re-convened, and several documents identified at prior attempts to take Mr. Allen's deposition remain outstanding or withheld by Plaintiff/Plaintiff's counsel.

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

In determining the admissibility of expert opinion testimony, Rule 702 requires this Honorable Court to act as a gatekeeper, "admitting only scientific, technical or other specialized expert testimony that is both *reliable and relevant*." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 6509 U.S. 579, 589 (1993); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). To be admissible, the proponent of expert testimony must show that:

> (1) The expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*Maiz v. Virani*, 253 F.3d 641, 665 (11th Cir. 2001) (citing *City of Tuscaloosa v. Harcros Chemicals, Inc.*, 158 F.3d 548, 563 (11th Cir. 1998)). "*Daubert* requires the trial court to act as a gatekeeper to ensure that speculative and unreliable opinions do not reach the jury." *United States v. Masferrer*, 367 F. Supp. 2d 1365, 1371 (S.D. Fla. 2005) (King, J.); *see also Craig v. Orkin Exterminating Co.*, 2000 U.S. Dist. LEXIS 19240 *14-15 (S.D. Fla. 2000) ("the district court is required to exercise a special gate keeping function to ensure that an opinion offered by an expert is reliable."). Courts are afforded "considerable leeway in assessing expert testimony" and expert methodologies need to be tested and testable; subject to peer review and publication; address the

known or potential error rates for techniques; and must be generally accepted in the scientific community. *See Mama Jo's, Inc. v. Sparta Ins. Co.*, 823 F. App'x 868, 878 (11th Cir. 2020) (citing *Kilpatrick v. Breg, Inc.*, 613 F.3d 1329, 1335 (11th Cir. 2010)).

"The ultimate objective of the [*Daubert*] inquiry is 'to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.' The judge 'must determine whether the evidence is genuinely scientific, as distinct from being unscientific speculation offered by a genuine scientist.' Importantly, the reliability inquiry is limited to 'principles and methodology, not on the conclusions they generate.'" *Prosper v. Martin*, 989 F.3d 1242, 1249 (11th Cir. 2021) (internal citations omitted). The opinions of Mr. Ian D. Allen are not based upon scientifically reliable "principles and methodology" but instead based upon subjective beliefs, unsupported speculation, and a changed narrative that is not factual in nature.

"When the expert's opinion relies principally on his experience and knowledge, the witness must adequately explain how the experience leads to the conclusions reached, why that experience provides a sufficient basis for the opinion, and how that experience is reliably applied to the facts. *Clena Investments, Inc. v. XL Specialty Ins. Co.*, 280 F.R.D. 653, 663 (S.D. Fla. 2012). "The expert's unexplained assurances that the opinion is based on accepted principles is not enough." *Id.* "Generally, when testimony of the expert offers nothing more than what the lawyers for the parties can argue in closing arguments, it is not helpful." *Id.*

Moreover, while an expert witness may testify as to his opinion on an ultimate issue of fact, "he may not testify as to his opinion regarding legal conclusions." *United States v. Delatorre*, 308 Fed. Appx. 380, 383 (11th Cir. 2009). "The burden of laying the proper foundation for the admission of the expert testimony is on the party offering the expert, and admissibility must be

shown by a preponderance of the evidence." *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1306 (11th Cir. 1999). Plaintiff cannot meet this burden.

Defendants, the Crabtrees, respectfully request that Plaintiff's purported expert be precluded from offering expert testimony, and that the Declaration/"Expert Report" of Ian D. Allen be entirely stricken. Alternatively, Defendants request that the Court prevent Mr. Allen's unqualified "expert" testimony and report from reaching the trier of fact, in accordance with Federal Rule of Evidence 403, as any purported probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, in light of the improper form, inherent bias, assumed "facts" not in evidence, and mimicry of the insurance company's coverage arguments.

## I.   THE COURT MUST STRIKE, PRECLUDE, AND/OR LIMIT MR. ALLEN FROM PROVIDING "EXPERT" TESTIMONY AND STRIKE HIS DECLARATION/REPORT

### A.   Mr. Allen is not Qualified to Offer "Expert" Opinions in this Matter

The first "prong" in the Court's "rigorous" three-party inquiry pertains to whether the expert is qualified to testify competently regarding the matters he intends to address. *Clena Invs., Inc. v. XL Specialty Ins. Co.*, 280 F.R.D. 653, 660 (S.D. Fla. 2012). As noted above, GREAT LAKES' 30(b)(6) Corporate Representative and Mr. Allen himself specifically testified that Mr. Allen is not a qualified expert and cannot testify as to underwriting, policy interpretation, policy formation, materiality, the law, or prejudice. A cursory review of Mr. Allen's curriculum vitae ("CV") will also confirm that Mr. Allen's is not an expert on these issues, and that he is unqualified to opine as to any issues regarding policies of insurance. *See* **Ex. "A."** It is also worth noting that Plaintiff's Expert Disclosure indicates that Mr. Allen "has not testified as an expert witness in the previous 4 years." *Id.* It is unknown whether Mr. Allen has ever provided expert testimony at trial

or by deposition. The fact that Mr. Allen has experience at sea or as a vessel captain does not render him qualified to determine facts or issue expert opinions on key issues.

Simply put, Mr. Allen does not have the requisite "knowledge, skill, experience, training, or education," *see Furmanite Am., Inc. v. T.D. Williamson, Inc.*, 506 F. Supp. 2d 1126, 1129 (M.D. Fla. 2007) (citing Fed. R. Evid. 702), to serve as an expert in this matter or provide any "expert" testimony supporting GREAT LAKES' coverage arguments/positions. Mr. Allen's lack of relevant expertise was confirmed, under oath, by Plaintiff's 30(b)(6) Corporate Representative and Mr. Allen himself. Mr. Allen may be a fact witness with individual knowledge in this matter, but he is not a qualified expert witness.

**B.     Mr. Allen's "Expert" Opinions are Unreliable and Cannot be Adequately Supported**

The second "prong" in the Court's "rigorous" three-party inquiry pertains to whether the purported expert's testimony "rests on a reliable foundation." *Clena Invs., Inc. v. XL Specialty Ins. Co.*, 280 F.R.D. 653, 660 (S.D. Fla. 2012). Where the "factual basis, data, principles, methods, or applications are sufficiently called into question, the trial judge must determine whether the testimony has a reliable basis in the knowledge and experience of the relevant discipline." *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 149 (1999).

An expert's "knowledge" must be supported by "something more than subjective belief or unsupported assumptions." *See McDowell v. Brown*, 392 F.3d 1283 (11th Cir. 2004). "The trial court's gatekeeping function requires more than simply 'taking the expert's word for it.'" Fed. R. Evid. 702 advisory committee's note (2000 amends.); *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.* (on remand), 43 F.3d 1311, 1316 (9th Cir. 1995) (observing that the gatekeeping role requires a district court to make a reliability inquiry, and that "the expert's bald assurance of validity is not enough"). If admissibility could be established merely by the *ipse dixit*

of an admittedly qualified expert, the reliability prong would be, for all practical purposes, subsumed by the qualification prong. *Frazier*, 387 F.3d at 1261.

It appears that Mr. Allen's purported "expert" opinions are non-scientific in nature. "The same criteria which are used to assess the reliability of a scientific opinion may be used to evaluate the reliability of non-scientific, experience-based testimony. *Id.* at 1262 (citing *Kumho Tire*, 526 U.S. at 152, 119 S. Ct. at 1176; *see also Clark v. Takata Corp.*, 192 F.3d 750, 758 (7th Cir. 1999)). The Supreme Court explained in *Kumho Tire* explained as follows:

> In certain cases, it will be appropriate for the trial judge to ask, for example, how often an engineering expert's experience-based methodology has produced erroneous results, or whether such a method is generally accepted in the relevant engineering community. Likewise, it will at times be useful to ask even of a witness whose expertise is based purely on experience, say, a perfume tester able to distinguish among 140 odors at a sniff, whether his preparation is of a kind that others in the field would recognize as acceptable.

526 U.S. at 151, 119 S. Ct. at 1176.

Here, Mr. Allen does not have the requisite experience, as was admitted under oath by Plaintiff's Corporate Representative and Mr. Allen himself, to even reach this reliability prong/analysis. Rather, his purported opinions are based on little more than rank speculation, along with his opinion testimony which tries to tell the fact-finder how to interpret facts or when to deem certain facts as important. It is unclear where Mr. Allen derived his purported "facts" contained within his improper Declaration/"Expert Report." Mr. Allen lacks standing to decide or assert facts, lacks relevant experience to be qualified as an expert, and cannot and has not explained why his (insufficient) experience provides a sufficient basis for his opinions.

Mr. Allen's opinion, as noted in his Declaration/"Expert Report" is impermissible under Federal Rule of Evidence 703, because it does not rely on, or is not supported by, any expertise or specialized knowledge. *See Banta Properties, Inc. v. Arch Specialty Ins. Co.*, 2011 WL 13096475, *1 (S.D. Fla. Dec. 1, 2011). Mr. Allen's Declaration/"Expert Report" merely consists of the

11

bolstering of his preferred facts—facts not in evidence—along with the recitation of "opinions" that mirror those of the insurance company's attorneys. Mr. Allen's "expert" opinion is unreliable and does not meet the *Daubert* standard or the requirements of Rule 702 and Rule 703. Mr. Allen's expert testimony and Declaration/"Expert Report" must be wholly precluded and stricken.

### C. Mr. Allen's "Expert" Opinions not Unhelpful and Risk Misleading the Trier of Fact

The final "prong" in the Court's "rigorous" three-party inquiry pertains to whether the purported expert's testimony is helpful to the trier of fact. *Clena Invs., Inc. v. XL Specialty Ins. Co.*, 280 F.R.D. 653, 660 (S.D. Fla. 2012). Mr. Allen's recitation of preferred facts and "expert" opinions are entirely unhelpful to the trier of fact. In fact, Mr. Allen's positions are *so* unhelpful as to trigger Federal Rule of Evidence 403, as any purported probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the fact finder, and/or needlessly presenting cumulative evidence, due to the inherent bias[7], assumed "facts," improper form, and imitation of the insurance company's attorneys' coverage arguments.

To wit, "'[p]roffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments.' (citation omitted). Moreover, where an expert opinion has a tendency to confuse the trier of fact, it may not satisfy the helpfulness prong. *See Frazier*, 387 F.3d at 1258. Finally, '[b]ecause of the powerful and potentially misleading effect of expert evidence,' judges must take care not to allow misleading

---

[7] It is worth noting that Mr. Allen's "job" was to handle and adjust the Crabtrees' Vessel fire loss. It is unlikely that Mr. Allen would have the opinion that he failed to do his job. Mr. Allen is a fact witness in this matter, and his opinion is biased in favor of the insurance company that hired him on this loss. Mr. Allen made statements during the initial handling of the Crabtrees' Vessel loss that reassured the Crabtrees and indicated that the loss would be covered. Mr. Allen was "taken off the file" when the insurance company began concocting various coverage positions or defenses. Now, Mr. Allen is back, with an unqualified "expert" opinion that echoes the insurance company's coverage position.

and prejudicial opinions to influence the finder of fact.'" *XL Specialty Ins. Co.*, 280 F.R.D. at 664.

Mr. Allen's testimony must be precluded based upon a *Daubert* analysis, or alternatively, based upon a Rule 403 analysis, as the any probative value is significantly and substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the fact finder, and/or needlessly presenting cumulative evidence. Fed. R. Evid. 403; *United States v. Ruoco*, 765 F.2d 983, 995 (11th Cir. 1985) (citing Fed. R. Evid. 403); *Henderson v. Demars*, 2012 U.S. Dist. LEXIS 202973, at *8 (S.D. Fla. Aug. 21, 2012) (citing *In re Commercial Money Center, Inc.*, 737 F. Supp. 2d 815, 841 (N.D. Ohio 2010) ("Thus, testimony of an expert witness may be excluded when the witness is so biased as to render his or her testimony unhelpful."). Mr. Allen oddly presents his written report in the form of an incorrect declaration. *See* Declaration Statutes, *supra* note 4. The very form of Mr. Allen's written report—an improper declaration—is yet reason enough to find that Mr. Allen's Declaration/"Expert Report" is unhelpful and risks confusing the finder of fact. Thus, Mr. Allen's "expert" opinions and attempts to establish favorable facts must be found as unhelpful, prejudicial, cumulative, *inter alia*.

Mr. Ian D. Allen must be stricken, precluded, or limited from providing any "expert" testimony in this matter.

**CONCLUSION**

**WHEREFORE**, Defendants/Counter-Plaintiffs, BRYAN CRABTREE and BETHEA CRABTREE, request that this Honorable Court GRANT the *Daubert* Motion to Strike, Preclude, and/or Limit the Testimony of Plaintiff's Disclosed Expert, Mr. Ian D. Allen, STRIKE Mr. Ian D. Allen's Declaration/"Expert Report," PRECLUDE Mr. Allen from offering any testimony at Trial in accordance with the opinions stated in his report. Alternatively, Defendants/Counter-Plaintiffs request that the Court prevent Mr. Allen's "expert" testimony from reaching the jury in accordance

with Federal Rule of Evidence 403, as any purported probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the fact finder, and/or needlessly presenting cumulative evidence, *inter alia*. Defendants/Counter-Plaintiffs also request an opportunity to supplement or amend the instant *Daubert* Motion, including with deposition testimony, and respectfully request oral argument as to these issues.

## REQUEST FOR ORAL ARGUMENT

As set forth in the Local Rules, Defendants/Counter-Plaintiffs move this Court to allot thirty (30) minutes for oral argument to allow Defendants/Counter-Plaintiffs to articulate the issues discussed within the instant *Daubert* Motion.

## CERTIFICATE OF GOOD FAITH CONFERRAL

Pursuant to Local Rule 7.1(a)(3), we hereby certify that Defendants/Counter-Plaintiffs' counsel has conferred with GREAT LAKES INSURANCE SE's counsel via telephonic conferral regarding the relief requested herein. On or about October 4, 2021, GREAT LAKES' counsel stated that Plaintiff is opposed to the relief sought and will not withdraw or strike Mr. Allen as its purported "expert."

*CERTIFICATE OF SERVICE TO FOLLOW*

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that on the 10th day of November 2021, the foregoing *Daubert*

Motion is being served on all counsel of record or *pro se* parties identified on the attached Service

List in the manner specified, either via transmission of Notice of Electronic Filing generated by

CM/ECF or in some other authorized manner for those counsel or parties who are not authorized

to receive electronic Notices of Electronic Filing.

**PERRY & NEBLETT, P.A.**
2550 South Bayshore Drive Suite 211
Miami, Florida 33133
Telephone: (305) 856-8408
Facsimile: (305) 856-8409
david@perryneblett.com
jmahaffey@perryneblett.com
terry@perryneblett.com
service@perryneblett.com

By:  /s/ *David Avellar Neblett*
DAVID AVELLAR NEBLETT, ESQ., B.C.S.
FL. Bar No.:  526371
JAMES M. MAHAFFEY III, ESQ.
FL. Bar No.:  105353

*SERVICE LIST TO FOLLOW*

15

## SERVICE LIST

| | |
|---|---|
| **Goldman & Hellman**<br>Steven Goldman, Esq.<br>Jacqueline Goldman, Esq.<br>8751 West Broward Blvd., Suite 404<br>Fort Lauderdale, FL  33324<br>Steven@GoldmanAndHellman.com<br>Telephone: (954) 356-0460<br>Facsimile: (954) 832-0878<br>*Attorneys for Plaintiff/Counter-Defendant* | **Perry & Neblett, P.A.**<br>David Avellar Neblett, Esq.<br>James M. Mahaffey III, Esq.<br>2550 South Bayshore Drive, Suite 11<br>Miami, FL 33133<br>david@perrynebelt.com<br>jmahaffey@perryneblett.com<br>terry@perryneblett.com<br>jack@perryneblett.com<br>thomas@perryneblett.com<br>service@perryneblett.com - *For Filing Only*<br>Telephone: (305) 856-8408<br>Facsimile: (305) 967-8182<br>*Attorneys for Defendants/Counter-Plaintiffs*<br>*Bryan Crabtree and Bethea Crabtree* |

By: /s/ *David Avellar Neblett*
    DAVID AVELLAR NEBLETT, ESQ., B.C.S.
    FL. Bar No.:  526371
    JAMES M. MAHAFFEY III, ESQ.
    FL. Bar No.:  105353

16