UNITED STATES DISTRICT COURT
SOUTHERN DISRTICT OF FLORIDA
IN ADMIRALTY

GREAT LAKES INSURANCE SE,

      Plaintiff,

                                    Case No. 9:20-cv-81544-RKA

vs.

BRYAN CRABTREE, at al.,

      Defendants.

_____/

**PLAINTIFF'S REPLY IN OPPOSITION TO DEFENDANTS' *DAUBERT* MOTION**

COMES NOW Plaintiff/Counter-Defendant GREAT LAKES INSURANCE SE (hereinafter "GREAT LAKES"), by and through its undersigned attorneys, pursuant Fed. R. Civ. P. 37(c)(1) and files this its Reply in Opposition to the Defendants' Daubert Motion to Strike, Preclude, And/Or Limit The Testimony of Plaintiff's Disclosed Expert, [Capt.] Ian Allen [ECF No. 119] (hereinafter "Defendants' Motion to Strike"), and further thereto would respectfully state as follows:

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

This action concerns a Temporary Binder for a policy of insurance that was issued by GREAT LAKES to the Defendants BRYAN and BETHEA CRABTREE (hereinafter "the CRABTREES"). A true and correct copy of the Temporary Binder was previously filed as ECF No. 1-2. On or about April 17, 2019, the CRABTREES submitted an application for a policy of marine insurance to cover the vessel identified therein, a Brandison, 2000 43' Privilege with Volvo twin 39hp diesel engine, JMA52U07B001 (hereinafter "the Vessel"). A true and correct copy of

1

the application was previously filed as ECF No. 1-1. The application was submitted to GREAT LAKES's underwriting and claims handling agent, Concept Special Risks, Ltd. (hereinafter "Concept"). As part of the application process, the Defendants submitted a Letter of Compliance, dated April 17, 2019 (hereinafter "the LOC"), in which they represented and "certif[ied]" that the Vessel had been surveyed by Brian Stetler on March 23, 2019. A true and correct copy of the LOC was previously filed as ECF No. 1-5. As a further part of the LOC, the Defendants certified that all but one of the recommendations contained in the survey had been complied with, except for some delamination on the port bow, which had an expected completion date of May 2, 2019. *Id*.

In reliance upon the truth of the material facts disclosed in the application and in the LOC, Concept made the decision to issue a Temporary Binder, Policy No. CSRYP/175139, affording $250,000.00 in first-party property damage coverage for the Vessel against the risks detailed therein for the period between April 23, 2019 through May 24, 2019. DE #1, at ¶16. As a condition of the Temporary Binder, certain information and documents were required to be submitted to Underwriters by May 24, 2019, or the Temporary Binder would be void from inception. ECF No. 1, at ¶11; ECF No. 1-2, at 1-2.

On May 7, 2019, the Vessel was damaged when the vessel next to it, the "SEA ALICE," was consumed by a fire. ECF No. 1, at ¶12. Once Concept received notice, the Plaintiff caused an investigation to be made into the facts and circumstances of the loss. *Id.* Despite numerous reminders to the Defendant via their agent reminding them of the outstanding items required by the Temporary Binder [*see* ECF No.'s 1-3 and 1-4], numerous documents were not received until June 7, 2019, after the Temporary Binder had already expired on May 24, 2019. ECF No. 1, at ¶¶'s 12-14. In addition, the Plaintiff's investigation determined that the Defendants had failed to

complete numerous recommendations detailed in the Stetler survey, contrary to the representations in the LOC. *Id.*, at ¶17. Thus, GREAT LAKES denied coverage for the fire loss on multiple bases: (1) failure to comply with the express terms of the Temporary Binder and, (2) misrepresentation of material facts in the LOC.

In the course of discovery in this matter, the Defendants were ordered to produce to GREAT LAKES "all documents in their possession, custody, or control […] that support Defendants' Letter of Survey Recommendations Compliance'"[1] in response to which the Defendants produced 2,931 pages of documents Bates-stamped Defs 1 to Defs 2931. *See* email from Thomas Campbell, Esq., counsel for the Defendants, dated August 27, 2021, a true and correct copy of which was previously filed as ECF No. 11-7 (referencing Bates-stamped documents provided via link).  GREAT LAKES provided copies of all 2,931 pages to Captain Ian Allen for his expert review and analysis.[2] Capt. Allen had also assisted in the initial investigation of the claim prior to litigation. *Id.*, at ¶¶'s 28, and 32-33.

Plaintiff served its Expert Disclosures and Capt. Allen's Expert Report[3] on the Defendants on September 8, 2021. Plaintiff's Expert Disclosures state that Capt. Allen would only testify regarding his "opin[ion] as to the Insureds' failure to comply with pre-insurance survey requirements, as represented in the Letter of Survey Compliance." *Id.*, at 16. Crucially, the Plaintiff's Expert Disclosures do not state that Capt. Allen would provide expert testimony as to the materiality of the incomplete recommendations or their effect on coverage. His Expert Report

---

[1] *See* Paperless Order Memorializing Discovery Rulings, dated July 9, 2021. ECF No. 91.
[2] *See Plaintiff's Statement of Material Facts Not in Dispute in Support of Plaintiff's Motion for Summary Judgment*, previously filed as ECF no. 117, at ¶41.
[3] A true and correct copy of the Plaintiff's Expert Disclosures and Capt. Allen's Expert Report were previously filed as Exhibit 1 to the Defendant's Motion to Strike, ECF No. 119-1.

lists each and every recommendation made in the Stetler Survey (broken down into "A," "B," and "C" categories) and then his conclusion as to whether there is documentary support for the same having been completed. *Id.*, at 5-12. Capt. Allen's Expert Report details his relevant qualifications and experience as well, including, but not limited to: he holds a Florida adjuster's license, a Certificate of Yacht and Small Craft Surveying from the Chapman School of Seamanship, and he has been a surveyor with Arnold & Arnold, Inc. since 2012.

Capt. Allen was deposed in this matter previously as a fact witness on February 25, 2021, concerning his involvement in the initial investigation of the claim. Later, Defendants' counsel scheduled Capt. Allen's continued deposition for October 28, 2021 (the last day of discovery)[4] to begin at 2:00 p.m. *See Defendants' Notice of Taking Videotaped Deposition Duces Tecum*, dated Oct., 21, 2021, a true and correct copy of which was previously filed as ECF No. 113-2. Shortly after the deposition began, the undersigned suspended the deposition due to opposing counsel's attempts to intimidate and harass Capt. Allen, including accusing him of perjury; the undersigned believed it was necessary for Capt. Allen to retain his own counsel.

The Plaintiff filed its Motion for Summary Judgment on November 10, 2021. ECF No. 118. The Plaintiff's Statement of Material Facts relies on Capt. Allen's expert opinions wherein it states that "[b]ased on his review of the documents, Capt. Allen has concluded that there is no supporting documentation for numerous Category 'A,' 'B,' and 'C' recommendations in the Stetler Survey ever having been completed." *See* ECF No. 117, at ¶42 (referring to the Declaration of Capt. Allen, dated Oct. 12, 2021, previously filed as ECF No 117-4). Just like in his Expert Report, Capt. Allen's Declaration states that there was no documentary support showing that the

---

[4] *See* Amended Scheduling Order, dated Oct. 14, 2021. ECF No. 107, at 1.

recommendation to have the Vessel's fire extinguishers brought into compliance with USCG regulation had ever been completed, stating that it was "[n]ot addressed in LOC or in receipts provided." *Id*. Capt. Allen also opined that the documents produced by BRYAN CRABTREE during his initial investigation of the claim did not indicate that BRYAN CRABTREE had performed $40,000 - $45,000 worth of work on the Vessel. *Id.*, at ¶¶'s 32-33. These are the only opinions relied upon by the Plaintiff, and the only opinions Plaintiff would rely upon in the event that summary judgment is denied and the parties were compelled to proceed to a bench trial.

A mere one and a half hours after the Plaintiff filed its Motion for Summary Judgment, the Defendants filed their Motion to Strike. The Defendants argue that Capt. Allen should be stricken as an expert and prevented from offering any expert testimony in this matter whatsoever, but they make specific objections to only a small portion of Capt. Allen's Expert Report, opinions which were not relied upon in the Plaintiff's Motion for Summary Judgment. Out of his entire twelve page report, the Defendants object to only four specific statements: paragraphs 10.2, 13, 15, and 42, because, they argue, Capt. Allen is not qualified to opine as to "underwriting, policy interpretation, policy formation, materiality, the law, or prejudice." *See* ECF No. 119, at ¶¶'s 22, 8. In this, the Defendants are entirely correct. But although Capt. Allen's Expert Report did admittedly stray into areas relating to the materiality of the incomplete recommendations, the Plaintiff did not rely on those opinions in its Motion for Summary Judgment, and indeed his opinions as to materiality were not repeated in his Declaration. Furthermore, the Plaintiff states here and now on the record that it will stipulate that Capt. Allen's opinions as to the materiality of the incomplete recommendations are not relevant and would not be admissible at trial.

5

## ARGUMENT

This case concerns two just two issues, either of which will entirely resolve this case: 1) whether the Defendants met the May 24, 2019 deadline to provide all documentation and information required by the Temporary Binder (they did not), and 2) whether the Defendants made misrepresentations of material fact to Underwriters once some of those documents were belatedly received. Specifically, the second basis concerns the Defendants' failure to complete all of the Stetler Survey recommendations, contrary to their representations in the LOC. Capt. Allen's expert testimony is relevant to this inquiry because he has opined that there is no documentary support in the form of receipts or other items which would support a showing that a majority of the Stetler Survey recommendations were ever completed, including, but not limited to, the recommendation to have the Vessel's fire extinguishers brought into compliance with USCG requirements.

The Defendants' Motion to Strike makes no argument whatsoever regarding Capt. Allen's opinions as to whether the documents they produced actually support their compliance with the Stetler Survey recommendations. The Plaintiff has stipulated that any other opinions included in Capt. Allen's Expert Report, i.e., those relating to the materiality of the incomplete recommendations, are not admissible. Thus, the Plaintiff respectfully requests that Capt. Allen not be stricken as an expert, but rather that his expert testimony be limited to those areas which would assist the trier of fact.

1. **Capt. Allen's Opinions That The Documentation Produced By The Defendants Does Not Support Their Having Completed All Stetler Survey Recommendations Meet The _Daubert_ Standard**

While there are no bright-line standards for a court to follow in determining whether to exclude expert witness testimony, the Federal Rules of Evidence require that the testimony "both

6

rests on a reliable foundation and is relevant to the task at hand." *Kumho Tire*, 526 U.S. 137, 141 (1999) (citing *Daubert*); *see also Allapattah Servs. Inc. v. Exxon Corp.*, 61 F. Supp. 2d 1335, 1337-38 (S.D. Fla. 1999). The Court's "gate-keeping" obligation applies to all expert testimony. *Id.*, at 147.

Capt. Allen's expert opinions as to whether the voluminous documents produced by the Defendants actually support their compliance with the Stetler Survey recommendations rest on a reliable foundation. Defendants' lack of an argument on this point is an acknowledgement that his opinions on this issue are unassailable. As stated in his Expert Report, he was asked to review all 2,931 pages produced by the Defendants, and he concluded that documentary support for most recommendations is lacking. Nor do the Defendants argue that his opinions in this area would not be relevant or helpful to the trier of fact. His opinions could not be more relevant to the task at hand because the Plaintiff has sought this Court's declaratory judgment that the Defendants misrepresented their compliance with those same recommendations. *See United States v. Downing*, 753 F.2d 1224, 1242 (3d. Cir. 1985) ("An additional consideration under Rule 702—and another aspect of relevancy—is whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute").

The only testimony as to the materiality of those incomplete recommendations that has been or should be properly presented to this Court was that of Beric Anthony Usher, Senior Underwriter and Managing Director at Concept. *See* ECF No. 117, at ¶¶'s 35-39. Mr. Usher has clearly and emphatically stated that, had he known that numerous items from the Stetler Survey had not been completed, he would not have agreed to issue the Temporary Binder. *Id.*, at ¶38. Plaintiff has moved to strike the Defendants' "expert," F. David Famulari, Esq. from testifying on

7

this topic, as he is merely a Board Certified admiralty attorney, not an underwriter. *See* ECF No. 116.

### **CONCLUSION**

The purpose of expert testimony is to help the trier of fact understand the evidence or determine a fact in issue. Fed. R. Evid. 702. Besides the Defendants' failure to meet the deadline to provide certain information and documentation as stated in the Temporary Binder, the only other fact in issue is whether the documents they belatedly provided included misrepresentations of material fact. Capt. Allen's expert testimony would assist the Court in this inquiry because he has reviewed all of the documents produced by the Defendants allegedly in support if their claim that they did complete the recommendations, and Capt. Allen has concluded that such support is in fact lacking.

WHEREFORE, Plaintiff/Counter-Defendant GREAT LAKES INSURANCE SE respectfully requests that this Court deny the Defendants' BRYAN and BETHEA CRABTREE's Motion to Strike Capt. Allen as an expert, and to award all such further relief as it may be deemed appropriate in the premises.

Dated:      November 24, 2021
            Fort Lauderdale, Florida

Respectfully submitted,

GOLDMAN & HELLMAN
*Attorneys for Plaintiff*
8751 W. Broward Boulevard
Suite 404
Fort Lauderdale, FL 33324
Tel (954) 356-0460
Fax (954) 832-0878

By: /s/ Steven E. Goldman
STEVEN E. GOLDMAN
FLA. BAR. NO. 345210

By: /s/ Jacqueline L. Goldman
JACQUELINE L. GOLDMAN
FLA. BAR. NO. 1005573

9

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 24, 2021 I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system which will send an electronic Notice of Filing to

all counsel of record.

David A. Neblett, Esq.
James M. Mahaffey III, Esq.
FL. Bar No.: 105353
2550 South Bayshore Drive Suite 11
Miami, Florida 33133
Telephone: (305) 856-8408
Facsimile: (305) 967-8182
david@perryneblett.com
jmahaffey@perryneblett.com
tlevy@perryneblett.com

GOLDMAN & HELLMAN
*Attorneys for Plaintiff*
8751 W. Broward Boulevard
Suite 404
Fort Lauderdale, FL 33324
Tel (954) 356-0460
Fax (954) 832-0878


By: /s/ Steven E. Goldman
STEVEN E. GOLDMAN
FLA. BAR. NO. 345210

By: /s/ Jacqueline L. Goldman
JACQUELINE L. GOLDMAN
FLA. BAR. NO. 1005573

10