UNITED STATES DISTRICT COURT
SOUTHERN DISRTICT OF FLORIDA
IN ADMIRALTY

GREAT LAKES INSURANCE SE,

     Plaintiff,

                                 Case No. 9:20-cv-81544-RKA

vs.

BRYAN CRABTREE, *et al.*,

     Defendants.

_____/

**DECLARATION IN SUPPORT OF**
**PLAINTIFF'S REPLY ON SUMMARY JUDGMENT**

Pursuant to 28 U.S.C. §1746, Beric Anthony Usher declares and states as follows:

1.     My name is Beric Anthony Usher. I am over 21 years of age and otherwise competent to make the statements set forth herein.

2.     I have personal knowledge of all matters contained in this affidavit.

3.     I reside at Woodroyd, Pateley Bridge, Harrogate, North Yorkshire, United Kingdom. I have been employed in the Marine insurance industry for over forty (40) years and for over thirty (30) years have specialized in providing Yacht and Motor yacht insurance policies.

4.     At all times material hereto, I was employed as Managing Director and Senior Underwriter for Concept Special Risks Ltd. (hereinafter "Concept"), a marine insurance underwriting firm incorporated in the United Kingdom. I have nearly thirty years of experience as an underwriter for Concept, and its corporate predecessors.

5.     As Managing Director and Senior Underwriter for Concept, I was responsible for the entire underwriting department and for all personnel involved in the yacht and pleasure boat

1

account which Concept wrote on behalf of Plaintiff GREAT LAKES INSURANCE SE (hereinafter "GREAT LAKES") during the time in which the Temporary Binder Policy No. CSRYP/175139 was issued to the Defendants BRYAN and BETHEA CRABTREE (hereinafter "the CRABTREES") and insuring the Brandison 2000 43 ft Privilege vessel with Volvo twin 39 hp diesel engines (hereinafter "the Vessel") which was alleged to be owned by the said Defendants.

6.      At all times material hereto, Concept functioned as the exclusive managing general agent of GREAT LAKES.

7.      My duties with Concept included making the final determination as to whether, on what terms, and for what premium marine insurance coverage will be agreed to with respect to any particular risk that is submitted by a broker to Concept.

8.      I have reviewed, and I am very familiar with, the application materials which are contained in the Underwriting File for the Temporary Binder, including, but not limited to, the condition and valuation survey performed by Stetler Marine Surveys dated March 24, 2019 (hereinafter "the Stetler Survey") and the Letter of Survey Compliance (hereinafter "the LOC") dated April 17, 2019.

9.      I have reviewed, and I am very familiar with, the materials contained within the Claim File for the fire loss to the Vessel which occurred on or about May 7, 2019 (hereinafter "the loss").

10.      I have reviewed, and am very familiar with, the documentary evidence generated in the course of the above captioned litigation, including, but not limited to, deposition transcripts and the 2,931 pages of documents produced by the CRABTREES in support of their claim that they complied with all of the Stetler Survey recommendations, as stated in the LOC.

11.     I have reviewed, and am very familiar with, the documentary evidence generated in the course of the above captioned litigation, including, but not limited to, the Expert Report produced by Captain Ian Allen of Arnold & Arnold, dated September 8, 2021, indicating that the CRABTREES do not have receipts showing that numerous recommendations in the Stetler Survey were ever completed.

12.     My affidavit is based upon my review of these documents, upon my personal knowledge of Concept's underwriting practices, and upon my first-hand knowledge and review of the CRABTREES' insurance application documents submitted by brokers at Burns & Wilcox, Ltd. (hereinafter "Burns & Wilcox") acting on their behalf.

13.     On April 11, 2019, Concept received an e-mail from the Defendants, via their agent Burns & Wilcox, requesting a quote for a policy of marine insurance on the Vessel. A true and correct copy of the aforesaid email is attached hereto as Exhibit 1.

14.     The e-mail which Concept received on April 11, 2019 contained earlier communications between Burns & Wilcox and Sam Schirmer.

15.     On April 23, 2019, Concept received an e-mail from Defendants, via their agents Burns & Wilcox requesting that coverage be bound on the Vessel, attaching the LOC, a Binder Request signed by Bryan Crabtree to Sam Schirmer, and the application. A true and correct copy of the aforesaid e-mail, with the attached documents, is attached hereto as Exhibit 2.

16.     In reliance on the truth of the material facts disclosed in the application and the LOC, on April 23, 2019 Concept agreed to issue the Temporary Binder, Policy No. CSRYP/175139 (hereinafter "the Temporary Binder"), affording Hull & Machinery coverage in the amount of $250,000.00 for a period of 30 days, or until May 24, 2019, on the Vessel, subject to the Temporary Binder's terms, conditions, warranties, and exclusions.

3

17.     The Temporary Binder provided temporary coverage of the Vessel on condition that the Defendants provide the following documents which should already have been in existence, and information on or before May 24, 2019, otherwise coverage would be "void from inception":

a) Concept Special Risks Letter of Survey Recommendations Compliance
b) Current Out of Water Condition and Valuation Survey
c) Hurricane Plan
d) Advise if surplus lines tax applies and if so provide details of the license
e) Confirm Bryan and Betha A Crabtree are co-owners
f) As advised at quoting please note that the Personal Effects limit offered is the maximum available
g) Bethea A Crabtree – years operating experience
h) Bryan Crabtree – date of birth, advise which ASA qualifications held
i) The LOC cannot be accepted without the survey – please provide for review
j) M&T Bank are noted as loss payee not additional insured
k) It is noted and agreed that in response of Coverage F, Personal Property where the Actual Cash Value of any individual item, pair or set exceeds US $1,000 details of each item, pair or set in excess of US $1,000 must be advised to underwriters

18.     A true and correct copy of the Temporary Binder was previously filed as ECF No. 1-2.

19.     Concept sent a 15 Day Reminder to the Defendants, via e-mail to their agent Burns & Wilcox, on May 9, 2019. A true and correct copy of the aforesaid e-mail dated May 9, 2019 is attached hereto as Exhibit 3, and was previously filed as ECF No. 1-3.

20.     Concept sent a 5 Day Reminder to the Defendants, via e-mail to their agent Burns & Wilcox, on May 17, 2019. A true and correct copy of the aforesaid e-mail dated May 17, 2019 is attached hereto as Exhibit 4, and was previously filed as ECF No. 1-4.

21.     Concept did not receive any of the items listed above (including the required condition and valuation survey), until June 7, 2019, after the Temporary Binder had already expired on May 24, 2019.

22.     On May 31, 2019, Kathy Smith, Administrations Manager at Concept, sent an email to the Defendants via their agent, Matthew Evans at Burns & Wilcox, stating, in relevant part: "This binder expired on 24th May, this risk has a claim – please urgently provide the following outstanding items: Concept Special Risks Letter of Survey Recommendations Compliance, Current out of Water Condition and Valuation Survey, Hurricane Plan, Advise if surplus lines tax applies and if so provide details of the license, confirm Bryan and Bethea A Crabtree are co-owners, as advised at quoting please note that the Personal Effects limit offered is the maximum available, Bethea A Crabtree – years operating experience, Bryan Crabtree – date of birth, advise which ASA qualifications held, the LOC cannot be accepted without the survey – please provide for review." A true and correct copy of the aforementioned e-mail dated May 31, 2019 has previously filed been filed as ECF No. 125-2, at 9.

23.     Ms. Smith's aforementioned e-mail of May 31, 2019 requested all of the outstanding information and documentation required by the Temporary Binder, while acknowledging that the Temporary Binder had expired on May 24, 2019, because Underwriters were still investigating the facts and circumstances of the loss.

24.     Ms. Smith sent another e-mail to the Defendants, via their agent Matthew Evans at Burns & Wilcox, on June 4, 2019. A true and correct copy of the aforementioned email was previously filed as ECF No. 125-2, at 9.

25.     On June 7, 2019, Concept received an e-mail from Defendants, via their agent Matthew Evans at Burns & Wilcox, with some (but not all) of the items required by the Temporary Binder, including the Stetler Survey, the LOC, and the surplus lines license information. A true and correct copy of the aforesaid e-mail dated June 7, 2019, with the Stetler Survey, is attached hereto as Exhibit 5.

26.     On June 21, 2019, Concept received an e-mail from Defendants, via their agent Mr.

Evans at Burns & Wilcox, with the hurricane plan. A true and correct copy of the aforesaid e-mail

dated June 21, 2019, with the hurricane plan, is attached hereto as Exhibit 6.


I declare or certify, under penalty of perjury under the laws of the United States of America that
the foregoing is true and correct.

Executed on this 5th day of January, 2022.

B.A. Usher

6