11699

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(WEST PALM BEACH)

CASE NO.: 9:20-cv-81544-ALTMAN/Reinhart

GREAT LAKES INSURANCE SE,

    Plaintiff/Counter-Defendant,

v.

BRYAN CRABTREE and BETHEA
CRABTREE,

    Defendants/Counter-Plaintiffs.
_____/

**DEFENDANTS/COUNTER-PLAINTIFFS' MOTION FOR JUDGMENT ON PARTIAL FINDINGS, OR ALTERNATIVELY, REQUEST FOR EVIDENTIARY HEARING, UPON PLAINTIFF'S VIOLATION OF RULE 41(a)(1)**

Defendants/Counter-Plaintiffs, BRYAN CRABTREE and BETHEA CRABTREE ("the Crabtrees"), by and through the undersigned counsel and pursuant to the Federal Rules, hereby file this Motion for Judgment on Partial Findings, or alternatively, Request for Evidentiary Hearing, upon Plaintiff's Violation of Rule 41(a)(1), and state the following in support thereof:

1. Plaintiff/Counter-Defendant, GREAT LAKES INSURANCE SE ("GREAT LAKES") has dismissed the same claim twice and has thus run afoul of Federal Rule of Civil Procedure 41(a)(1)'s "bright line" two-dismissal rule. See Fed. R. Civ. P. 41(a)(1).

2. "In construing the 'two-dismissal' rule, [] [the Court] must 'look to the plain language of the rule and read it as a whole, being mindful of the linguistic choices made by the drafters.'" *Solid 21, Inc. v. Ulysse Nardin, USA Inc.*, 19-CV-80474, 2019 WL 7933684, at *4 (S.D. Fla. Dec. 12, 2019) (Middlebrooks, J.) (citing *ASX Inv. Corp. v. Newton*, 183 F.3d 1265, 1267 (11th Cir. 1999)).

3. By way of relevant background, on February 1, 2022, this Honorable Court

conducted a hearing and issued a subsequent Order, D.E. 138, upon Plaintiff, GREAT LAKES INSURANCE SE's, Motion for Judgment on the Pleadings [D.E. 64], where the Court, *inter alia*, discussed Plaintiff's violation of Rule 41(a)(1)'s "two-dismissal rule."

4. At the hearing, this Court ruled that the affirmative defense related to the "two-dismissal rule" violation would be stricken, but that the Court would "allow . . . the two-dismissal rule issue[] to be re-presented at the time of summary judgment for the Crabtrees' position that they deserve judgment as a matter of law." Transcript of Feb. 1, 2022, hearing, 23:13-16, (hereinafter "Hearing Transcript"), attached hereto as **Exhibit "A**."[1]

5. As was noted by the Crabtrees at the February 1, 2022, hearing, the Crabtrees filed an *Unopposed* Motion to Modify Scheduling Order and/or to Extend Discovery Cutoff, D.E. 114, requesting "a brief extension and/or modification of the Court's Amended Scheduling Order," *id.* at p. 3. The aforementioned unopposed motion remains pending before this Court and sought an extension of all pending deadlines. *See* D.E. 114-1.

6. A Rule 52(c) motion is ripe for adjudication at this juncture in the case, in light of the nature of the relief sought and/or prior litigation on this "two-dismissal" issue. *See EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 272 (3d Cir. 2010) ("A court may grant a Rule 52(c) motion made by either party or may grant judgment *sua sponte* at any time during a bench trial, so long as the party against whom judgment is to be rendered has been 'fully heard' with respect to an issue essential to that party's case.").

7. "[T]he rule 'authorizes the court to enter judgment at any time that it can

---

[1] As reflected in the transcript, the Court was informed that the summary judgment deadlines had passed, and the Court noted that the Crabtrees could present their request for relief via "Rule 50." *See* Transcript, **Ex. "A**,**"** p. 29:8-10. As the Court has already informed the parties that the instant case does not warrant a jury trial, Defendants move under Rule 52(c), the "non-jury equivalent" of Rule 50. *See, e.g.*, *Toran v. Bzdawka*, 72 Fed. Appx. 457, 460 (7th Cir. 2003).

appropriately make a dispositive finding of fact on the evidence.'" *See id.* at 272 ("quoting Fed.R.Civ.P. 52(c) advisory committee's note").

8. Evidence has already been presented on this issue, and same is currently of record. Alternatively, should the Court require additional evidence on this issue, the Crabtrees respectfully propose that the Court conduct an evidentiary hearing.

### **GREAT LAKES' Two-Dismissal Rule Violation**

9. On July 19, 2019, Defendants/Counter-Plaintiffs, the Crabtrees, were sued[2] by their insurance company following the loss of their insured vessel, a Brandison, 2000 43' Privilege with Volvo twin 39hp diesel engine, JMA52U07B001.

10. The Crabtrees have raised and continue to raise Plaintiff's clear violation of Federal Rule of Civil Procedure 41(a)(1)'s "two-dismissal rule."

11. On September 4, 2019, GREAT LAKES dismissed its **first** Declaratory Action (Case No.: 9:19-cv-00120-DLC *Great Lakes Insurance SE v. Crabtree et al.* (closed 09/05/2019)).

12. Plaintiff's **first** Declaratory Action was dismissed by Plaintiff via self-executing[3] Notice of Voluntary Dismissal. *See* Pl.'s First Not. of Voluntary Dis., D.E. 5., attached hereto as **Exhibit "B."**

13. On September 5, 2019, Plaintiff initiated an identical, **second** Declaratory Action in the U.S. District Court for the Southern District of Florida (Case No.: 1:19-cv-23692-JEM *Great Lakes Insurance SE v. Crabtree et al.* (closed 10/9/2019)).

---

[2] Notably, the first time that the Crabtrees realized or were informed of formal "coverage issues" was upon receiving GREAT LAKES' declaratory action suit, as the Crabtrees did not receive a "declination letter" prior to suit being filed.

[3] GREAT LAKES' voluntary dismissals are *self-executing* upon filing. *See Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990) ("The dismissal is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is required."); Fla. R. Civ. P. 41(a)(1).

3

14. On October 8, 2019, GREAT LAKES dismissed its **second**, identical Declaratory Action.

15. Plaintiff's **second** Declaratory Action was dismissed by Plaintiff via self-executing Notice of Voluntary Dismissal. *See* Pl.'s Second Not. of Voluntary Dis., D.E. 11, attached hereto as **Exhibit "C."**

16. This **second** voluntary dismissal by the plaintiff acted as a *per se* "adjudication on the merits" of Plaintiff's claims, in accordance with the plain and well accepted meaning of Rule 41(a)(1). *See* Fed. R. Civ. P. 41(a)(1)(B) ("Unless the notice or stipulation states otherwise, the dismissal is without prejudice. *But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an* **adjudication on the merits**." (emphasis added)).

17. On October 8, 2019, the Plaintiff, Great Lakes Insurance, filed its **third**, identical (the instant) Declaratory Action, in the U.S. District Court for the District of Montana, (Case No.: 9:19-cv-00164-DLC *Great Lakes Insurance SE v. Crabtree et al.*), despite its claims being precluded.

18. Shortly after Plaintiff filed its **third** Declaratory Action, on December 13, 2019, the Crabtrees filed a *pro se* Motion to Dismiss for Fraud on the Federal Court and Violation of the Rules of Civil Procedure.[4] *See* Defs.' Mot., D.E. 11.

19. Later, on September 8, 2020, the instant and **third** Declaratory Action case was transferred to this Honorable Court. *See* Order, D.E. 44. (now bearing case no.: 9:20-cv-81544-RKA *Great Lakes Insurance SE v. Crabtree et al.*).

---

[4] This Honorable Court has "allow[ed] … the two-dismissal rule issue, to be re-presented. . . ." *See* Hearing Transcript, 23:13-16. **Ex. "A."**

20. The plain language of Rule 41(a)(1) is clearly implicated here, and Plaintiff's claims are barred.

21. In light of Plaintiff's apparent violation of the Rule 41(a)(1)—the two-dismissal rule—Defendants/Counter-Plaintiffs, the Crabtrees, respectfully move via Rule 52(c), for Judgment on Partial Findings. *See, e.g.*, Hearing Transcript, **Ex. "A,"** at 29:9.

## MEMORANDUM OF LAW

### I. Legal Standard Associated with Federal Rules of Civil Procedure Rule 50 and 52(c)

Federal Rule of Civil Procedure 50(a)(2) provides that a party may move for judgment as a matter of law "before the case is submitted to the jury." Fed. R. Civ. P. 50(a)(2). "The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment." *Id.* If a district court does not grant the motion, the movant may file "a renewed motion," under Rule 50(b), after trial. Fed. R. Civ. P. 50(b). As with motions under Rule 50(a), the question before a district court confronting a renewed Rule 50(b) motion is whether the evidence is "legally sufficient ... to find for the party on that issue." Fed. R. Civ. P. 50(a)(1).

Federal Rule of Civil Procedure 52(c) provides that "[i]f a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue. The court may, however, decline to render any judgment until the close of the evidence. A judgment on partial findings must be supported by findings of fact and conclusions of law as required by Rule 52(a)." Fed. R. Civ. P. 52(a).

It should be noted that the Eleventh Circuit stated, "[i]n addressing a Rule 52(c) motion, the court does not view the evidence in light most favorable to the nonmoving party, as it would in … a Rule 50(a) motion for judgment as a matter of law; instead, it exercises its role as factfinder." *See United States v. $242,484.00*, 389 F.3d 1149 (11th Cir. 2004). "The Rule 50(a) rubric requires the

5

court to draw all inferences in the nonmoving party's favor, but Rule 52(c) has no such requirement." *See Pinero v. 4800 W. Flagler L.L.C.*, 430 F. App'x 866 (11th Cir. 2011).

II. **Plaintiff's Violation of the Plain Meaning of Rule 41(a)(1) – "Two-Dismissal Rule"**

Plaintiff, GREAT LAKES, violated the two-dismissal rule, and this matter must be dismissed as Plaintiff's second voluntary dismissal acted as an "adjudication on the merits," barring Plaintiff's instant claims. Fed. R. Civ. P. 41(a)(1).

In pertinent part, Rule 41(a)(1)(B) states, "**if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a [subsequent] notice of dismissal operates as an adjudication on the merits**." Fed. R. Civ. P. 41(a)(1)(B) (emphasis added). Any argument that Plaintiff did not violate the two-dismissal rule is inoperative, as "under the so-called two-dismissal rule, 'if the plaintiff previously dismissed any federal-or date-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.'" *Sealey v. Branch Banking & Tr. Co.*, 698 F. App'x 830, 834 (11th Cir. 2017) (citing Fed. R. Civ. P. 41(a)(1)(B)). As such, the Crabtrees, again, assert that the Plaintiff has twice dismissed this action, and thus, the plain meaning of the "adjudication on the merits" provision of Rule 41(a)(1)(B) is applicable.

A claim preclusion—oft referred to as *res judicata*—analysis is appropriate here. *See Sealey*, 693 Fed. Appx. at 833. As explained in *Sealy*,

> The doctrine of claim preclusion, sometimes referred to as *res judicata*, "bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990); *see Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008) (claim preclusion and issue preclusion are collectively referred to as "res judicata"). Claim preclusion bars a subsequent lawsuit when four elements are present: (1) a final judgment on the merits was entered; (2) the prior decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003);

6

> *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). Because this case involves the preclusive effect of a Rule 41(a) dismissal, we apply federal preclusion principles. *Citibank*, 904 F.2d at 1501.

*Id.*; *see Solid 21, Inc. v. Ulysse Nardin, USA Inc.*, 19-CV-80474, 2019 WL 7933684, at *2 (S.D. Fla. Dec. 12, 2019). Here, there all four of the above elements are easily satisfied, as (1) GREAT LAKES' second voluntary dismissal of the same claims was a final judgment "on the merits"; (2) the prior voluntary dismissals were effectuated in courts with competent jurisdiction and no argument has been made to the contrary; (3) the parties are identical; and (4) the same Declaratory Relief causes of action are involved in both cases. *See Sealey*, 693 Fed. Appx. at 833. As to prong one, the "question of whether a 'final judgment on the merits' was entered … depends on whether the 'two-dismissal rule' of Rule 41(a)(1)(B), Fed. R. Civ. P., applied." *Id.* at 834. Ultimately, in *Sealy*, the Eleventh Circuit Court of Appeals affirmed the trial court's application of the two-dismissal rule against the plaintiff, *see id.* at 835, as the Court must do here.

As the Honorable Donald M. Middlebrooks opined in *Solid 21, Inc. v. Ulysse Nardin, USA Inc.*, when a "[p]laintiff voluntarily dismissed the prior two federal cases without prejudice and without a court order under Rule 41(a)(1)" and as "[b]oth dismissals occurred before Defendant filed an answer or a motion for summary judgment," then, it would be appropriate to apply the "two-dismissal" rule under the plain language of the Rule. *Solid 21, Inc. v. Ulysse Nardin, USA Inc.*, No. 19-CV-80474, 2019 WL 7933684, at *4 (S.D. Fla. Dec. 12, 2019). Judge Middlebrooks "conclude[d] that [the voluntary dismissal of] the Second [] Action … operated as an adjudication on the merits. The result comports with the plain language of Rule 41(a)(1)(B), which states: 'if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.'" *Id.* at *5 (alteration added).

As in *Solid 21, Inc. v. Ulysse Nardin, USA Inc.*, 19-CV-80474, 2019 WL 7933684, the plaintiff, GREAT LAKES, voluntarily dismissed the same claims twice, implicating the plain

7

language of the two-dismissal Rule. *See* Fed. R. Civ. P. 41(a)(1). In further confirmation that Rule 41(a)(1) applies, at the time of both dismissals, Defendants had not filed an answer or motion for summary judgment. *See Solid 21, Inc. v. Ulysse Nardin, USA Inc.*, 19-CV-80474, 2019 WL 7933684, at *4. As Plaintiff has not and cannot bear its heavy burden of proving a justifiable departure from the plain language of the Rule, the Crabtrees respectfully request that this Honorable Court properly deem GREAT LAKES' second voluntary dismissal to have served as an "adjudication on the merits" barring the instant claims, as stated by the plain language of Rule 41(a)(1)(B).

### III.  Conclusion

In light of the foregoing, judgment on partial findings as to GREAT LAKES' violation of the plain language of Rule 41(a)(1)'s "two-dismissal rule" should be entered by this Honorable Court, precluding GREAT LAKES from proceeding with the instant claims, and requiring the dismissal with prejudice of GREAT LAKES' claims *sub judice*. Furthermore, GREAT LAKES actions were likely motivated by venue/judge shopping and/or vexatious litigation tactics, as GREAT LAKES dismissed and refiled these same claims several times. Rule 41(a)(1) protects defendants, such as the Crabtrees, from such litigation tactics or practices. *See Sealey*, 693 Fed. Appx. at 834 (citing *ASX Inv. Corp. v. Newton*, 183 F.3d 1265, 1268 (11th Cir. 1999) ("We have said that the primary purpose of the two-dismissal rule is to prevent unreasonable abuse of the plaintiff's unilateral right to dismiss an action.")).

**WHEREFORE**, Defendants/Counter-Plaintiffs, BRYAN CRABTREE and BETHEA CRABTREE, request that this Honorable Court **GRANT** this Motion for Judgment on Partial Findings upon Plaintiff's Violation of Rule 41(a)(1); or alternatively, conduct an Evidentiary Hearing; and for any other relief this Court deems just and proper.

## CERTIFICATE OF GOOD FAITH CONFERRAL

Pursuant to Local Rule 7.1(a)(3), we hereby certify that Defendants/Counter-Plaintiffs' undersigned counsel has conferred with Plaintiff/Counter-Defendant, GREAT LAKES INSURANCE SE's, counsel telephonically on March 2, 2022. GREAT LAKES' counsel, Ms. Goldman, stated that GREAT LAKES is opposed to the relief requested herein.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on the 15th day of March 2022, the foregoing is being served on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

**PERRY & NEBLETT, P.A.**
2550 South Bayshore Drive Suite 211
Miami, Florida 33133
Telephone: (305) 856-8408
Facsimile: (305) 856-8409
david@perryneblett.com
jmahaffey@perryneblett.com
terry@perryneblett.com
service@perryneblett.com

By: /s/ *David Avellar Neblett*
DAVID AVELLAR NEBLETT, ESQ., B.C.S.
FL. Bar No.: 526371
JAMES M. MAHAFFEY III, ESQ.
FL. Bar No.: 105353

*SERVICE LIST TO FOLLOW*

**SERVICE LIST**

| **Goldman & Hellman** | **Perry & Neblett, P.A.** |
|---|---|
| Steven Goldman, Esq. | David Avellar Neblett, Esq. |
| Jacqueline Goldman, Esq. | James M. Mahaffey III, Esq. |
| 8751 West Broward Blvd., Suite 404 | 2550 South Bayshore Drive, Suite 11 |
| Fort Lauderdale, FL  33324 | Miami, FL 33133 |
| Steven@GoldmanAndHellman.com | david@perrynebelett.com |
| Telephone: (954) 356-0460 | jmahaffey@perryneblett.com |
| Facsimile: (954) 832-0878 | terry@perryneblett.com |
| *Attorneys for Plaintiff/Counter-Defendant* | jack@perryneblett.com |
| | thomas@perryneblett.com |
| | service@perryneblett.com - *For Filing Only* |
| | Telephone: (305) 856-8408 |
| | Facsimile: (305) 967-8182 |
| | *Attorneys for Defendants/Counter-Plaintiffs Bryan Crabtree and Bethea Crabtree* |

By:  /s/ *David Avellar Neblett*
DAVID AVELLAR NEBLETT, ESQ., B.C.S.
FL. Bar No.:  526371
JAMES M. MAHAFFEY III, ESQ.
FL. Bar No.:  105353