11699

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(WEST PALM BEACH)

CASE NO.: 9:20-cv-81544-ALTMAN/Reinhart

GREAT LAKES INSURANCE SE,

    Plaintiff/Counter-Defendant,

v.

BRYAN CRABTREE and BETHEA
CRABTREE,

    Defendants/Counter-Plaintiffs.
_____/

## DEFENDANTS/COUNTER-PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT UPON PLAINTIFF/COUNTER-DEFENDANT'S VIOLATION OF RULE 41(a)(1)

Defendants/Counter-Plaintiffs, BRYAN CRABTREE and BETHEA CRABTREE ("the Crabtrees"), by and through the undersigned counsel and pursuant to the Federal Rules, hereby file this Motion for Summary Judgment, upon Plaintiff/Counter-Defendant's Violation of Rule 41(a)(1), and state the following in support thereof:

1.     GREAT LAKES has clearly violated Federal Rule of Civil Procedure 41(a)(1) regarding double dismissals requiring summary judgment in the Crabtrees favor.

2.     The action *sub judice* involves a foreign insurer, GREAT LAKES INSURANCE SE's (hereinafter "GREAT LAKES" or "Plaintiff" or "Counter-Defendant"), refusal to indemnify its insureds, BRYAN CRABTREE and BETHEA CRABTREE (hereinafter "the Crabtrees" or "Defendants" or "Counter-Plaintiffs") after the Crabtrees' insured Vessel, the S/V "BRANDISON," a 2000 43 ft Privilege vessel with Volvo twin 39 hp diesel engines, was severely damaged when an adjacent vessel caught fire.

3.     The Crabtrees had recently purchased the S/V BRANDISON, weeks before the fire,

and contemporaneously procured insurance for the Vessel prior to her maiden voyage. The Crabtrees chose the Cracker Boy Boat Works, Inc. boatyard, located in Riviera Beach, Florida, to commence work on the Vessel. At the time of the loss, the Crabtrees' newly-purchased Vessel sat situated "on the hard" undergoing retrofit and repairs.

4. It is undisputed that the Crabtrees purchased an agreed value insurance policy on their newly purchased Vessel, issued by GREAT LAKES, valid from April 23, 2019, until April 23, 2020. The subject policy provides an agreed value coverage of $250,000.00 in Hull coverage, $25,000.00 in Personal Property coverage, as well as additional coverages.

5. Unfortunately, the Vessel would never reach her maiden voyage with the Crabtrees. On the morning on May 7, 2019, the vessel situated immediately adjacent to the S/V BRANDISON (the M/Y "SEA ALICE") caught fire and severely damaged the Crabtrees' Vessel resulting in the total loss of the Vessel. *Id*.



*Photograph of the S/V BRANDISON adjacent to the M/Y SEA ALICE, produced as "Defs 2403."*

6. GREAT LAKES can point to no wrongdoing by the Crabtrees, as their loss was a "text-book" fortuitous loss that occurred during the active binder/policy period. Rather than rightfully indemnifying its insureds in accordance with the binder/policy and possibly initiating a

subrogation action against the offending vessel, GREAT LAKES denied the claim and contemporaneously brought suit before the United States District Court for the District of Montana, falsely claiming that the Crabtrees were residents of Montana. [D.E. 14-1]. The first time that the Crabtrees became aware of the lawsuit filed against them by their insurer, and that the insurer was taking issue with their fortuitous Vessel loss, was via the denial letter dated July 19, 2019, enclosing the Complaint filed against them as a matter of "courtesy."

7. Plaintiff, GREAT LAKES, denied the claim and contemporaneously brought suit before the United States District Court for the District of Montana, under a knowingly false assertion: that the Crabtrees were residents of Montana.

8. On February 1, 2022, this Honorable Court conducted a hearing and issued a subsequent Order, D.E. 138, upon GREAT LAKES INSURANCE SE's (GREAT LAKES'), Motion for Judgment on the Pleadings [D.E. 64], where the Court, *inter alia*, discussed GREAT LAKES' violation of Rule 41(a)(1)'s "two-dismissal rule."

9. At the hearing, this Court ruled that the affirmative defense related to the "two-dismissal rule" violation would be stricken, but that the Court would "allow . . . the two-dismissal rule issue[] to be re-presented at the time of summary judgment for the Crabtrees' position that they deserve judgment as a matter of law." Transcript of Feb. 1, 2022, hearing, 23:13-16, (hereinafter "Hearing Transcript").

10. As was noted by the Crabtrees at the February 1, 2022, hearing, the Crabtrees filed an *Unopposed* Motion to Modify Scheduling Order and/or to Extend Discovery Cutoff, D.E. 114, requesting "a brief extension and/or modification of the Court's Amended Scheduling Order," *id.* at p. 3. The aforementioned unopposed motion sought an extension of all pending deadlines. *See* D.E. 114-1.

11. The Crabtrees would have submitted the Summary Judgment motion earlier, but the deadline had passed requiring an updated scheduling order in line with the above-mentioned Motion.

12. On September 20, 2022, the Court issued its Order concerning Defendant's Motion for Judgment on the Pleadings [D.E. 146] and on Plaintiff's Motion for Summary Judgment [D.E. 118], staying the case and specifically allowing the Crabtrees to submit a Motion for Summary under the "two-dismissal rule" of Fed. R. Civ. P. 41(a)(1)(B) making same ripe for adjudication. [D.E. 193].

13. It is undisputed that Plaintiff/Counter-Defendant, GREAT LAKES has dismissed the same claim twice. [D.E. 157, p. 1, wherein GREAT LAKES acknowledges that "GREAT LAKES filed its first declaratory judgment action against the Defendants BRYAN and BETHEA CRABTREE (hereinafter "the CRABTREES") on July 19, 2019, in the United States District Court for the District of Montana, case no. 9:19:cv-00120-DLC."].

14. It is undisputed that on September 4, 2019, GREAT LAKES dismissed its first Declaratory Action (Case o.: 9:19-cv-00120-DLC *Great Lakes Insurance SE v. Crabtree et al.* (closed 09/05/2019)).

15. Plaintiff's first Declaratory Action was dismissed by Plaintiff via a self-executing Notice of Voluntary Dismissal. [D.E. 146-2].

16. On September 5, 2019, Plaintiff initiated an identical, **second** Declaratory Action in the U.S. District Court for the Southern District of Florida (Case No.: 1:19-cv-23692-JEM *Great Lakes Insurance SE v. Crabtree et al.* (closed 10/9/2019)).

17. It is undisputed that on October 8, 2019, GREAT LAKES dismissed its **second**, identical Declaratory Action.

4

18. Plaintiff's **second** Declaratory Action was dismissed by Plaintiff via a self-executing Notice of Voluntary Dismissal. [D.E. 146-3].

19. As GREAT LAKES has dismissed the same claim twice, it has thus run afoul of Federal Rule of Civil Procedure 41(a)(1)'s "bright line" two-dismissal rule. See Fed. R. Civ. P. 41(a)(1).

20. Rule 41(a)(1) provides, in pertinent part, as follows:

If the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a [subsequent] notice of dismissal operates as an adjudication on the merits.

Fed. R. Civ. P. 41(a)(1)(B).

21. "In construing the 'two-dismissal' rule, [the Court] must 'look to the plain language of the rule and read it as a whole, being mindful of the linguistic choices made by the drafters.'" *Solid 21, Inc. v. Ulysse Nardin, USA Inc.*, 19-CV-80474, 2019 WL 7933684, at *4 (S.D. Fla. Dec. 12, 2019) (Middlebrooks, J.) (citing *ASX Inv. Corp. v. Newton*, 183 F.3d 1265, 1267 (11th Cir. 1999)).

22. When GREAT LAKES, briefed the issue in its Response in Opposition to Defendant's Motion for Judgment on the Pleadings it did not deny that it dismissed the action twice, a fact which is undisputed and of record.

23. In its Opposition to the Defendant's Motion for Judgment on the Pleadings, GREAT LAKES highlights an email proposal that it erroneously claims will absolve its clear violation of the two-dismissal Rule. See Pl.'s Response, D.E. 157, p. 2 of 17.

24. As previously argued in this matter, GREAT LAKES attempts to predicate its voluntary dismissal(s) on a supposed "deal that is on offer." These "actions" were previously briefed and are currently of record, and do not justify a departure from the plain language of Rule 41(a).

5

25. The subject email exchange clearly shows that undersigned counsel for the Crabtrees agreed to only "*respond* to a Complaint filed in the Southern District of Florida." (emphasis added).

26. The undersigned specifically did not *agree* to limit the Crabtrees' rights or waive 12(b)(6) defenses via an agreement to file an Answer.[1]

27. Rather, the undersigned very clearly and in good faith stated, "As we have discussed and as has been agreed to multiple times in writing, my firm agrees to accept service provided that the case is dismissed and the Complaint is re-filed in the Southern District of Florida. We have advised numerous times that we cannot agree to answer a complaint that has not been filed. We can agree to respond to a Complaint filed in Southern District of Florida." [D.E. 14-2, p. 2 of 3].

28. GREAT LAKES has proffered the erroneous argument that the counsel for the Crabtrees agreed to "answer," but this is demonstrably incorrect – the explicit agreement was to "respond" and practitioners, especially practitioners in federal court, are well aware of the difference between a response and an answer. [D.E. 157, p. 3, wherein GREAT LAKES erroneously asserts that "Rather than answer GREAT LAKES' Complaint in the United States District Court for the Southern District of Florida, as agreed…"]

29. The Federal Rules expressly consider that there are a number of ways of responding to a Complaint, and that to respond is not the same as to answer. Fed. R. Civ. P., 12.

30. No amount of argument to the contrary by GREAT LAKES can change the fact that the undersigned did not agree to answer.

31. A cursory review of Plaintiff's Exhibit "A" (Doc. 1-1), affixed to its Complaint, clearly indicates the insured's state of residence as Georgia. Defendants have never resided in the

---

[1] Some courts have found that voluntary dismissals ought not to be based upon jurisdictional conditions. *See Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968) (court found it improper when plaintiff included jurisdictional conditions in notice for voluntary dismissal).

state of Montana. In fact, in a prior iteration of this identical proceeding before the District Court for the Southern District of Florida (Case no.: 1:19-cv-23692-JEM), Plaintiff's Complaint (Doc. 1, entered 9/05/19, at ¶ 2) alleged that "Venue lies within the Southern District of Florida as this cause arises out of policy of maritime insurance delivered to Plaintiff . . . which contains a forum selection clause requiring that suit for a dispute arising under the policy **must be filed in the United States District Court for the Southern District of Florida**." (Compl. ¶ 2, (emphasis added)).

32. This fact defeats GREAT LAKES's argument that it only filed its second litigation in the Southern District of Florida due to the non-existent "agreement" it referenced above. GREAT LAKES filed suit here as that is where the policy that it wrote required suit to be brought and where the damage to the vessel occurred.

33. Voluntarily, GREAT LAKES dismissed the first lawsuit against the Crabtrees without the Crabtrees consent, without prejudice, to avoid a hearing on the Crabtrees' inevitable motion to dismiss. A stipulation to dismiss was not filed with the Court.

34. It is undisputed that GREAT LAKES then filed its second lawsuit against the Crabtrees in the Southern District of Florida. [D.E. 14-4].

35. Importantly, GREAT LAKES and its counsel stipulated and admitted in its pleadings that "[v]enue lies within the Southern District of Florida as this cause arises out of a policy of marine insurance delivered by Plaintiff to the Assureds named therein, the Defendants BRYAN and BETHEA A. CRABTREE, which contains a forum selection clause requiring that suit for a dispute arising under the policy must be filed in the United States District Court for the Southern District of Florida." *See Great Lakes Ins. SE v. Crabtree et al.*, S.D. Fla., Case 1:19-cv-23692-JEM, p. 1, D.E. 1.

36. Upon learning of a state court action, GREAT LAKES voluntarily dismissed the

second lawsuit.

37. GREAT LAKES then filed the pending action in the original improper forum of Montana.

38. The second voluntary dismissal was unnecessary; the case could have continued in this venue and with the Honorable Jose E. Martinez.

39. The refiling of the case in Montana was done knowingly and after Plaintiff had agreed that it was an improper venue.

40. GREAT LAKES' voluntary dismissals were unilateral.

41. The plain language of Rule 41(a) does not contain a provision or carve-out taking into account email proposals, and GREAT LAKES' arguments fail.

42. Although other district courts have found certain circumstances that do not fall within the plain meaning of Rule 41(a)(1) (i.e., "dismissal by a plaintiff's motion and order of the court"), the Crabtrees emphasize the Seventh Circuit's statements in *Sutton Palace Development Co.* as follows:

> [I]t must be remembered that the federal rules are carefully-crafted instruments designed to achieve, by their uniform application, fairness and expedition in the conduct of federal litigation. Therefore, when a party contends that a court should disregard the express language of a carefully-drawn rule of procedure, that party bears a heavy burden of showing that a departure from the plain language is justified. That burden is especially heavy in the case of the "two dismissal" rule because, by disregarding the plain wording of the rule, the court also disregards the over-arching policy concern of the Federal Rules in favor of a decision on the merits.

*Sutton Place Dev. Co. v. Abacus Mortg. Inv. Co.*, 826 F.2d 637, 640 (7th Cir. 1987).

43. As GREAT LAKES will likely again utilize the same arguments in GREAT LAKES' Opposition to the Defendant's Motion for Judgment on the Pleadings, the circumstances and case law examples cited by GREAT LAKES are not only non-binding, but not factually analogous to the case at bar.

44. *ASX Inv. Corp. v. Newton* confirms that Courts must look at the plain meaning of the two-dismissal rule but in GREAT LAKES' Opposition to the Defendant's Motion for Judgment on the Pleadings, GREAT LAKES attempts to convince the Court that *ASX* stands for the proposition that the two-dismissal rule somehow does not apply when a dismissal is effectuated by agreement of the parties.

45. In this case, GREAT LAKES initially chose the improper venue of Montana as the forum for its first initial lawsuit solely for its own convenience and to attempt to take advantage of the favorable laws of Montana as to insurance disputes.

46. GREAT LAKES' actions clearly demonstrate, at best, its attempts at forum and judge "shopping" and, at worst, its continued actions for the purpose of harassing its own policyholders to delay paying the Crabtrees for their claim.  Either way, the fact remains that GREAT LAKES voluntarily dismissed the same action twice.

47. GREAT LAKES has committed the exact judicial waste which *res judicata* exists to protect innocent defendants from as cited by GREAT LAKES in its own Response. *See* Pl.'s Response, D.E. 157, p. 15 of 17 (quoting *Western Group Nurseries, Inc. v. Ergas*, 211 F.Supp.2d 1362, 71 (S.D. Fla. 2002) ("[t]he purposes of *res judicata* are "to (a) protect the defendant's interest in avoiding the burdens of twice defending a suit; and (b) to avoid unnecessary judicial waste.").

48. The purpose of the two-dismissal rule is to prevent duplicative, wasteful, and harassing litigation." *Id*. at 1370.

49. Evidence has already been presented on this issue, and same is currently of record. Alternatively, should the Court require additional evidence on this issue, the Crabtrees respectfully propose that the Court conduct an evidentiary hearing.

## GREAT LAKES' Two-Dismissal Rule Violation

50. On July 19, 2019, Defendants/Counter-Plaintiffs, the Crabtrees, were sued[2] by their insurance company following the loss of their insured vessel, a 43' Privilege with Volvo twin 39hp diesel engine, JMA52U07B001.

51. The Crabtrees have raised and continue to raise Plaintiff's clear violation of Federal Rule of Civil Procedure 41(a)(1)'s "two-dismissal rule."

52. On September 4, 2019, GREAT LAKES dismissed its **first** Declaratory Action (Case No.: 9:19-cv-00120-DLC *Great Lakes Insurance SE v. Crabtree et al.* (closed 09/05/2019)).

53. Plaintiff's **first** Declaratory Action was dismissed by Plaintiff via a self-executing[3] Notice of Voluntary Dismissal not a stipulation. *See* Pl.'s First Not. of Voluntary Dis., D.E. 146-2.

54. On September 5, 2019, Plaintiff initiated an identical, **second** Declaratory Action in the U.S. District Court for the Southern District of Florida (Case No.: 1:19-cv-23692-JEM *Great Lakes Insurance SE v. Crabtree et al.* (closed 10/9/2019)).

55. On October 8, 2019, GREAT LAKES dismissed its **second**, identical Declaratory Action.

56. Plaintiff's **second** Declaratory Action was dismissed by Plaintiff via a self-executing Notice of Voluntary Dismissal. *See* Pl.'s Second Not. of Voluntary Dis., D.E. 146-3.

57. This **second** voluntary dismissal by the Plaintiff acted as a *per se* "adjudication on

---

[2] Notably, the first time that the Crabtrees realized or were informed of formal "coverage issues" was upon receiving GREAT LAKES' declaratory action suit, as the Crabtrees did not receive a "declination letter" prior to suit being filed.

[3] GREAT LAKES' voluntary dismissals are *self-executing* upon filing. *See Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990) ("The dismissal is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is required."); Fla. R. Civ. P. 41(a)(1).

the merits" of Plaintiff's claims, in accordance with the plain and well accepted meaning of Rule 41(a)(1). *See* Fed. R. Civ. P. 41(a)(1)(B) ("Unless the notice or stipulation states otherwise, the dismissal is without prejudice. *But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits*." (emphasis added)).

58. On October 8, 2019, GREAT LAKES, filed its **third**, identical (the instant case) Declaratory Action, in the U.S. District Court for the District of Montana, (Case No.: 9:19-cv-00164-DLC *Great Lakes Insurance SE v. Crabtree et al.*), despite its claims being precluded.

59. Shortly after Plaintiff filed its **third** Declaratory Action, on December 13, 2019, the Crabtrees filed a *pro se* Motion to Dismiss for Fraud on the Federal Court and Violation of the Federal Rules of Civil Procedure.[4] *See* Defs.' Mot. [D.E. 11] (Case No.: 9:19-cv-00164-DLC *Great Lakes Insurance SE v. Crabtree et al.*)

60. Later, on September 8, 2020, the instant and **third** Declaratory Action case was transferred to this Honorable Court. *See* Order, D.E. 44. (now bearing case no.: 9:20-cv-81544-RKA *Great Lakes Insurance SE v. Crabtree et al.*).

61. The plain language of Rule 41(a)(1) is clearly implicated here, and GREAT LAKES' claims are barred.

62. In light of Plaintiff's apparent violation of the Rule 41(a)(1)—the two-dismissal rule—Defendants/Counter-Plaintiffs, the Crabtrees, respectfully move for summary judgment.

## MEMORANDUM OF LAW

### I. Legal Standard for Summary Judgment

Federal Rule of Civil Procedure 56 provides, "[a] party may move for summary judgment,

---

[4] This Honorable Court has "allow[ed] … the two-dismissal rule issue, to be re-presented. . . ." *See* Hearing Transcript, 23:13-16. **Ex. "A."**

11

identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is appropriate where there is no genuine issue or dispute remaining as to the material facts in a case. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). "The moving party bears 'the initial responsibility of informing the ... [C]ourt of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" *U.S. v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

An issue of fact is said to be "material" if it is something that might affect the outcome of the suit under the governing law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir.1997). A material fact is understood to be "genuine" only "if the record taken as a whole could lead a rational trier of fact to find for the non-moving party." *Id.*, at 261, n. 2.

Once the initial burden is met, the non-moving party must go beyond the pleadings and come forward with specific facts showing there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). In opposing the motion for summary judgment, it is incumbent upon the non-moving party to submit competent evidence which would be sufficient to satisfy that exact same standard of proof that would be required of him at the bench trial which would take place only if summary judgment is denied. 477 U.S. 242 (1986). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which a jury could reasonably find for the [non-moving

party]." *Id.,* at 252.

The Crabtrees move for summary judgment as GREAT LAKES violated the two-dismissal rule. The record is clear, there is no genuine dispute as to the material fact that Plaintiff, GREAT LAKES, voluntarily dismissed the action twice activating the double dismissal rule of Fed. R. Civ. P. 41(a)(1). The applicability of this rule is material as a ruling in the Crabtrees favor will dismiss the case.

When Plaintiff, GREAT LAKES, briefed the issue in its Response in Opposition to the Defendant's Motion for Judgment on the Pleadings it didn't deny that it dismissed the action twice; instead, GREAT LAKES, used non-binding authority and offered an unpersuasive argument that the Crabtrees agreed to the first dismissal so it is not in violation of Fed. R. Civ. P. 41(a)(1). However, the dismissal was not a joint stipulation, but **a voluntary dismissal** by Plaintiff, GREAT LAKES. If Plaintiff, GREAT LAKES, uses the same argument to respond to this Motion it will not meet the burden of the non-moving party to provide competent evidence to show that there is a genuine issue for trial. Plaintiff, GREAT LAKES, will not be able to comply with the standard of proof required. Its argument that the first dismissal was agreed upon does not raise any issues of fact as it would not result in a finding for Plaintiff, GREAT LAKES as the first dismissal was not via stipulation, but voluntary dismissal. The court must rule as a matter of law that this case be dismissed as GREAT LAKES' second voluntary dismissal functioned as an "adjudication on the merits," barring GREAT LAKES' instant claims. Fed. R. Civ. P. 41(a)(1).

**II.      Plaintiff's Violation of the Plain Meaning of Rule 41(a)(1) – "Two-Dismissal Rule"**

In pertinent part, Rule 41(a)(1)(B) states, "**if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a [subsequent] notice of**

13

**dismissal operates as an adjudication on the merits**." Fed. R. Civ. P. 41(a)(1)(B) (emphasis added). Any argument that Plaintiff did not violate the two-dismissal rule is inoperative, as "under the so-called two-dismissal rule, 'if the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.'" *Sealey v. Branch Banking & Tr. Co.*, 698 F. App'x 830, 834 (11th Cir. 2017) (citing Fed. R. Civ. P. 41(a)(1)(B)). As such, the Crabtrees, again, assert GREAT LAKES has twice dismissed this action, and thus, the plain meaning of the "adjudication on the merits" provision of Rule 41(a)(1)(B) is applicable.

A claim preclusion—oft referred to as *res judicata*—analysis is appropriate here. *See Sealey*, 693 Fed. Appx. at 833. As explained in *Sealy*,

> The doctrine of claim preclusion, sometimes referred to as *res judicata*, "bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990); *see Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008) (claim preclusion and issue preclusion are collectively referred to as "res judicata"). Claim preclusion bars a subsequent lawsuit when four elements are present: (1) a final judgment on the merits was entered; (2) the prior decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003); *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). Because this case involves the preclusive effect of a Rule 41(a) dismissal, we apply federal preclusion principles. *Citibank*, 904 F.2d at 1501.

*Id.*; *see Solid 21, Inc. v. Ulysse Nardin, USA Inc.*, 19-CV-80474, 2019 WL 7933684, at *2 (S.D. Fla. Dec. 12, 2019).

Here, all four of the above elements are easily satisfied, as (1) GREAT LAKES' second voluntary dismissal of the same claims was a final judgment "on the merits"; (2) the prior voluntary dismissals were effectuated in courts with competent jurisdiction and no argument has been made to the contrary; (3) the parties are identical; and (4) the same Declaratory Relief causes of action are involved in both cases. *See Sealey*, 693 Fed. Appx. at 833. As to prong one, the "question of

whether a 'final judgment on the merits' was entered … depends on whether the 'two-dismissal rule' of Rule 41(a)(1)(B), Fed. R. Civ. P., applied." *Id.* at 834. Ultimately, in *Sealy*, the Eleventh Circuit Court of Appeals affirmed the trial court's application of the two-dismissal rule against the plaintiff, *see id.* at 835, as the Court must do here.

As the Honorable Donald M. Middlebrooks opined in *Solid 21, Inc. v. Ulysse Nardin, USA Inc.*, when a "[p]laintiff voluntarily dismissed the prior two federal cases without prejudice and without a court order under Rule 41(a)(1)" and as "[b]oth dismissals occurred before Defendant filed an answer or a motion for summary judgment," then, it would be appropriate to apply the "two-dismissal" rule under the plain language of the Rule. *Solid 21, Inc. v. Ulysse Nardin, USA Inc.*, No. 19-CV-80474, 2019 WL 7933684, at *4 (S.D. Fla. Dec. 12, 2019). Judge Middlebrooks "conclude[d] that [the voluntary dismissal of] the Second [] Action … operated as an adjudication on the merits. The result comports with the plain language of Rule 41(a)(1)(B), which states: 'if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.'" *Id.* at *5 (alteration added).

As in *Solid 21, Inc. v. Ulysse Nardin, USA Inc.*, 19-CV-80474, 2019 WL 7933684, GREAT LAKES, voluntarily dismissed the same claims twice, implicating the plain language of the two-dismissal Rule. *See* Fed. R. Civ. P. 41(a)(1). In further confirmation that Rule 41(a)(1) applies, at the time of both dismissals, Defendants had not filed an answer or motion for summary judgment. *See Solid 21, Inc. v. Ulysse Nardin, USA Inc.*, 19-CV-80474, 2019 WL 7933684, at *4.

As GREAT LAKES has not and cannot bear its heavy burden of proving a justifiable departure from the plain language of the Rule, the Crabtrees respectfully request that this Honorable Court grant this Motion for Summary Judgment and properly deem GREAT LAKES'

15

second voluntary dismissal to have served as an "adjudication on the merits" barring the instant claims, as stated by the plain language of Rule 41(a)(1)(B).

### III. Conclusion

In light of the foregoing this Honorable Court must grant the Crabtrees' Motion for Summary Judgement given GREAT LAKES' violation of the plain language of Rule 41(a)(1)'s "two-dismissal rule" precluding GREAT LAKES from proceeding with the instant claims and requiring the dismissal with prejudice of GREAT LAKES' claims *sub judice*. The subject email exchange of which GREAT LAKES claims absolves it of the applicability of the two-dismissal rule was only an acknowledgement of GREAT LAKES' intention to dismiss. A stipulation for dismissal was not filed as GREAT LAKES filed a notice of voluntary dismissal.

GREAT LAKES' actions were likely motivated by venue/judge shopping and/or vexatious litigation tactics, as GREAT LAKES dismissed and refiled these same claims several times. Rule 41(a)(1) protects defendants, such as the Crabtrees, from such litigation tactics or practices. *See Sealey*, 693 Fed. Appx. at 834 (citing *ASX Inv. Corp. v. Newton*, 183 F.3d 1265, 1268 (11th Cir. 1999) ("We have said that the primary purpose of the two-dismissal rule is to prevent unreasonable abuse of the plaintiff's unilateral right to dismiss an action.")).

**WHEREFORE**, Defendants/Counter-Plaintiffs, BRYAN CRABTREE and BETHEA CRABTREE, request that this Honorable Court **GRANT** this Motion for Summary Judgment based upon Plaintiff's Violation of Rule 41(a)(1); or alternatively, conduct an Evidentiary Hearing; and for any other relief this Court deems just and proper.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on the 4th day of October 2022, the foregoing is being served on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

        **PERRY & NEBLETT, P.A.**
        2550 South Bayshore Drive Suite 211
        Miami, Florida 33133
        Telephone: (305) 856-8408
        Facsimile: (305) 856-8409
        david@perryneblett.com
        jmahaffey@perryneblett.com
        terry@perryneblett.com
        service@perryneblett.com

By: */s/ David Avellar Neblett*
        DAVID AVELLAR NEBLETT, ESQ., B.C.S.
        FL. Bar No.:  526371
        JAMES M. MAHAFFEY III, ESQ.
        FL. Bar No.:  105353

*SERVICE LIST TO FOLLOW*

## SERVICE LIST

| **Goldman & Hellman** | **Perry & Neblett, P.A.** |
|---|---|
| Steven Goldman, Esq. <br> Jacqueline Goldman, Esq. <br> 8751 West Broward Blvd., Suite 404 <br> Fort Lauderdale, FL  33324 <br> Steven@GoldmanAndHellman.com <br> Jacquie@goldmanandhellman.com <br> Telephone: (954) 356-0460 <br> Facsimile: (954) 832-0878 <br> *Attorneys for Plaintiff/Counter-Defendant* | David Avellar Neblett, Esq. <br> James M. Mahaffey III, Esq. <br> 2550 South Bayshore Drive, Suite 11 <br> Miami, FL 33133 <br> david@perrynebeltt.com <br> jmahaffey@perryneblett.com <br> terry@perryneblett.com <br> service@perryneblett.com - *For Filing Only* <br> Telephone: (305) 856-8408 <br> Facsimile: (305) 967-8182 <br> *Attorneys for Defendants/Counter-Plaintiffs Bryan Crabtree and Bethea Crabtree* |

By: /s/ *David Avellar Neblett*
DAVID AVELLAR NEBLETT, ESQ., B.C.S.
FL. Bar No.:  526371
JAMES M. MAHAFFEY III, ESQ.
FL. Bar No.:  105353