**UNITED STATES DISTRICT COURT
SOUTHERN DISRTICT OF FLORIDA
IN ADMIRALTY**

**GREAT LAKES INSURANCE SE**,

    Plaintiff,

                               **Case No. 9:20-cv-81544-RKA**

vs.

**BRYAN CRABTREE**, *et al.*,

    Defendants.

    _____/

**PLAINTIFF'S RESPONSE IN OPPOSITION**

    COMES NOW the Plaintiff, GREAT LAKES INSURANCE SE (hereinafter "GREAT LAKES"), by and through its undersigned attorneys, and pursuant to Rule 56 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Florida, and files this its Response in Opposition to the Defendants' Motion for Summary Judgment Upon Plaintiff's Violation of Rule 41(a)(1) (hereinafter "the Defendants' Motion") [ECF No. 194], and further thereto would respectfully state as follows:

**INTRODUCTION**

    For what is now the third time, the parties are briefing the issue of the effect of GREAT LAKES' two prior dismissals. Unsurprisingly, the fact that the Defendants agreed to and even urged the Plaintiff to dismiss the first declaratory judgment action is either entirely left out of the Defendants' motion papers (as is the case for Defendants' Statement of Materials Facts [ECF No. 195]) or is only briefly glossed over (as in the Memorandum of law in support of Defendants' Motion [ECF No. 194]). Nor do the Defendants mention in their Statement of Facts that this issue has already been argued and ruled upon in Plaintiff's favor. *See Order*, ECF No. 20, at 3-4. No doubt the Court is well aware of the tedious history of this case as it concerns the so-called "two-dismissal rule," but because the relevant facts were left out of the Defendants' Motion, the undersigned has included a timeline below.

1

## **RELEVANT BACKGROUND**

GREAT LAKES filed its first declaratory judgment action against the Defendants BRYAN and BETHEA CRABTREE (hereinafter "the CRABTREES") on July 19, 2019 in the United States District Court for the District of Montana, case no. 9:19-cv-00120-DLC.[1] GREAT LAKES had filed in Montana because the application[2] the Defendants submitted to Underwriters disclosed that the CRABTREES' address was in Kalispell, MT,[3] and because the Temporary Binder for Policy No. CSRYP/175139 (hereinafter "the Temporary Binder') contains a forum selection clause which states that suit can only be brought in the federal district court within which the Insured or the Insured's agent resides.[4]

The CRABTREES appointed the firm of Perry & Neblett, P.A., who are based in Miami, Fl, to represent them. Later, counsel for GREAT LAKES and the CRABTREES conferred and counsel for GREAT LAKES made the following proposal via email[5] on August 27, 2019:

> OK, here's the deal that is on offer...
>
> Goldman & Hellman will file in the Southern District of Florida the exact same Complaint as the one presently pending in the District of Montana, with our local counsel dismissing the latter action without prejudice.
>
> [….]
>
> Defendants agree to file an Answer in response to the Complaint in the federal district court in Miami….

On August 28, 2019, counsel for the CRABTREES agreed to the proposal and responded:

> As previously advised numerous times: "We agree to jurisdiction in the Southern District of Florida and agree to accept service provided that the case is dismissed and the Complaint is re-filed."

---

[1] A true and correct copy of the Plaintiff's first declaratory judgment action was previously filed as ECF No. 14-1.
[2] A true and correct copy of the application which was previously filed as ECF No. 1-1.
[3] *Id*, at 1.
[4] *See* Temporary Binder, previously filed as ECF No. 1-2, at 16.
[5] A true and correct copy of the above referenced email correspondence was previously filed as ECF No. 14-2, at 1.

*Id.*, at 2.

On September 3, 2019, David Neblett, Esq., counsel for the CRABTREES, again repeated their agreement to Plaintiff voluntarily dismissing the original declaratory judgment action and refiling the same action in federal court in Florida:

> As we have discussed and as has been agreed to multiple times in writing, my firm agrees to accept service provided that the case is dismissed and the Complaint is re-filed in the Southern District of Florida.
>
> We have advised numerous times that we cannot agree to answer a complaint that has not been filed. We can agree to respond to a Complaint filed in Southern District of Florida.
>
> Please just re-file in the Southern District of Florida, send me the Complaint and lets [sic] move this matter forward.

*Id.*, at 3. Following this agreement by the parties, GREAT LAKES voluntarily dismissed the declaratory judgment action in the Montana federal court[6] and refiled the declaratory judgment action in the United States District Court for the Southern District of Florida on September 5, 2019.[7]

Rather than answer GREAT LAKES' Complaint in the United States District Court for the Southern District of Florida, as agreed, the Defendants filed their own Complaint in Florida state court against GREAT LAKES (and many others) on September 26, 2019,[8] and then moved to stay or dismiss GREAT LAKES' action in federal court.[9] It had thus become clear that Defendants' counsel's insistence that they could not commit to answering a complaint not yet filed was a ruse

---

[6] A true and correct copy of the order of dismissal of the original Montana declaratory judgment action was previously filed as ECF No. 14-3.

[7] A true and correct copy of the declaratory judgment action filed by GREAT LAKES in the United States District Court for the Southern District of Florida has been previously filed as ECF No. 14-4.

[8] *See Defendants' Motion to Dismiss*, ECF No. 11, at 2 ("Therefore, a civil action has been filed by Defendants [sic] Crabtree in The Circuit Court, Eleventh District in and for Miami-Dade County with counsel (FL Miami-Dade Local Case Number: 2019-028464-CA-01, filed on September 26, 2019)).")

[9] *See Defendants' Reply to Plaintiff's Response in Opposition to Motion to Dismiss*, ECF No. 17, at 7 (admitting that Defendants "responded to the Declaratory Action filed in the Southern District of Florida with a Motion to Stay Action and/or Motion to Dismiss…")

to get this matter heard in Florida state court, in contravention of the forum selection clause. Once it was revealed that the CRABTREES' consent to jurisdiction of the United States District Court in the Southern District of Florida was a sham, GREAT LAKES refiled its original declaratory judgment action in the United States District Court for the District of Montana on October 8, 2019,[10] or the only court in which it was confident of jurisdiction. GREAT LAKES dismissed the declaratory judgment action filed in federal court in Florida on October 10, 2019.[11]

On December 13, 2019, the Defendants filed their *pro se* motion to dismiss,[12] on the basis of what they considered insufficient service of process, which GREAT LAKES opposed.[13] Their motion to dismiss contained no mention whatsoever of Fed.R.Civ.P. 41(a)(1)(B), otherwise known as the "two-dismissal rule." Then on reply, the Defendants raised, for the first time, their argument that GREAT LAKES violated this rule due to the dismissal of the first declaratory judgment action in the district court in Montana and then again in the Southern District of Florida.[14] The Defendants argued that "Plaintiff has violated the two-dismissal rule as unambiguously stated in Federal Rule of Civil Procedure 41(a)(1)," and "the second dismissal was an adjudication on the merits – regardless of the label or intent of the voluntary dismissal."[15]

The Court issued an Order *sua sponte*, permitting GREAT LAKES to file a sur-reply,[16] which GREAT LAKES filed on February 5, 2020, describing the agreement that had been reached between counsel and the shocking tactics resorted to by Defendants' counsel.[17] In an Order dated February 6, 2020, the Court denied the CRABTREES' Motion to Dismiss.[18] In addressing their two-dismissal rule argument, the Court stated that "the prior dismissals [we]re attributable to

---

[10] ECF No. 1.

[11] A true and correct copy of the order dismissing the Florida federal court declaratory judgment action was previously filed as ECF No. 14-5.

[12] *Defendants' Motion to Dismiss for Fraud on the Federal Court and Violation of Civil Rules of Procedure*, ECF No. 11.

[13] Plaintiff's Response in Opposition to Motion to Dismiss, ECF No. 14.

[14] *Defendants' Reply to Plaintiff's Response in Opposition to Motion to Dismiss*, ECF No. 17, at 1.

[15] *Id.*, at 1, 4.

[16] Order, ECF No. 18.

[17] *Plaintiff's Brief in Response to Defendant's Two-Dismissal Argument*, ECF No. 19.

[18] Order, ECF No. 20.

gamesmanship on the part of the Crabtrees." *Id.*, at 3. Rather than being chastened by such an obvious remonstration from the Court, the Defendants refused to let the matter rest and chose to include reference to the two-dismissal rule as an Affirmative Defense in their Answer.[19]

In March of 2020, GREAT LAKES was forced to file a motion to dismiss in order to be released from the Florida state court litigation the CRABTREES had filed in contravention of the Temporary Binder's forum selection clause. GREAT LAKES' motion to dismiss was granted in July 2020.

The instant case was then transferred to the Southern District of Florida on the Defendants' unopposed motion.[20] Although the Defendants' brief in support of their motion to transfer contained argument regarding the two-dismissal rule, the Court did not rule on the issue, seemingly because it had already been ruled upon.

Later this honorable Court granted in part GREAT LAKES' Motion for Judgment on the Pleadings[21] and struck the Defendants' two-dismissal affirmative defense during a hearing on the Plaintiff's aforesaid motion.[22] During the hearing, the Court specifically denied Defendants' counsel request to file a motion for summary judgment on the two-dismissal rule because the deadline for dispositive motions had already passed.[23] But, the Court also stated that the Defendants had not previously made the "textual argument" that Fed.R.Civ.P. 41(a)(1)(B), by its plain language, does not contain an exception where one or both prior dismissals were not unilateral, and so stated that the Defendants would be permitted to seek judgment as a matter of law on the issue per Fed.R.Civ.P. 50, should this case proceed to trial.[24] Rather than wait for trial,

---

[19] *See Defendants, Bryan and Bethea Crabtree's, Second Amended Answer and Affirmative Defenses and Counterclaim and Demand for Jury Trial*, ECF No. 38, at 7 ("As their **Second Affirmative Defense**, Defendants state that this Honorable District Court is devoid of subject matter jurisdiction due to Plaintiff's double voluntary dismissal, in violation of the 'two dismissals rule' of Federal Rule of Civil Procedure 41(a)(1)." (emphasis in original).
[20] *Order*, dated September 8, 2020 [ECF No. 44].
[21] *Great Lakes Insurance SE's Motion for Judgment on the Pleadings With Respect to Defendants' Counterclaims II-VIII, Affirmative Defenses I, II, IV, and VII-XXII, and Jury Demand, dated March 9, 2021* [ECF No. 64].
[22] *Order*, dated February 2, 2022 [ECF No. 138], at 1.
[23] *See* Transcript of hearing, a true and correct copy of which was previously filed as ECF No. 146-1, at 39:19-23, and 42:6-8.
[24] *See id.,* at 22:19-25 and 29:8-9.

the Defendants filed their Motion per Fed.R.Civ.P. 52(c) on March 15, 2022. *See* ECF No. 146. The Court ultimately denied the Defendant's Motion for Judgment on Partial Findings as premature. *See Order*, dated Sept. 20, 2022 [ECF No. 193], at 1.

But, bafflingly, and for reasons the undersigned cannot begin to understand, the Court decided to completely reverse course on its prior ruling that the Defendants would not be permitted to file a summary judgment motion, and *sua sponte* ordered that they would be permitted to do just that, and file a Rule 56 motion regarding the two-dismissal issue. *See* ECF No. 193, at 2-4. Defendants filed their Motion for Summary Judgment on October 4, 2022. *See* ECF No. 194.

## **ARGUMENT**

With the utmost respect, the undersigned cannot help but wonder why this honorable Court has chosen to indulge the Defendants again and again, granting them every opportunity to reassert their argument regarding the two-dismissal rule, in what is an obvious attempt by them, or their counsel, to manipulate the federal rules to their own advantage and avoid Plaintiff's pending meritorious motion for summary judgment. The Court's willingness to entertain the bad faith and vexatious legal tactics of the Defendants, or their counsel, is especially confounding given that this issue was already ruled on over two years ago, albeit by the Court in the United States District Court for the District of Montana [*see* ECF No. 20, at 3], prior to the transfer. "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate," such as the Defendants should be precluded in this case, "protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Arizona v. California*, 460 U.S. 605, 619, 103 S. Ct. 1382, 1391–92, 75 L. Ed. 2d 318 (1983) (internal citations omitted). None of these ends would be served if the Defendants' Motion were to be granted. What had been condemned as the Defendants' and their counsel's "gamesmanship" cannot and should not be rewarded with a grant of summary judgment. *See* ECF No. 20, at 4.

The material facts are not in dispute: the Defendants have admitted that the parties reached an agreement to dismiss the first declaratory judgment action so that the same case could be filed in the United States District Court for the Southern District of Florida.[25] Thus, the first dismissal

---

[25] *Defendant's Motion to Dismiss for Fraud on the Federal Court and Violation of Civil Rules of*

6

was not done unilaterally, and therefore Fed.R.Civ.P. 41(a)(1)(B) should not apply. Every court to address this specific issue, i.e., application of the two-dismissal rule when one or both of the prior dismissals was done with the consent of the defendant, has uniformly held that it does not apply because to do so would be to subvert the very purpose of the rule. *See cases discussed, infra*. As such, the Defendants are not entitled to judgment as a matter of law and the undersigned respectfully urges that this Court deny the Defendants' motion for summary judgment.

### 1. The Two-Dismissal Rule Should Not Be Applied Here Because The Defendants Agreed to the First Dismissal

It is universally recognized that the primary purpose of the "two dismissal" rule is to prevent an unreasonable use of the plaintiff's unilateral right to dismiss an action prior to the filing of the defendant's responsive pleading. *See, e.g. Axon Enter. Inc. v. Vievu LLC*, No. CV-17-01632-PHX-DLR, 2018 WL 317289, at *6 (D. Ariz. Jan. 5, 2018) (stating that the rationale behind the two-dismissal rule is to "prevent delays and harassment caused by plaintiffs securing numerous dismissals without prejudice.") (quoting 9 C. Wright & A. Miller, Federal Practice & Procedure § 2368 (3d ed.)); *Sealey v. Branch Banking & Tr. Co.*, 693 F. App'x 830, 834 (11th Cir. 2017); *ASX Inv. Corp. v. Newton*, 183 F.3d 1265, 1268 (11th Cir. 1999); *Lake at Las Vegas Invs. Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 727 (9th Cir. 1991); *Island Stevedoring, Inc. v. Barge CCBI*, 129 F.R.D. 430, 432 (D.P.R. 1990). *Poloron Prod., Inc. v. Lybrand Ross Bros. & Montgomery*, 534 F.2d 1012, 1017 (2d Cir. 1976); *Engelhardt v. Bell & Howell Company*, 299 F.2d 480, 481-82 (8th Cir. 1962);

After all, "[t]he basic purpose of the Federal Rules is to administer justice through fair trials, not through summary dismissals as necessary as they may be on occasion." *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 373, 86 S.Ct. 845, 851, 15 L.Ed.2d 807, 814 (1966).

> The 'two dismissal' rule is an exception to the general principle, contained in Rule 41(a)(1) and honored in equity prior to the adoption of the Federal Rules, that a voluntary dismissal of an action does not bar a new suit based upon the same claim. Where the purpose behind the 'two dismissal' exception would not appear to be served by its literal application, and where that application's effect would be to

---

*Procedure,* ECF No. 11, at 4 ("Plaintiff filed a prior action in the United States District Court for the District of Montana... and upon agreement of Plaintiff and Defendant's counsel, it was withdrawn.")

>  close the courthouse doors to an otherwise proper litigant, a court should be most careful not to construe or apply the exception too broadly.

*Poloron*, 534 F.2d at 1017 (internal citations omitted). *See also Priestly v. Comrie*, No. 07 CV 1361 (HB), 2007 WL 4208592, at *4 (S.D.N.Y. Nov. 27, 2007) (declining to apply two-dismissal rule where second dismissal was by stipulation, stating "applying the 'two dismissal rule' here would contravene the intended narrow scope of the rule."); *In re Chi-Chi's, Inc.*, 338 B.R. 618, 625 (Bankr. D. Del. 2006) ("the two dismissal rule is a statutory rule that has been strictly construed," declining to apply it where "[t]here has been no allegation or indication from the record that [the plaintiff's] actions have been taken in bad faith to harass [the defendant], or to otherwise abuse the judicial system.") The undersigned urges that the two-dismissal rule be similarly strictly construed as not applicable to the facts of this case because it is undisputed that the first dismissal was done with the agreement of the Defendants.

In *Poloron*, the Second Circuit held that the two-dismissal rule should not be applied where a prior dismissal was done by stipulation (in other words, where it is knowingly consented to by all parties). 534 F.2d at 1018. Although Rule 41(a)(1) makes no distinction "by its literal terms" between a prior dismissal by notice and one by stipulation, the Second Circuit in *Poloron* held that a distinction should be made between a unilateral dismissal by the plaintiff and one that results from a mutual agreement of all the parties. *Id.* at 1017. The court reasoned that the rule need not be applied in such a situation because a stipulated dismissal is not likely to lead to the types of repeated, harassing, unilateral dismissals that Rule 41 was designed to avoid. *Id.* Citing *Poloron* favorably, the Ninth Circuit has recognized that "in certain circumstances, Rule 41 will not be literally applied." *Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 727 (9th Cir. 1991).

In *TWC Special Credits v. Fishing Vessel Chloe Z*, the Ninth Circuit elected not to apply the rule where the prior dismissals were by private agreement but not formal stipulation. 238 F.3d 431 (Table), 2000 WL 1277922, at *2 (9th Cir. Oct. 3, 2000). In *TCW*, "the record indicate[d] that the [prior] dismissal was preceded by discussions between the parties" in which "all parties tacitly agreed to the dismissal [in Hawaii] in favor of litigating the action in Guam." *Id.* Based on the circumstances presented, the court concluded that strict application of the two-dismissal rule was

8

not warranted. *Id.* The court based its decision on the fact that, just like in the present matter, one of the dismissals was preceded by discussions between the parties to move the same case to another forum. Although that dismissal was not formally "stipulated," the court stated that it was not unilateral. *Id.* "Also, there [was] no evidence that the filings and dismissals were part of a strategy to harass." *Id.* Accordingly, the court affirmed the district court's decision not to dismiss the action on *res judicata* grounds. *Id.*

When faced with similar factual circumstances, i.e., where one or both dismissals was done with the agreement of the defendant, every court to have considered the issue has declined to literally apply the two-dismissal rule. *See e.g.*, *Axon,* \*7 ("There appears to have been a tacit agreement or understanding between counsel before Plaintiff voluntarily dismissed its prior actions"); *Sheet Metal Workers' Nat. Pension Fund Bd. of Trs. v. Courtad, Inc.*, No. 5:12-cv-2738, 2013 WL 3893556, at \*5 (N.D. Ohio July 26, 2013) ("not only is there no evidence that the [plaintiff] dismissed either of the previous actions out of the desire to harass defendant, the evidence actually shows, to the contrary that the dismissal occurred after the parties conferred ... [therefore] this would not be a proper occasion to invoke the 'two dismissal' rule"); *Logan Proffitt Irrevocable Trust v. Mathers*, 2011 WL 9369856 (E.D. Tenn. 2011) (holding the two-dismissal rule was inapplicable because the first dismissal was done through a tacit agreement of the parties); *Ater ex rel. Ater v. Follrod*, 238 F. Supp. 2d 928, 953 (S.D. Ohio 2002) ("Even though the Court has found no basis for believing that the parties reached an "agreement" or that there was an "implied understanding" concerning whether dismissal ... would trigger application of the [two] dismissal rule, the fact remains that Plaintiffs' counsel did confer with Defendants' counsel prior to dismissing the claim.... [T]he dismissals were not completely unilateral, and there is no evidence in the record that Plaintiffs acted with the intent of harassing Defendants," and therefore the two-dismissal rule did not apply); *Rogers v. DaimlerChrysler Corp.*, No. 3:07 CV 395, 2007 WL 2746914, at \*5 (N.D. Ohio Sept. 19, 2007) ("In this instance, the dismissals… were both with consent from the Defendant rendering the two dismissal rule inapplicable to this litigation."); *Island Stevedoring, Inc. v. Barge CCBI*, 129 F.R.D. 430, 432 (D.P.R. 1990) (although the parties did not file a formal stipulation, the record indicated that the first dismissal resulted from

9

"negotiations and a consent agreement among the parties," so the "two-dismissal" rule did not apply).

One published case in the Southern District of Florida has explicitly so held, wherein the court stated: "***It is clear that the two dismissal rule does not apply where the defendant consents to one or more of the voluntary dismissals***." *W. Grp. Nurseries, Inc. v. Ergas*, 211 F. Supp. 2d 1362, 1371 (S.D. Fla. 2002) (citing *Poloron*, among other cases) (emphasis added). In the *Ergas* case, the defendant failed to raise the two-dismissal argument for 10 years, which the court considered to be a demonstration of the defendant's "tacit consent" to the prior dismissals. *Id.* Unlike the defendant in *Ergas*, the Defendants' agreement to the first dismissal anything but tacit, as discussed above and shown in the e-mail exchanges between counsel. The Defendants' first motion to dismiss did not even mention the two-dismissal rule, demonstrating their acquiescence. *See Defendants' Motion to Dismiss For Fraud on the Federal Court and Violation of Civil Rules of Procedure*, ECF No. 11. It was not until their reply in support of their motion to dismiss that they even mentioned the two-dismissal rule. *See* ECF No. 17, at 5 ("The fact that Plaintiff voluntarily dismissed two times in federal court equates an adjudication on the merits of the claim, barring this improper third attempt at litigation.")

Where courts did find that the two-dismissal rule applied, some only did so after explicitly recognizing that both dismissals were unilateral, or where there was no evidence that one or both prior dismissals were done with the agreement of defendant's counsel, indicating that they would have ruled differently had the facts been similar to the instant case. *See, e.g., Harris v. Hill*, No. CV619-097, 2021 WL 3729992, at *5 (S.D. Ga. July 30, 2021), *report and recommendation adopted*, No. CV619-097, 2021 WL 3729973 (S.D. Ga. Aug. 23, 2021) ("It is uncontested that Harris voluntarily dismissed his two prior lawsuits against Hill, and that both of those dismissals were unilateral and voluntary."); *Solid 21, Inc. v. Ulysse Nardin, USA Inc.*, No. 19-CV-80474, 2019 WL 7933684, at *4 (S.D. Fla. Dec. 12, 2019) (recognizing that although the plaintiff had made an agreement with one defendant, the other defendant "was not a party to this agreement and there is no affirmative indication from [the other defendant] that they knew of the tolling agreement."); *Cabot Golf CL-PP 1, LLC v. Cabot Golf CL-PP Acquisition, LLC*, No. 5:12CV39, 2013 WL 3927861, at *7 (E.D. Tex. July 25, 2013) ("there is no evidence there was ever any

10

agreement with Defendants" to either of the prior dismissals), *aff'd sub nom. Cabot Golf CL-PP 1, LLC v. Nixon Peabody, LLP*, 575 F. App'x 216 (5th Cir. 2014); *Lake at Las Vegas Invs. Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 727 (9th Cir. 1991) (recognizing that the holding of *Poloron* "when followed, has been limited to its facts and does not preclude application of the bar where the voluntary dismissal is unilateral."); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Randall*, 110 F.R.D. 499, 500 (E.D. Cal. 1986) ("Neither of the [plaintiff]'s voluntary dismissals were by stipulation. The court has found no case mitigating the effect of Rule 41(a)(1) in a case where there have been two successive unilateral voluntary dismissals.")

Although not directly on point, the *ASX* case demonstrates that the Eleventh Circuit would likely align itself with the Second and the Ninth Circuits (and likely the Seventh Circuit as well, as discussed more fully below) and find that the two-dismissal rule is not implicated where one or both prior dismissals was done with the agreement of the defendant. *See* 183 F.3d 1265, 1268 (11th Cir. 1999). In *ASX*, the plaintiff brought a third action in federal court against the same defendants involving the same claims, after having already previously dismissed one state court and one federal court action, both by plaintiff's own motion. *Id.*, at 1266. The district court dismissed the third action per the two-dismissal rule, and the plaintiff appealed, arguing that the dismissal of the state court case was by motion and order of the court, and therefore did not qualify as a first dismissal under the two-dismissal rule. *Id.*, at 1267. The Eleventh Circuit agreed with the plaintiff, and held that the dismissal had actually been done by the court (albeit on the plaintiff's motion), and therefore did not implicate the two-dismissal rule. *Id.*, at 1268. The Eleventh Circuit went on to state:

> Although not pivotal to our analysis, our conclusion is further supported by consideration of the purpose of the Rule 41(a)(1) two dismissal rule. "[T]he primary purpose of the 'two dismissal' rule is to prevent an unreasonable use of the plaintiff's unilateral right to dismiss an action prior to the filing of the defendant's responsive pleading." *Poloron Products, Inc.*, 534 F.2d at 1017 (citations omitted); *see also American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963) ("The reason for this arbitrary limitation [set out in the two-dismissal rule] ... is to prevent unreasonable abuse and harassment."). A dismissal obtained by motion and order of the court under Rule 41(a)(2) or similar state rule is ***not unilateral and does not pose the same danger of abuse or harassment as does a Rule 41(a)(1) dismissal by plaintiff's notice***.

11

*Id.* (emphasis added). In favorably citing the Second Circuit's decision in *Poloron*, and stating that a dismissal which is "not unilateral […] does not pose the same danger of abuse or harassment," it is clear that, were the Eleventh Circuit confronted with the circumstances of this case, they would join with the Second and Ninth Circuits in holding that a prior dismissal which had been agreed to by the defendant does not count as a dismissal for purposes of the two-dismissal rule. *See id.*

None of the cases cited in the Defendants' Motion involve facts that are similar or even analogous to the present case, and in fact they actually support denial of the Defendants' Motion. For example, the Defendants cite to the case of *Sutton Place Development Co. v. Abacus Mortg. Inv. Co.*, 826 F.2d 637, 8 Fed. R. Serv. 3d 887 (7th Cir. 1987). *See* ECF No. 194, at 8. *Sutton Place* is not factually analogous to the present matter because the second dismissal was made by motion, and the defendant argued that the two-dismissal rule (itself an exception to the typical rule that a plaintiff's voluntary dismissal is without prejudice) should apply. *Sutton Place*, 826 F.2d at 640. The Seventh Circuit rejected the defendant's argument and declined to apply the rule, stating that a court "should be especially careful not to extend the scope of such a narrow exception ***when the purpose for the exception would not be served***." *Sutton Place*, 826 F.2d at 640 (citing *Poloron*) (emphasis added). The Seventh Circuit went on to state that the two-dismissal rule's purpose would not be served by its application in that instance because

> [t]he record makes it quite clear that dismissal of the [second suit] was sought only after the matter had been discussed fully before the bankruptcy judge and opposing counsel. It was clear to all that [plaintiff] was seeking dismissal of the [second suit]—not to harass [defendant] but to consolidate its… litigation.

*Sutton Place*, 826 F.2d at 640–41. Thus it is clear that the Seventh Circuit would likely agree with the Second and Ninth Circuits and hold that the two-dismissal rule does not apply where one or both dismissals was by agreement, i.e., where the purpose of the rule would not be served by its application.

Defendants' Motion also cites to the case of *Sealey v. Branch Banking & Tr. Co.*, 693 F. App'x 830, 831 (11th Cir. 2017), *See* ECF No. 194, at 14, 16. The facts of the *Sealey* case are straightforward: the plaintiff homeowner, proceeding *pro se*, had twice dismissed the same lawsuit against the bank, seeking to stop the foreclosure of his home, first against the bank and four of the

bank's employees. *Id.*, at 832. The plaintiff voluntarily dismissed the first action as to the individual employees, and the court ordered the dismissal of the remaining claims against the bank. *Id.*, at 833. The plaintiff then filed a second lawsuit, against just the bank's employees, which the plaintiff also voluntarily dismissed. *Id.* Then the plaintiff brought a third suit, this time against just the bank. All three suits involved basically identical claims. *Id.* On a motion to dismiss by the bank, the district court found that the third suit was barred by the doctrine of claim preclusion, because the two prior dismissals operated as an adjudication on the merits where the bank and the bank's employees were in privity, and thus involved the same parties. *Id.*, at 834. On appeal, the Eleventh Circuit affirmed the district court's ruling, stating it was "consistent with the goal of preventing unreasonable abuse of the plaintiff's ***unilateral*** right to dismiss an action." *Id.* (emphasis added) (citing *ASX Inv. Corp. v. Newton*, 183 F.3d 1265, 1268 (11th Cir. 1999)). The *Sealey* case presents an entirely different fact pattern from the one presented in this case: in *Sealey*, a disgruntled homeowner proceeding *pro se* filed one lawsuit after another, with no discussion of whether the prior dismissals had been with the agreement of the defendants, though that seems unlikely, particularly where the Eleventh Circuit again repeated that the purpose of the rule relates to a plaintiff's "***unilateral***" actions. *See id.* (emphasis added). GREAT LAKES concedes that the two prior dismissals were in competent courts, the parties were the same, and the claims were the same. But GREAT LAKES strenuously disputes that the two prior dismissals operated as an adjudication on the merits because the two-dismissal rule should not apply in this case where the first dismissal was not unilateral, was done only after reaching an agreement with Defendants' counsel, and was in fact done at Defendants' counsel's urging.

The only other case on the issue of the two-dismissal rule which the Defendants' Motion cites to is *Solid 21, Inc. v. Ulysse Nardin, USA Inc.*, No. 19-CV-80474, 2019 WL 7933684 (S.D. Fla. Dec. 12, 2019). *See* ECF No. 194, at 5, 14, 15. But the facts of *Solid 21* indicate it is unlikely that Defendants' counsel even read the case, much less understood its import. In *Solid 21*, the plaintiff had filed a patent infringement case against two defendants, Ulysse Nardin, Inc.'s ("UNI") and Ulysse Nardin SA's ("UNSA"). *Id.*, at *1. The plaintiff dismissed the first case unilaterally. *Id.* Sometime later, the plaintiff filed a second identical action against the same Defendants, UNI and UNSA. *Id.* Before it dismissed the second action, the plaintiff "and Defendant UNI—***but not***

13

*Defendant UNSA*—entered into a 'tolling agreement'" pending the outcome of another patent infringement case. (*Id.*, emphasis in original). After that other patent infringement case resolved, the plaintiff filed a third action against the same Defendants, UNI and UNSA. Id., at *2. But only one defendant, UNSA, moved to dismiss based on the plaintiff's two prior dismissals. *Id.*. The court ultimately granted UNSA's motion to dismiss, stating:

> Defendant UNI was in communication with Plaintiff regarding these dismissals and ultimately entered into the above described tolling agreement with Plaintiff. However, Defendant UNSA was not a party to this agreement and there is no affirmative indication from UNSA that they knew of the tolling agreement.

*Id.*, at *4. The court's reasoning in dismissing UNSA indicates that its holding was based, at least in part, on the explicit recognition that UNSA had ***not*** been a party to or even known of the dismissal discussions going on between the plaintiff and the other defendant, UNI. *Id*. The facts of this case make the Defendant totally unlike UNSA, because the Defendants have admitted on the record that they agreed to the dismissal of the first action; furthermore, GREAT LAKES has presented the Court with evidence, in the form of email communications between counsel, showing that Defendants' counsel urged the undersigned to dismiss the first action on the understanding that the Defendants would answer the complaint filed in the Southern District of Florida. If it would have been unjust to hold UNSA to an agreement that it was not a party to, as the *Solid 21* holding suggests, then it would also be unjust to allow the Defendants to invoke the two-dismissal rule where they explicitly agreed to the prior dismissal. *See id*.

Furthermore, the undersigned could not locate a single case where a federal court, at the district or appellate level, strictly applied the two-dismissal rule in the face of evidence that the parties had agreed to one of the prior dismissals, as occurred in this case.

### 2. Granting Defendants' Judgment as a Matter of Law Would Not Serve The Purposes of *Res Judicata*

The purposes of *res judicata* are "to (a) protect the defendant's interest in avoiding the burdens of twice defending a suit; and (b) to avoid unnecessary judicial waste." *Ergas*, 211 F. Supp. 2d at 1371 (citing *Arizona v. California*, 530 U.S. 392, 120 S.Ct. 2304, 2317, 147 L.Ed.2d 374 (holding that in some circumstances it is appropriate for the Court to raise res judicata *sua sponte*). *Solid 21*, 2019 WL 7933684, at *3 ("*Res judicata* is founded on the principle that a full

14

and fair opportunity to litigate protects a party's adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.") (citing *McCulley v. Bank of Am., N.A.*, 605 F. App'x 875, 877 (11th Cir. 2015). The purposes of *res judicata* would not be served in this instance, where it is clear that any burden to the Defendants or waste of judicial resources was solely the result of the Defendants' (or their counsel's) own vexatious litigation tactics and attempts at forum shopping.

### 3. Departing from the Prior Order Is a Waste of Judicial Resources

Although the doctrine of the "law of the case applies only where there has been a final judgment,"[26] (and a denial of a motion to dismiss is not a final judgment),[27] "[n]evertheless, a fundamental precept of common-law adjudication is that an issue once determined by a competent court is conclusive." *Arizona v. California*, 460 U.S. 605, 619, 103 S. Ct. 1382, 1391–92, 75 L. Ed. 2d 318 (1983) (citing cases). "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Id.* (quoting *Montana v. United States*, 440 U.S. 147, 153-54, 99 S.Ct. 970, 973-74, 59 L.Ed.2d 210 (1979).

The undersigned respectfully urges that the Defendants were previously given a full and fair opportunity to be heard on the two-dismissal issue when the Court exercised its discretion and chose to entertain their two-dismissal argument, raised for the first time on reply. *See Herring v. Sec'y, Dep't of Corrections*, 397 F.3d 1338, 1342 (11th Cir.2005) ("As we repeatedly have admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court.") (internal quotation marks, alterations, and citation omitted). The Defendants' reply brief fully articulated the same argument they are making in the instant motion, i.e., that the second

---

[26] *WNE Holdings Corp. v. Rockwell Automation, Inc.*, No. CIV.A. 09-0733-WS-C, 2011 WL 1130514, at *3 (S.D. Ala. Mar. 25, 2011) (citing *Aldana v. Del Monte Fresh Produce N.A.*, Inc., 578 F.3d 1283, 1289 (11th Cir. 2009)).

[27] *Vintilla v. United States*, 931 F.2d 1444, 1447 (11th Cir. 1991) (law of the case doctrine had no application to district court's denial of motion to dismiss, which ruling was not a final judgment, such that court was free to reconsider its ruling at the summary judgment stage).

dismissal was an adjudication on the merits, regardless of the intent or circumstances of the two dismissals. *See Defendants' Reply to Plaintiff's Response in Opposition to Motion to Dismiss* [ECF No. 17], at 1, 3-4, 8. The Court denied their requested relief [ECF No. 20], and to reach an opposite holding on summary judgment now would not promote reliance on judicial actions or conserve resources. *See Arizona* 460 U.S. at 619, 103 S. Ct. at 1391–92.

The Defendants also made this same argument in their Opposition to GREAT LAKES' Motion for Judgment on the Pleadings, wherein they stated:

> The Crabtrees note that their Request for the Court to Revisit GREAT LAKES' abject violation of the 'two dismissal rule,' within their Motion to Transfer, has yet to be adjudicated and remains pending. *See* Defs.' Motion, D.E. 42, 43. The Initial 'two-dismissal' violation motion was filed by the Crabtrees *pro se*.

ECF No. 70, at 4, fn 2. Their brief in support of their Unopposed Motion to Transfer was therefore incorporated by reference. In their brief in support of their so-called "Unopposed Motion to Transfer, the Defendants made the following arguments:

> The Court did not hold Defendant to its technical violation of Fed. R. Civ. P. 41(a)(l)(B) by way of two voluntary dismissals, *see* Doc. 20; however, the Crabtrees request that the Court reconsider its Order in light of the new information contained herein.

ECF No. 43, at 9, fn 4.

> [T]his Honorable Court deemed that Plaintiff/CounterDefendant, GREAT LAKES' violation of the "two dismissal rule" of Fed. R. Civ. P. 41(a)(l)(B) fit within an exception, allowing GREAT LAKES to avoid adjudication on the merits and to continue its declaratory relief campaign against its insured. See Order. (Doc. 20).
> The Crabtrees respectfully maintain that GREAT LAKES violated Fed. R. Civ. P. 41(a)(l)(B), and that GREAT LAKES should be held to its violation of the Federal Rules.

*Id.*, at 16. Thus it is clear that the Defendants have always argued that, per the plain language of the rule, the second dismissal operated as an adjudication on the merits. As such the undersigned respectfully urges the Court to reconsider its finding that the Defendants never previously made the "textual argument" that the two-dismissal rule creates no exception by its plain terms. *See* Transcript of hearing [ECF No. 146-1], at 22:19-23.

In the alternative, the undersigned posits that the Defendants already moved for summary judgment on this issue in their Motion to Dismiss [ECF No. 11], or more specifically, in their Reply in Support [ECF No. 17]. Because the Defendants' Reply in Support of their Motion to Dismiss [ECF No. 17] and GREAT LAKES Sur-Reply [ECF No. 19] referenced matters outside the pleadings, i.e., the history of the prior dismissals, the Defendants' Motion to Dismiss should be considered a motion for summary judgment. *See, e.g., Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1066 (3d Cir. 1987) (a Rule 12(b)(6) motion may be treated as one for summary judgment for Rule 41(a)(1)(i) purposes); *Exxon Corp. v. Maryland Casualty Co.,* 599 F.2d 659, 661 (5th Cir.1979) (same); *Bangor Baptist Church v. Maine, Dep't of Educ. and Cultural Services,* 92 F.R.D. 123, 124 (D.Me.1981) (same).

Lastly, it is obvious that any duplicate or wasteful litigation has been the result of the actions of the Defendants and their counsel in inducing the Plaintiff to dismiss the first declaratory judgment action, moving to dismiss the second, filing their own state court complaint, disputing the state court dismissal, and in repeatedly attempting to get this case dismissed.

## **CONCLUSION**

For the reasons stated above, the undersigned respectfully urges that the Court deny the Defendants' Motion for Summary Judgment, and instead grant GREAT LAKES' Motion for Summary Judgment [ECF No. 118], which has been fully briefed and pending for nearly a year. The two-dismissal rule should be strictly construed as inapplicable to the facts of this case because its purpose would not be served in its application. *See TWC Special Credits,* 238 F.3d 431 (Table), 2000 WL 1277922, at *2 (9th Cir. Oct. 3, 2000); *Sutton Place Development Co. v. Abacus Mortg. Inv. Co.*, 826 F.2d 637, 8 Fed. R. Serv. 3d 887 (7th Cir. 1987); *Poloron Prod., Inc. v. Lybrand Ross Bros. & Montgomery*, 534 F.2d 1012, 1017 (2d Cir. 1976). As the Eleventh Circuit has recognized, "the primary purpose of the 'two dismissal' rule is to prevent an unreasonable use of the plaintiff's unilateral right to dismiss an action prior to the filing of the defendant's responsive pleading." *ASX Inv. Corp. v. Newton*, 183 F.3d 1265, 1268 (11th Cir. 1999) (citing *Poloron*, at 1017). A dismissal that "is not unilateral," like GREAT LAKES' first dismissal, "does not pose the same danger of abuse or harassment as does a Rule 41(a)(1) dismissal by plaintiff's notice." *Id*.

Granting summary judgment to the Defendants would actually work an injustice, in that it would condone their "gamesmanship" [ECF No. 20, at 3] and it could be relied upon by other litigants who would consider similar behavior in the future. More importantly, this issue has already been fully brief by the parties and the Court has already ruled on it. Although the Court is not necessarily held to the standards articulated for revisiting a prior final judgment, the Court should "[n]evertheless" be guided by the "fundamental precept of common-law adjudication… that an issue once determined by a competent court is conclusive." *Arizona* 460 U.S. at 619, 103 S. Ct. at 1391–92. Judge Christensen's Order fully addressed the same argument the Defendants have always made (i.e., that the two-dismissal rule, by its plain language, be applied in this case), and properly rejected it. The Court's prior finding is just as true then as it is now: both of "the prior dismissals [we]re attributable to gamesmanship on the part of the Crabtrees," and "[b]ecause Great Lakes reasonably relied on the representations made by the Crabtrees' counsel in dismissing the first proceeding in this Court, ***it does not count as a dismissal for purposes of the two-strikes rule***." ECF No. 20, at 3, 4 (emphasis added). This prior order was neither clearly erroneous, nor would it work a manifest injustice such that it should be overturned. *Arizona*, 460 U.S. at 619, fn. 8, 103 S. Ct. at 1391.

WHEREFOREWHEREFORE, Plaintiff GREAT LAKES INSURANCE respectfully requests that the Court deny the Defendant BRYAN and BETHEA CRABTREE's Motion for Summary Judgment [ECF No. 195], grant the Plaintiffs' Motion for Summary Judgment [ECF No. 118], and grant or award all such further relief as may be appropriate in the premises.

Dated:          October 18, 2022
                Fort Lauderdale, Florida

                                            Respectfully submitted,

                                            GOLDMAN & HELLMAN
*Attorneys for Plaintiff*
8751 W. Broward Boulevard
Suite 404
Fort Lauderdale, FL 33324
Tel (954) 356-0460
Fax (954) 832-0878


By: /s/ Steven E. Goldman
STEVEN E. GOLDMAN
FLA. BAR. NO. 345210

By: /s/ Jacqueline L. Goldman
JACQUELINE L. GOLDMAN
FLA. BAR. NO. 1005573

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 18, 2022 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send an electronic Notice of Filing to all counsel of record.

David A. Neblett, Esq.
James M. Mahaffey III, Esq.
FL. Bar No.: 105353
2550 South Bayshore Drive Suite 11
Miami, Florida 33133
Telephone: (305) 856-8408
Facsimile: (305) 967-8182
david@perryneblett.com
jmahaffey@perryneblett.com
tlevy@perryneblett.com

          GOLDMAN & HELLMAN
          *Attorneys for Plaintiff*
          8751 W. Broward Boulevard
          Suite 404
          Fort Lauderdale, FL 33324
          Tel (954) 356-0460
          Fax (954) 832-0878


          By: /s/ Steven E. Goldman
          STEVEN E. GOLDMAN
          FLA. BAR. NO. 345210

          By: /s/ Jacqueline L. Goldman
          JACQUELINE L. GOLDMAN
          FLA. BAR. NO. 1005573