11699

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(WEST PALM BEACH)**

**CASE NO.: 9:20-cv-81544-ALTMAN/Reinhart**

GREAT LAKES INSURANCE SE,

      Plaintiff/Counter-Defendant,

v.

BRYAN CRABTREE and BETHEA
CRABTREE,

      Defendants/Counter-Plaintiffs.

_____/

## DEFENDANTS/COUNTER-PLAINTIFFS' REPLY TO PLAINTIFF/COUNTER-DEFENDANT'S RESPONSE IN OPPOSITION TO DEFENDANTS/COUNTER-PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT UPON PLAINTIFF/COUNTER-DEFENDANT'S VIOLATION OF RULE 41(a)(1)

      Defendants/Counter-Plaintiffs, BRYAN CRABTREE and BETHEA CRABTREE ("the Crabtrees"), by and through the undersigned counsel and pursuant to the Federal Rules and this Court's Order of September 20, 2022, hereby file this Reply to Plaintiff/Counter-Defendant's Response in Opposition to Defendants/Counter-Plaintiffs' Motion for Summary Judgment, upon Plaintiff/Counter-Defendant's Violation of Rule 41(a)(1), and state the following in support thereof:

### INTRODUCTION

      The Crabtrees maintain that GREAT LAKES has clearly violated Federal Rule of Civil Procedure 41(a)(1) regarding two dismissals, the Two-Dismissal Rule, requiring summary judgment in the Crabtrees' favor. GREAT LAKES' Response attempts to skew the relevant facts in this matter as the plain facts of the matter confirm that Summary Judgment is warranted. The Response cannot change the result that the Court will reach after a Summary Judgment analysis – the actual material facts are and remain undisputed. It is undisputed that GREAT LAKES

voluntarily dismissed two identical United States District Court cases, one in Montana and the second in the Southern District of Florida. The Two-Dismissal Rule applies as a question of law. Shaver v. Barrett Daffin Frappier Turner & Engel, L.L.P., 593 Fed. Appx. 265, 275 (5th Cir. 2014) (citation omitted). Summary Judgment is warranted in this action.

The Crabtrees continue to dispute that an agreement was reached regarding the first voluntary dismissal. *Arguendo*, even if there was an agreement on the first, voluntary dismissal, case law discussed *infra* confirms that the Two-Dismissal Rule still applies. The second voluntary dismissal was unnecessary; the case could have continued in this venue and with the Honorable Jose E. Martinez. Since the Two-Dismissal Rule is an adjudication on the merits, *res judicata* applies to the instant action, and Summary Judgment is warranted.

## MEMORANDUM OF LAW

### I.   The Policy Behind the Two-Dismissal Rule

The Eleventh Circuit states, "[T]he primary purpose of the 'two dismissal' rule is to prevent an unreasonable use of the plaintiff's unilateral right to dismiss an action prior to the filing of the defendant's responsive pleading." Cunningham v. Whitener, 182 Fed. Appx. 966, 969–970 (11th Cir.2006); see Sealey v. Branch Banking & Tr. Co., 693 Fed. Appx. 830, 834 (11th Cir. 2017) (citing ASX Inv. Corp. v. Newton, 183 F.3d 1265, 1268 (11th Cir. 1999)).

The plain language of Rule 41(a)(1)(B) is clear and must be applied as written. Cabot Golf CL-PP 1, LLC v. Nixon Peabody, LLP, 575 Fed. Appx. 216, 218 (5th Cir. 2014). Application of the two dismissal Rule is not discretionary, and it must be strictly construed. Orman v. Citimortgage, 15-3432, 2016 WL 1592948, at *4 (E.D. Pa. Apr. 21, 2016); see generally Surowitz v. Hilton Hotels Corp., 383 U.S. 363, 373 (1966); Ferretti v. Beach Club Maui, Inc., CV 18-00012 JMS-RLP, 2018 WL 3078742, at *5 (D. Haw. June 21, 2018).

Here, GREAT LAKES' multiple dismissals fit within the letter and policy of the Two-Dismissal Rule. The forum shopping on the part of GREAT LAKES is showcased with its second dismissal, where GREAT LAKES voluntary dismissed prior to the filing of a responsive pleading as the third iteration of this case was filed in the United States District Court of Montana, a venue where the Crabtrees did not reside, a venue which GREAT LAKES already admitted was an improper venue, and where the Crabtrees did not have counsel. In fact, in a prior iteration of this identical proceeding before the District Court for the Southern District of Florida (Case no.: 1:19-cv-23692-JEM), Plaintiff's Complaint (Doc. 1, entered 9/05/19, at ¶ 2) alleged that "Venue lies within the Southern District of Florida as this cause arises out of policy of maritime insurance delivered to Plaintiff . . . which contains a forum selection clause requiring that suit for a dispute arising under the policy **must be filed in the United States District Court for the Southern District of Florida**." (Compl. ¶ 2, (emphasis added)). The refiling of the case in Montana was done knowingly and after Plaintiff had agreed that it was an improper venue.

Worse, the move to file the case in Montana was a vindictive move to punish the Crabtrees for filing a state court action. GREAT LAKES attempted to take advantage of the favorable laws of Montana as to insurance disputes but in so doing, sank its own case. Any potential harshness resulting from the application of the Two-Dismissal Rule does not factor into the relevant analysis as Rule 41(a)(1)(b) is not discretionary. This Court must grant Summary Judgment.

## II.    The Two-Dismissal Rule Applies

"In construing the 'two-dismissal' rule, [the Court] must 'look to the plain language of the rule and read it as a whole, being mindful of the linguistic choices made by the drafters.'" Solid 21, Inc. v. Ulysse Nardin, USA Inc., 19-CV-80474, 2019 WL 7933684, at *4 (S.D. Fla. Dec. 12, 2019) (Middlebrooks, J.) (citing ASX, 183 F.3d at 1267). As further explained in Sutton Palace

3

Development Co.:

> [I]t must be remembered that the federal rules are carefully-crafted instruments designed to achieve, by their uniform application, fairness and expedition in the conduct of federal litigation. Therefore, when a party contends that a court should disregard the express language of a carefully-drawn rule of procedure, that party bears a heavy burden of showing that a departure from the plain language is justified. That burden is especially heavy in the case of the "two dismissal" rule because, by disregarding the plain wording of the rule, the court also disregards the over-arching policy concern of the Federal Rules in favor of a decision on the merits.

Sutton Place Dev. Co. v. Abacus Mortg. Inv. Co., 826 F.2d 637, 640 (7th Cir. 1987). This was also adopted by the Fifth Circuit. Cabot Golf CL-PP 1, LLC v. Nixon Peabody, LLP, 575 Fed. Appx. 216, 219 (5th Cir. 2014).

The Response frequently cites a case that is not binding precedent, but only persuasive precedent, of the Ninth Circuit, although that court held that the Two-Dismissal Rule "does not require an inquiry into the circumstance of the two dismissals." Lake at Las Vegas Investors Group v. Pacific Malibu Dev. Corp., 933 F.2d 724, 727 (9th Cir. 1991). "[W]hile [Rule 41] delineates the bases upon which the defendant may seek an involuntary dismissal, it does not consider the plaintiff's reasons for seeking a voluntary dismissal" and goes on to state that "voluntary" means that the dismissal is filed "without being compelled by another party or the court." Id. at 726.

Other cases within the Ninth Circuit confirm the holding of Lake at Las Vegas Investors, that the circumstances surrounding the voluntary dismissals at issue are irrelevant. Whether or not Plaintiffs or counsel were aware that their decision to dismiss this action invoked the Two-Dismissal Rule is immaterial. Cabot Golf CL-PP 1, LLC v. Cabot Golf CL-PP Acquisition, LLC, CV 12-3740-GHK (SHX), 2013 WL 12404198, at *3 (C.D. Cal. Dec. 17, 2013). The Two-Dismissal Rule "does not provide the Court with any discretion to avoid the impact of the two-dismissal rule based on the Plaintiff's understanding or motivation in dismissing the second action."

Other cases in the Ninth Circuit provide specific examples of when the Two-Dismissal Rule is relevant. Regardless of outside factors, the two-dismissal rule is implicated simply because the notice states that the claim was **voluntarily** dismissed. See Melamed v. Blue Cross of California, 557 Fed. Appx. 659, 662 (9th Cir. 2014) (emphasis added). Wells Fargo, N.A. is also instructive:

> "The language of two dismissal rule is explicit. The rule does not distinguish between a notice of dismissal and a stipulation of dismissal. See Fed. R. Civ. P. 41(a)(1)(A)(i)–(ii). Plaintiff's argument that the dismissal of the First Action by stipulation makes the rule inapplicable to the instant action directly contradicts the language of the two dismissal rule. Further, Plaintiff does not provide binding authority to persuade the Court that a consensual voluntary dismissal does not count for purposes of the two dismissal rule.

Wells Fargo Bank, N.A. v. Las Vegas Dev. Group LLC, 216CV00223GMNVCF, 2019 WL 11005491, at *3 (D. Nev. Jan. 10, 2019). Rule 41 allows for a voluntarily dismissal by a stipulation signed by all parties, suggesting that even a dismissal to which all parties consent counts as voluntary for purposes of the rule. Blue Spike, LLC v. Vizio, Inc., SACV171172DOCKESX, 2017 WL 5593026, at *6 (C.D. Cal. Nov. 1, 2017).

GREAT LAKES attempts to obfuscate the consequences of its violation of the Two-Dismissal Rule by referencing dialogue between the parties regarding GREAT LAKES' first dismissal. However, GREAT LAKES decision to voluntarily dismiss its second action implicates Rule 41 as it was ultimately GREAT LAKES' decision to dismiss without being compelled by Defendants or the Court to do so. Id. Indeed, GREAT LAKES does not dispute that it made the ultimate decision to dismiss its case. This is GREAT LAKES' responsibility, and GREAT LAKES' responsibility alone.

Assuming *arguendo* that an agreement was reached in the first voluntary dismissal, various courts have held that only the second dismissal needs to be voluntary. Binding precedent from the Eleventh Circuit states that the Two-Dismissal Rule does not state the specific means by which the first dismissal must have been obtained to implicate the rule. ASX, 183 F.3d at 1267. The Seventh

Circuit holds that only the second dismissal must be by voluntary notice. <u>See</u> <u>Sutton Place</u>, 826 F.2d at 640. The Massachusetts District Court held that in order to trigger the Two-Dismissal Rule, the plain language of Rule 41(a)(1) requires the second dismissal to be accomplished by notice, but the first dismissal may be accomplished either by notice or by stipulation. <u>Laverty v. Massad</u>, CV 08-40126-FDS, 2009 WL 10730426, at *5 (D. Mass. July 6, 2009) (citing <u>Wicks v. Putnam Investment Management, LLC</u>, 2005 WL 705360 at *2 (D. Mass. 2005).

Here, GREAT LAKES carries a heavy burden in its attempt to depart from the plain meaning of Rule 41(a)(1)(B). The Federal Rules of Civil Procedure are clear and cannot be ignored. Here, GREAT LAKES filed its second dismissal voluntarily in the Southern District of Florida without any notice, conversation, or agreement with the Crabtrees in apparent retaliation for the Crabtrees filing a state court action. It was a voluntary dismissal, plain and simple.

The <u>Surowitz</u> case is cited by GREAT LAKES in opposition to Summary Judgment, but GREAT LAKES' Response fails to include arguably the most important holding of the case, that the Two-Dismissal Rule must be strictly construed. <u>Surowitz v. Hilton Hotels Corp.</u>, 383 U.S. 363,373 (1966). The strict application required by <u>Surowitz</u> supports Summary Judgment.

GREAT LAKES further erroneously relies on the <u>Poloron</u> matter and cases that cite <u>Poloron</u>; however, <u>Poloron</u> is inapplicable as it concerned a stipulation. The dismissal in that case was conformed to a filed document signed by all parties. <u>Poloron Products, Inc. v. Lybrand Ross Bros. & Montgomery</u>, 534 F.2d 1012, 1017–18 (2d Cir. 1976). The instant matter is dramatically distinguishable as there was such no official stipulation, as was the case in <u>Poloron</u>.

It is universally recognized that <u>Poloron</u> is limited to its specific facts. <u>Cabot Golf CL-PP 1, LLC v. Cabot Golf CL-PP Acquisition, LLC</u>, 5:12CV39, 2013 WL 3927861, at *7 (E.D. Tex. July 25, 2013), aff'd sub nom. <u>Cabot Golf CL-PP 1, LLC v. Nixon Peabody, LLP</u>, 575 Fed. Appx.

216 (5th Cir. 2014); <u>Lake at Las Vegas Investors</u>, 933 F.2d at 727. It has also been held that the Court in <u>Poloron</u> "appears to have bent over backwards to avoid the harsh result of dismissal with prejudice in a case where the first dismissal was by stipulation." <u>Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Randall</u>, 110 F.R.D. 499, 500 (E.D. Cal. 1986). The Crabtrees urge the Court to reject GREAT LAKES' invitation to re-write the governing rule and to ignore binding precedent.

GREAT LAKES also relies on <u>TCW Special Credits v. FISHING VESSEL CHLOE Z</u>, 238 F.3d 431 (9th Cir. 2000), as amended (Oct. 3, 2000). However, it does not have authoritative force and cannot be cited to this Court based on Fed. R. App. P. 36, as unpublished orders subject to this rule have no precedential value and are not citable to this Court if they are "issued before January 1, 2007." <u>Blue Spike, LLC v. Vizio, Inc.</u>, SACV171172DOCKESX, 2017 WL 5593026, at *6 (C.D. Cal. Nov. 1, 2017) (citations omitted). Further, the watershed case in the Ninth Circuit is <u>Lake at Las Vegas Investors</u> which supports the Crabtrees' position.

<u>Ergas</u>, also cited by GREAT LAKES, is completely inapplicable. GREAT LAKES goes to great lengths to try and analogize the case when it is clearly distinguishable. <u>W. Grp. Nurseries, Inc. v. Ergas</u>, 211 F. Supp. 2d 1362, 1371 (S.D. Fla. 2002). As GREAT LAKES notes in its Response, the Crabtrees timely brought the issue of the Two-Dismissal Rule and the Court specifically authorized the instant briefing schedule on these issues, allowing summary judgment on the issue.

The Crabtrees have already refuted, via case law, GREAT LAKES' claim that, "[w]here courts did find that the two-dismissal rule applied, some only did so after explicitly recognizing that both dismissals were unilateral, or where there was no evidence that one or both prior dismissals were done with the agreement of defendant's counsel, indicating that they would have ruled differently had the facts been similar to the instant case." As will become apparent to this Court, GREAT LAKES cites to cases that are not even remotely on point.

GREAT LAKES cites <u>ASX</u>, and although GREAT LAKES concedes it is not directly on point, GREAT LAKES mischaracterizes the relevant law. As noted above, <u>ASX</u> stands for the proposition that a party cannot unreasonably dismiss cases and that Rule 41 does not state the specific means by which the first dismissal must have been obtained to implicate the rule. This aligns with the Crabtrees' argument. That Rule 41 does not state the specific means by which the first dismissal must occur is telling in this instance, as much of GREAT LAKES' failing argument requires a review of the context of the first dismissal. But just as one dismissal is one dismissal, under Rule 41, two dismissals are two dismissals, and Summary Judgment must be granted.

The Crabtrees stand by the cases cited in their Motion for Summary Judgment. <u>Sutton</u> explains the heavy burden that is required when a plaintiff attempts to depart from the plain language of the rule as stated above. <u>Sutton Place</u>, 826 F.2d 637. <u>Sealey</u> properly discusses the purpose of Rule 41 and the applicability of res judicata. <u>Sealey</u>, 693 F. App'x 830. <u>Solid 21</u> also confirms that res judicate is applicable to the current case. <u>Solid 21</u>, 2019 WL 7933684 (S.D. Fla. Dec. 12, 2019).

## III.   <u>Res Judicata</u>

In accordance with binding precedent, when Rule 41(a)(1)(B) applies, the dismissal of the second suit operates as an adjudication on the merits; once there is an adjudication on the merits, it is the doctrine of res judicata which bars subsequent suits on the same cause of action. See <u>Sealey</u>, 693 F. App'x at 834; <u>Ergas</u>, 211 F.Supp.2d at 1368; <u>Solid 21, Inc.</u> 2019 WL 7933684 at *4–5; <u>MSP Recovery Claims, LLC v. Metro. Gen. Ins. Co., 20-24052-CIV, 2022 WL 5180390</u>, at *2 (S.D. Fla. Oct. 5, 2022). Other jurisdictions agree with this result. See <u>Manning v. South Carolina Dept. of Highway & Public Transp.</u>, 914 F.2d 44, 47 (4th Cir. 1990); <u>Lake at Las Vegas Investors</u>, 933

F.2d at 728; see Kennington v. Wells Fargo Nat'l Ass'n, 4:19-CV-00043, 2020 WL 1673017, at *2 (S.D. Tex. Apr. 3, 2020).

Application of the Two-Dismissal Rule is simple and applies in the instant case. GREAT LAKES voluntarily dismissed its first case. GREAT LAKES then voluntarily dismissed its second case. The two identical actions and the voluntary dismissals of the same amount to a dismissal on the merits. Therefore, the instant action, GREAT LAKES' third action, is barred by *res judicata*.

**IV.     The Court-Ordered Summary Judgment Motion Practice Is Not a Waste of Judicial Resources**

Being fully advised of the record, the Court deemed it necessary to execute an Order allowing for the filing of a Motion for Summary Judgment. GREAT LAKES' Response does not appropriately honor this Court's decision to allow for a Summary Judgment briefing schedule regarding the Two-Dismissal Rule. The Crabtrees submit that this verbiage in the Response showcases that GREAT LAKES is displeased that this Court has recognized that GREAT LAKES, through its own actions, voluntarily placed itself in a procedural posture where it will receive an adverse ruling on Summary Judgment.

**V.     Conclusion**

In light of the foregoing this Honorable Court must grant the Crabtrees' Motion for Summary Judgement. The purpose of the Two-Dismissal Rule is served here, where GREAT LAKES filed the Montana actions simply to cause an undue burden to the Crabtrees, evidencing unreasonable behavior. The Rule is not discretionary and must be applied. GREAT LAKES carries a heavy burden for arguing against following this Federal Rule of Civil Procedure that has been carefully crafted by the courts, which it does not meet here.

The circumstances surrounding the voluntary dismissal are irrelevant so any supposed conversations that the Crabtrees and GREAT LAKES had prior to the first dismissal do not impact

the applicability of the rule. The dismissals stated that they were voluntary and that is sufficient. A stipulation for dismissal was not filed as GREAT LAKES filed a **notice** of voluntary dismissal. The second dismissal must be and was voluntary, even if it is determined that the first was by agreement, consent, or even stipulation. GREAT LAKES cites law that is not on point, not viable authority, or misstates what the cases stand for. Rule 41 is applicable here and the application of Rule 41 requires a grant of Summary Judgment.

   **WHEREFORE**, Defendants/Counter-Plaintiffs, BRYAN CRABTREE and BETHEA CRABTREE, request that this Honorable Court **GRANT** their Motion for Summary Judgment based upon Plaintiff/Counter-Defendants' Violation of Rule 41(a)(1); or alternatively, conduct an Evidentiary Hearing; and for any other relief this Court deems just and proper.

<u>**CERTIFICATE OF SERVICE**</u>

   WE HEREBY CERTIFY that on the 25th day of October 2022, the foregoing is being served on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

        **PERRY & NEBLETT, P.A.**
        2550 South Bayshore Drive Suite 211
        Miami, Florida 33133
        Telephone: (305) 856-8408
        Facsimile: (305) 856-8409
        david@perryneblett.com
        jmahaffey@perryneblett.com
        terry@perryneblett.com
        service@perryneblett.com

       By: /s/ *David Avellar Neblett*
        DAVID AVELLAR NEBLETT, ESQ., B.C.S.
        FL. Bar No.:  526371

## SERVICE LIST

| Goldman & Hellman | Perry & Neblett, P.A. |
|---|---|
| Steven Goldman, Esq. | David Avellar Neblett, Esq. |
| Jacqueline Goldman, Esq. | James M. Mahaffey III, Esq. |
| 8751 West Broward Blvd., Suite 404 | 2550 South Bayshore Drive, Suite 11 |
| Fort Lauderdale, FL  33324 | Miami, FL 33133 |
| Steven@GoldmanAndHellman.com | david@perrynebeltt.com |
| Jacquie@goldmanandhellman.com | jmahaffey@perryneblett.com |
| Telephone: (954) 356-0460 | terry@perryneblett.com |
| Facsimile: (954) 832-0878 | service@perryneblett.com - *For Filing Only* |
| *Attorneys for Plaintiff/Counter-Defendant* | Telephone: (305) 856-8408 |
| | Facsimile: (305) 967-8182 |
| | *Attorneys for Defendants/Counter-Plaintiffs* |
| | *Bryan Crabtree and Bethea Crabtree* |

By:  /s/ *David Avellar Neblett*

DAVID AVELLAR NEBLETT, ESQ., B.C.S.
FL. Bar No.:  526371
JAMES M. MAHAFFEY III, ESQ.
FL. Bar No.:  105353