# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 20-cv-81544-ALTMAN/Reinhart

**GREAT LAKES INSURANCE SE**,

    *Plaintiff*,

v.

**BRYAN CRABTREE**, *et al.*,

    *Defendants.*

_____/

## ORDER

When Bryan and Bethea Crabtree's vessel was damaged in a fire, they turned to Great Lakes (their insurer) for the proceeds of the boat's insurance policy. Rather than cover the loss, though, Great Lakes sued the Crabtrees in admiralty—seeking declaratory relief and arguing that it had no duty to pay. But Great Lakes didn't just sue the Crabtrees once: This lawsuit is now in its *third* iteration. And, since the inception of our case, the Crabtrees have maintained that, by bringing this third suit, Great Lakes violated Federal Rule of Civil Procedure 41(a)(1)(B)'s two-dismissal rule.

The parties have now filed their cross-motions for summary judgment, which we now resolve.[1] Great Lakes filed its Motion for Summary Judgment (the "Plaintiff's MSJ") [ECF No. 118] on November 10, 2021. In response—and for reasons we don't quite understand—the Crabtrees filed a Motion for Judgment on Partial Findings (the "Defs.' MJPF") [ECF No. 146] under Federal Rule of Civil Procedure 52(c). In that MJPF, the Crabtrees reasserted their claim that Great Lakes had run

---

[1] "Cross-motions for summary judgment will not, in themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed." *United States v. Oakley*, 744 F.2d 1553, 1555 (11th Cir. 1984) (cleaned up). In adjudicating cross-motions, we consider each motion separately and, of course, resolve all reasonable inferences against the movant. *See Am. Bankers Ins. Grp. v. United States*, 408 F.3d 1328, 1331 (11th Cir. 2005).

afoul of Rule 41's two-dismissal rule. But, since we were not yet in trial, the Defendants' MJPF was plainly premature.[2]

Still, because we thought the two-dismissal rule *might* dispose of this whole case, we gave the parties the opportunity to brief the issue *properly* under Federal Rule of Civil Procedure 56(f). *See* Order Requiring Rule 41 Briefing (the "Order") [ECF No. 193]. Pursuant to our Order, the Crabtrees have now filed their Motion for Summary Judgment ("Crabtrees' MSJ") [ECF No. 194], which is fully briefed.[3] After careful review, we hold that the two-dismissal rule "means precisely what it says," *Pilot Freight Carriers, Inc. v. Int'l Bhd. of Teamsters, et al.*, 506 F.2d 914, 916 (5th Cir. 1975), and **GRANT** the Crabtrees' MSJ.

## THE FACTS

Our Defendants, the Crabtrees, owned the S/V Brandison (the "Vessel"). *See* Statement of Stipulated Facts (the "SOF") [ECF No. 34] ¶ 1. In 2019, they applied to the Plaintiff, Great Lakes, for a marine insurance policy to cover the Vessel. *See* Defs.' Second Am. Answer and Affirmative Defenses,[4] *Great Lakes Ins. SE v. Crabtree et al.*, No. 19-cv-00164-DLC (June 15, 2020), ECF No. 38 at 3 (admitting that the Crabtrees applied for insurance). On April 23, 2019, Great Lakes issued the Vessel a policy that included $250,000.00 in coverage. *See* SOF ¶ 2. The parties disagree about several fundamental questions relating to this policy—including, for instance, whether the policy was just a

---

[2] Rule 52(c) provides that, "[i]f a party has been fully heard on an issue *during a nonjury trial* and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." FED. R. CIV. P. 52(c) (emphasis added). Because we haven't yet begun a trial in this case, Rule 52(c) wasn't the right procedural mechanism for the Crabtrees' request.
[3] *See* Great Lakes's Response to the Crabtrees' MSJ ("Response") [ECF No. 199]; Crabtrees' Reply in Support of their MSJ *("*Reply") [ECF No. 200].
[4] We'll call this the "Answer."

2

temporary policy conditioned on the Crabtrees' compliance with certain requests by Great Lakes for information. *See* Complaint [ECF No. 1] at 3–5;[5] *see also* Answer at 3–6.

In any event, the Vessel was stored "on the hard" at a boat-storage and repair facility in Riviera Beach, Florida. *See* Complaint at 4; *see also* Answer at 3–4 (admitting that the Vessel was "on the hard at Cracker Boy Boat Works, located in Riviera Beach"). On May 7, 2019, a boat sitting next to the Brandison was consumed by a fire that caused significant damage to the Vessel. *See* Complaint at 4; *see also* Answer 3–4 (admitting that the "Defendants sustained sudden and accidental loss to their vessel following fire onboard adjacent M/Y 'SEA ALICE' vessel"). After the fire, the Crabtrees filed a Notice of Loss with Great Lakes and demanded payment of $250,000.00—the Vessel's insured value—under the policy. *See* SOF ¶ 4.

Great Lakes denied coverage, *see* Complaint at 4–6; SOF ¶ 5, and sued the Crabtrees in the District of Montana, *see generally* Complaint, *Great Lakes Ins. SE v. Crabtree et al.*, Case No. 19-cv-00120-DLC (July 19, 2019), ECF No. 1.[6] But Great Lakes voluntarily dismissed the first District of Montana case, *see* Notice of Voluntary Dismissal, *Great Lakes Ins. SE v. Crabtree et al.*, Case No. 19-cv-00120-DLC (Sept. 4, 2019), ECF No. 5,[7] "based on the Crabtrees' attorneys' clear representation that they would accept service in Florida," Order Denying Motion to Dismiss, *Great Lakes Ins. SE v. Crabtree et al.*, No. 19-cv-00164-DLC (Feb. 6, 2020), ECF No. 20 at 4.[8] Great Lakes then sued the Crabtrees here in the Southern District of Florida—only to voluntarily dismiss that second case as well. *See* Notice of Voluntary Dismissal, *Great Lakes Ins. SE v. Crabtree et al.*, Case No. 19-cv-23692-JEM (Oct. 8, 2019),

---

[5] Because of an error in the Complaint's paragraph numbering, *see* Complaint at 4–5 (containing two sets of paragraphs 12 & 13), we cite to page, rather than paragraph, numbers.
[6] This *first* District of Montana case was assigned to Judge Dana L. Christensen. As we'll see, the *second* Montana action was, before it was transferred to us, *also* assigned to Judge Christensen.
[7] We'll call this the "First Voluntary Dismissal." It can be found on our docket at ECF No. 146-2.
[8] Going forward, we'll call this "Judge Christensen's Order."

ECF No. 11.[9] In a confounding turn of events, Great Lakes then sued the Crabtrees *again* in the District of Montana.[10] *See generally* Complaint, *Great Lakes Ins. SE v. Crabtree et al.*, No. 19-cv-00164-DLC (Oct. 8, 2019), ECF No. 1; *see also* Judge Christensen's Order at 3–4 (noting that this case was filed after two prior voluntary dismissals).

While all of this was going on, the Crabtrees filed their own lawsuit against Great Lakes—and others—in Florida state court. *See generally* Complaint, *Crabtree v. Great Lakes Ins. SE et al.*, No. 2019-028464-CA-01 (Sept. 26, 2019), ECF No. 2. The Crabtrees, acting *pro se*, then filed a motion to dismiss the second District of Montana case, arguing that they were not properly served and that the court thus lacked personal jurisdiction over them. *See* Defs.' Motion to Dismiss, *Great Lakes Ins. SE v. Crabtree et al.*, No. 19-cv-00164-DLC (Dec. 13, 2019), ECF No. 11 at 1 ("Defendants were not served this lawsuit as <u>fraudulently indicated</u> in the proof of service filed in this court[.]"); *see also ibid.* ("[T]he lawsuit must be dismissed due to the court's lack of jurisdiction.").

It was at this point that the Crabtrees first raised the two-dismissal rule—in their Reply to the Motion to Dismiss. *See* Defs.' Reply in Support of the Motion to Dismiss, *Great Lakes Ins. SE v. Crabtree et al.*, No. 19-cv-00164-DLC (Feb. 3, 2020), ECF No. 17 at 1 ("Plaintiff has violated the two-dismissal rule as unambiguously stated in Federal Rule of Civil Procedure 41(a)(1)."). Choosing to address this forfeited argument, Judge Christensen allowed Great Lakes to file a sur-reply. *See* Order Allowing Sur-Reply, *Great Lakes Ins. SE v. Crabtree et al.*, No. 19-cv-00164-DLC (Feb. 4, 2020), ECF No. 18. Once the issue was fully briefed, Judge Christensen denied the Crabtrees' motion "[b]ecause it appear[ed]

---

[9] As you may have guessed, we'll call this the "Second Voluntary Dismissal." It can be found on our docket at ECF No. 146-3.

[10] This *second* District of Montana case (No. 19-cv-00164-DLC) is really the same case that's before us now. So, while the case number changed when it was transferred to us, everything that was on the docket in Case No. 19-cv-00164-DLC is on our docket in Case No. 20-cv-81544-RKA—bearing the same ECF numbers. For clarity's sake, though, we'll cite the two cases separately as a way of distinguishing the litigation before Judge Christensen from ours.

that the prior dismissals [were] attributable to gamesmanship on the part of the Crabtrees." Judge Christensen's Order at 3. Undeterred, the Crabtrees continued to assert this (alleged) two-dismissal violation as an affirmative defense. *See* Answer at 7 ("As their **Second Affirmative Defense**, Defendants state that this Honorable District Court is devoid of subject matter jurisdiction due to Plaintiff's double voluntary dismissal, in violation of the 'two dismissals rule' of Federal Rule of Civil Procedure 41(a)(1).").

In any event, still insisting that Montana was an "improper" venue, the Crabtrees—now represented by counsel—moved to transfer the case to Florida. *See* Brief in Support of the Defs.' Unopposed Motion to Transfer, *Great Lakes Ins. SE v. Crabtree et al.*, No. 19-cv-00164-DLC (Sept. 3, 2020), ECF No. 43 ¶ 36.  In support, they reprised their argument that Great Lakes had violated the two-dismissal rule. *See id.* ¶ 59 ("The Crabtrees respectfully maintain that GREAT LAKES violated Fed. R. Civ. P. 41(a)(1)(B), and that GREAT LAKES should be held to its violation of the Federal Rules."). Because the Vessel was stored and damaged in South Florida—and given that the parties were already litigating their issues in Florida state court—Judge Christensen transferred the case to us. *See* Order Granting Motion to Transfer, *Great Lakes Ins. SE v. Crabtree et al.*, No. 19-cv-00164-DLC (Sept. 8, 2020), ECF No. 44; *see also* Notice of Case Transfer [ECF No. 45].

Once here, Great Lakes filed a Motion for Judgment on the Pleadings ("Plaintiff's MJOP") [ECF No. 64]. In response, the Crabtrees *again* advanced their two-dismissal contentions. *See* Response to the Plaintiff's MJOP [ECF No. 70] ¶ 20 n.2 ("The Crabtrees note that their Request for the Court to Revisit GREAT LAKES' abject violation of the 'two dismissals rule,' within their Motion to Transfer, has yet to be adjudicated and remains pending."). On February 1, 2022, we held a hearing on the Plaintiff's MJOP. *See* Paperless Minute Entry [ECF No. 137]. Addressing the Defendants' Second Affirmative Defense, we observed that Great Lakes's position "conflict[s] with the plain

5

reading of the words in Rule 41 itself[.]"[11] Feb. 1, 2022, MJOP Hr'g Tr. [ECF No. 146-1] at 22:12–13. On Great Lakes's request that we ignore the text of Rule 41 in cases where the parties agreed to one of the dismissals, we noted that "the rule seems to create no such exception for cases in which the two sides agree to the first dismissal, despite what the Ninth and Second Circuits have said on that subject." *Id.* at 22:19–22. But we left the "issue for another day," *id.* at 23:8, and told the Crabtrees that they could "reraise th[is] argument at summary judgment," *id.* at 22:24–25. If, at that time, we were "persuaded that the argument is correct," that determination (we said) would "entitle [the Crabtrees] to judgment as a matter of law[.]" *Id.* at 22:25–23:2.

When it came time for the parties to file their motions for summary judgment, though, we received one from the Plaintiff—but none from the Defendants. *See generally* Docket. Instead, as we've noted, the Crabtrees chose to file a Motion for Judgment on Partial Findings under Rule 52(c)—a motion that's properly filed only *during* trial. *See* FED. R. CIV. P. 52(c) ("If a party has been fully heard on an issue *during a nonjury trial* . . . ." (emphasis added)). We thus denied the Defendants' MJPF as "premature and without prejudice." Order at 3.

At the same time, given the agreed facts, it seemed clear to us that the Defendants' MJPF raised a pure question of law upon which summary judgment *might* be appropriate—*viz.*, the application of the "two-dismissal rule" set out in Rule 41(a)(1)(B). So, even though the parties had already fully briefed the issue,[12] we ordered the Defendants to file a motion for summary judgment

---

[11] We also pointed out that the two-dismissal rule doesn't "implicate[ ] the Court's subject matter jurisdiction." Feb. 1, 2022, MJOP Hr'g Tr. at 19:20–21. "The Eleventh Circuit," we said, "has discussed the two-dismissal rule only as an issue of claim preclusion[.]" *Id.* at 19:18–19.

[12] *See* Defs.' MJPF; Plaintiff's Response to the MJPF [ECF No. 157]; Defs.' Reply in Support of the MJPF [ECF No. 166].

addressing this question—and gave both parties one final opportunity to add any additional arguments that might bear on its resolution. *See* Order at 3.[13]

## THE LAW

Under Federal Rule of Civil Procedure 56(f), "[d]istrict courts unquestionably possess the power to trigger summary judgment on their own initiative." *Massey v. Cong. Life Ins. Co.*, 116 F.3d 1414, 1417 (11th Cir. 1997) (collecting cases). "Under this rule, a court must give the parties notice and an opportunity to be heard before ruling *sua sponte* on a claim." *Francis v. MSC Cruises, S.A.*, 835 F. App'x 512, 518 (11th Cir. 2020) (citing FED. R. CIV. P. 56(f)). The Eleventh Circuit distinguishes "between *sua sponte* grants of summary judgment in cases that involve purely legal questions based on complete evidentiary records, and cases that involve factual disputes where the non-moving party has not had an adequate opportunity to develop the record." *Artistic Ent., Inc. v. City of Warner Robins*, 331 F.3d 1196, 1201 (11th Cir. 2003). "In the first situation, when 'a legal issue has been fully developed[] and the evidentiary record is complete, summary judgment is entirely appropriate *even if no formal notice has been provided*.'" *Lance Toland v. Phoenix Ins. Co.*, 855 F. App'x 474, 481 (11th Cir. 2021) (quoting *Artistic*, 331 F.3d at 1201–02).

## ANALYSIS

Federal Rule of Civil Procedure 41(a)(1) "permits a plaintiff to dismiss an action without prejudice only when he files a notice of dismissal before the defendant files an answer or motion for summary judgment and only if the plaintiff has never previously dismissed an action 'based on or including the same claim.'" *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 394 (1990). "If the plaintiff

---

[13] When we entered our Order, this issue had already been fully briefed *twice*. *See* Response at 1 ("For what is now the third time, the parties are briefing the issue of the effect of Great Lakes' two prior dismissals."); *see also* Defs.' Reply in Support of the Motion to Dismiss, *Great Lakes Ins. SE v. Crabtree et al.*, No. 19-cv-00164-DLC (Feb. 3, 2020), ECF No. 17; Sur-Reply to the Motion to Dismiss, *Great Lakes Ins. SE v. Crabtree et al.*, No. 19-cv-00164-DLC (Feb. 5, 2020), ECF No. 19; Defs.' MJPF; Plaintiff's Response to the MJPF; Defs.' Reply in Support of the MJPF.

invokes Rule 41(a)(1) a second time for an 'action based on or including the same claim,' the action must be dismissed with prejudice." *Ibid.* This is what's known as "the two dismissal rule." *ASX Inv. Corp. v. Newton*, 183 F.3d 1265, 1266 (11th Cir. 1999); *see also Sealey v. Branch Banking & Tr. Co.*, 693 F. App'x 830, 834 (11th Cir. 2017) ("[U]nder the so-called two-dismissal rule, 'if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.'" (quoting FED. R. CIV. P. 41(a)(1)(B))).

The Crabtrees ask us to apply this Rule here. Great Lakes unsurprisingly asks us not to. Still, it "concedes that the two prior dismissals were in competent courts, the parties were the same, and the claims were the same." Response at 13. So, the only issue before us—one of first impression in our Circuit—is whether the two-dismissal rule applies when (as here) one of the plaintiff's dismissals wasn't unilateral (*i.e.*, where the plaintiff and the defendant informally agreed to one of the two dismissals). Applying the plain meaning of the words in Rule 41, we hold that it does.

## I.   Rule 41

"We give the Federal Rules of Civil Procedure their plain meaning." *Sargeant v. Hall*, 951 F.3d 1280, 1283 (11th Cir. 2020) (quoting *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 540 (1991)); *see also* A. SCALIA & B. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 56 (2012) ("The words of a governing text are of paramount concern, and what they convey, in their context, is what the text means."). We start, then, by examining the text of Rule 41, which (in pertinent part) says: "Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." FED. R. CIV. P. 41(a)(1)(B). The plain meaning of these words is unmistakable: Two dismissals of *any* identical action triggers the two-dismissal rule. *See United States v. Gonzales*, 520 U.S. 1, 5 (1997) ("Read naturally, the word 'any' has an expansive meaning, that is, 'one or some indiscriminately of whatever kind.'" (quoting WEBSTER'S

8

THIRD NEW INTERNATIONAL DICTIONARY 97 (1976))); *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1186 (11th Cir. 1997) ("[T]he adjective 'any' is not ambiguous; it has a well-established meaning. . . . Here, as in *Gonzales*, 'Congress did not add any language limiting the breadth of that word,' so 'any' means all." (quoting *Gonzales*, 520 U.S. at 5)).

Looking to the text's plain language, then, we ask *only* two questions: (1) Did the *plaintiff* dismiss two prior cases? (2) If so, are all *three* cases—this case plus the two dismissed cases—based on or including the same claim? The Rule plainly "does not require an inquiry into the circumstances of the two dismissals." *Lake at Las Vegas Invs. Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 727 (9th Cir. 1991). And our case unambiguously meets both elements: (1) Great Lakes voluntarily dismissed two identical actions (one in the District of Montana and one in this District) (2) before it refiled this *identical* case in Montana.[14]

As Great Lakes points out, though, two federal circuit courts have held that the two-dismissal rule doesn't apply where (as here) the defendant *agreed* to one of the two dismissals. *See Poloron Prod., Inc. v. Lybrand Ross Bros. & Montgomery*, 534 F.2d 1012, 1018–19 (2d Cir. 1976) ("[W]e hold that the filing of a notice of dismissal preceded by a dismissal by stipulation knowingly consented to by all parties does not activate the 'two dismissal' bar against bringing an action based on or including the same claim.");[15] *TCW Special Credits v. Fishing Vessel Chloe Z*, 238 F.3d 431, at *2 (9th Cir. 2000) ("Although the Hawaii dismissal was not formally 'stipulated,' it was not unilateral as all parties tacitly

---

[14] Again, Judge Christensen transferred the Montana case (the third iteration of this dispute) to us. *See* Order Granting Motion to Transfer, *Great Lakes Ins. SE v. Crabtree et al.*, No. 19-cv-00164-DLC (Sept. 8, 2020), ECF No. 44; *see also* Notice of Case Transfer [ECF No. 45].

[15] *Poloron*, in fairness, is somewhat different than our case because the first dismissal there was by *joint* stipulation. In our case, by contrast, the *plaintiff* (alone) filed a Notice of Voluntary Dismissal in Montana—even though, admittedly, it did so only after getting the Crabtrees' agreement.

9

agreed to the dismissal in favor of litigating the action in Guam. Also, there is no evidence that the filings and dismissals were part of a strategy to harass the CHLOE Z.").[16]

But, in the world of the law, two plus nine doesn't *always* equal eleven. *See Arriaga v. Fla. Pac. Farms, LLC*, 305 F.3d 1228, 1240 n.15 (11th Cir. 2002) ("[O]nly the decisions of the Supreme Court and this court are binding on the district courts of this circuit."). And we (sitting here in the Eleventh Circuit) just don't find these cases persuasive. As we've said, the two-dismissal rule applies "if the plaintiff previously dismissed any federal or state-court action based on or including the same claim." FED. R. CIV. P. 41(a)(1)(B). It doesn't say that its provisions are triggered "if the plaintiff *unilaterally* dismissed any action," and it carves out no exceptions for situations in which the defendant *agreed* to one of the prior dismissals (in bad faith or otherwise). By reading this exception into the Rule, the Second and Ninth Circuits have—to our mind—improperly entertained "a-textual reflections that elevate considerations of policy over the plain meaning of the Rule's text." *Torres v. Wal-Mart Stores E., L.P.*, 555 F. Supp. 3d 1276, 1291 (S.D. Fla. 2021) (Altman, J.).

The Eleventh Circuit (it's true) seems to have cited *Poloron* favorably—albeit for an unrelated point and in *dicta*. *See ASX*, 183 F.3d at 1268 (relying on *Poloron* for the proposition that "the primary purpose of the 'two dismissal' rule is to prevent an unreasonable use of the plaintiff's unilateral right to dismiss an action prior to the filing of the defendant's responsive pleading").[17] In that same case, though, the Eleventh Circuit made clear that, "in construing the two dismissal rule, we look to the plain language of the rule and read it as a whole, being mindful of the linguistic choices made by the drafters." *Id.* at 1267. And the fact is that the "purpose of the rule is not an element of its literal

---

[16] *TCW* is an unpublished case. By the Ninth Circuit's own rules, therefore, it is "not precedent" except in discrete circumstances not applicable here. *See* 9th Cir. R. 36-3 (citation of unpublished opinions).
[17] We refer to this portion of *ASX* as *dicta* because the Circuit expressly noted that its citation to *Poloron* was "not pivotal to our analysis[.]" *ASX*, 183 F.3d at 1268.

10

application." *Kerr Corp. v. Westside Res., Inc.*, (W.D. Wis. Sept. 27, 2007), *aff'd*, 273 F. App'x 944 (Fed. Cir. 2008).

"As we see things, our interpretation neither adds anything to nor subtracts anything from the [Rule's] language[.]" *Sargeant*, 951 F.3d at 1284 (cleaned up). Great Lakes, by contrast, asks us to read into the Rule an exception that simply doesn't appear there. But that's not our job—to add things to the Rules in an effort to make them fairer, more efficient, or more just. *See* SCALIA & GARNER at 93 ("Nothing is to be added to what the text states or reasonably implies (*casus omissus pro omisso habendus est.*")); *Pinares v. United Techs. Corp.*, 973 F.3d 1254, 1262 (11th Cir. 2020) ("Where Congress knows how to say something but chooses not to, its silence is controlling." (quoting *Animal Legal Def. Fund v. U.S. Dep't of Agric.*, 789 F.3d 1206, 1217 (11th Cir. 2015))); *Jama v. Immigr. & Customs Enf't*, 543 U.S. 335, 341 (2005) ("We do not lightly assume that Congress has omitted from its adopted text requirements that it nonetheless intends to apply[.]"); *cf. Savage Servs. Corp. v. United States*, 25 F.4th 925, 935 (11th Cir. 2022) (refusing to read into the Oil Pollution Act a waiver of sovereign immunity because "Congress . . . knows how to waive sovereign immunity when it wants to").

Great Lakes also points us to a decision from our Court where the district judge had this to say about the two-dismissal rule: "It is clear that the two dismissal rule does not apply where the defendant consents to one or more of the voluntary dismissals." *W. Grp. Nurseries, Inc. v. Ergas*, 211 F. Supp. 2d 1362, 1371 (S.D. Fla. 2002) (Hoeveler, J.). But "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (cleaned up) (quoting 18 J. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 134.02[1][d] (3d ed. 2011)); *see also Gables Ins. Recovery v. United Healthcare Ins. Co.*, 39 F. Supp. 3d 1377, 1383 n.5 (S.D. Fla. 2013) (Altonaga, J.) (same).

We, in short, decline Great Lakes's invitation to "elaborate unprovided-for exceptions" to Rule 41. SCALIA & GARNER at 93. "The two-dismissal rule is a narrowly tailored and potentially harsh

rule, but the language is clear," and "we must apply it as written." *Cabot Golf CL-PP 1, LLC v. Nixon Peabody, LLP*, 575 F. App'x 216, 218–19 (5th Cir. 2014).[18] "And we needn't speculate further about whether this Rule makes sense because, '[i]f Congress had wanted' us to use a different metric, 'it would have said so.'" *Torres*, 555 F. Supp. 3d at 1291 (quoting *Fla. State Conf. of N.A.A.C.P. v. Browning*, 522 F.3d 1153, 1172 (11th Cir. 2008)).

\* \* \*

In a last-ditch effort to circumvent the clear language of Rule 41, Great Lakes presses three arguments—all unavailing. *First*, the Plaintiff insists that granting summary judgment in favor of the Defendants "would not serve the purposes of *res judicata*[.]" Response at 14. *Second*, it contends that departing from Judge Christensen's ruling on the application of the two-dismissal rule would constitute "a waste of judicial resources." *Id.* at 15. *Third*, it "posits that the Defendants already moved for summary judgment on this issue in their Motion to Dismiss [ECF No. 11], or more specifically, in their Reply in Support [ECF No. 17]." *Id.* at 17. We address—and reject—each argument in turn.

*First*, the "purposes of *res judicata*" cannot supersede the unambiguous text of Rule 41. As we've said, the text of Rule 41 is clear, and "purpose . . . cannot be used to contradict text or to supplement it." SCALIA & GARNER at 57; *see also ibid.* ("Purpose sheds light only on deciding which of various *textually permissible meanings* should be adopted. No text pursues its purpose at all costs."

---

[18] The facts of *Cabot* are instructive here. The plaintiff there "filed three virtually identical lawsuits: one in California state court, one in California federal court, and [one in the Eastern District of Texas]." 575 F. App'x at 217. Plaintiff's counsel (as in our case) "discussed with the defendants' counsel pursuing a single action in a single forum, but he did not obtain a stipulation of dismissal signed by all parties under Rule 41(a)(1)(A)(ii)." *Ibid.* Instead, he "voluntarily dismissed the California state action . . . then filed a notice of dismissal in the California federal action," leaving only the Texas federal action. *Ibid.* Although the parties had discussed dismissing the other cases, the Fifth Circuit considered the notices of dismissal to be "unilateral[.]" *Ibid.* The panel upheld the district court's dismissal of Cabot's claims despite his argument that "it is harsh and does not promote the rule's goal of preventing unreasonable abuse and harassment." *Id.* at 218 (cleaned up). The panel determined that, "[u]nfortunately, although the rule may be harsh under these circumstances, the language is clear, and [it must be] appl[ied] . . . as written." *Ibid.* So too here.

(emphasis in original)). "As with a statute, our inquiry is complete if we find the text of the Rule to be clear and unambiguous." *Bus. Guides*, 498 U.S. at 540–41.

In any event, we don't necessarily agree with Great Lakes that our decision today contravenes the purposes of res judicata. "The purpose behind the doctrine of res judicata is that the 'full and fair opportunity to litigate protects [a party's] adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) (quoting *Montana v. United States*, 440 U.S. 147, 153–54 (1979)). Great Lakes tells us that these purposes "would not be served in this instance, where it is clear that any burden to the Defendants or waste of judicial resources was solely the result of the Defendants' (or their counsel's) own vexatious litigation tactics and attempts at forum shopping." Response at 15. But, having reviewed this case in some detail, we think it far from "clear" that *only* the Crabtrees engaged in forum shopping.[19] Again, though, whatever the merits of Great Lakes's gamesmanship accusations, we choose to follow the Rule's text—which plainly governs our case.

*Second*, we disagree that we should ignore a clear misapplication of the law in the service of judicial expedience. A judge's job "is to get it right[.]" *United States v. Undetermined Quantities of All Articles of Finished & In-Process Foods*, 936 F.3d 1341, 1350 (11th Cir. 2019). We thus don't have the

---

[19] Great Lakes repeatedly points out that the "Temporary Binder contains a forum selection clause which states that suit can only be brought in the federal district court within which the Insured or the Insured's agent *resides*." Plaintiff's Response SOF [ECF No. 198] ¶ 14 (emphasis added). According to Great Lakes, "[t]he only address the Insureds provided on their Application was in Kalispell, MT." *Id.* ¶ 15 n.1. That's true. *See* Application [ECF No. 1-1] at 1. But, while the Crabtrees may have provided a *mailing address* in Montana, their application clearly notes that they *reside* in Georgia. *Ibid.* At a minimum, then, Great Lakes had a choice between filing in Montana and filing in Georgia. *See* Temporary Binder [ECF No. 1-2] at 16 ("[A]ny dispute arising hereunder shall be subject to the exclusive jurisdiction of the . . . Federal District court within which you the Assured *resides* or the Federal District Court within which your insurance agent *resides*." (emphases added)). And Great Lakes doesn't explain why it chose to file *twice* in Montana.

13

luxury of disregarding a clearly erroneous ruling—whether to save judicial resources or for some other noble purpose.[20] In any event, it *would* have been a tremendous waste of judicial resources for us to adjudicate the motions for summary judgment and then have the lawyers prepare (and sit through) a lengthy (and costly) trial only to grant the Defendants' timely (and viable) Rule 52(c) motion at the end of the case.

*Third*—and for two reasons—we reject the Plaintiff's suggestion that, because the Crabtrees' Motion to Dismiss "referenced matters outside the pleadings, i.e., the history of prior dismissals, [it] should be considered a motion for summary judgment." Response at 17.

*One*, the procedural history of our case (including the two prior dismissals) is a matter of public record, and "a district court may take judicial notice of matters of public record without converting a motion to dismiss into one for summary judgment." *Klopfenstein v. Deutsche Bank Sec., Inc.*, 592 F. App'x 812, 816 (11th Cir. 2014). Normally, on a motion to dismiss, a court should constrain its analysis to the four corners of the complaint. Here, though, Judge Christensen properly took judicial notice of

---

[20] To the extent Great Lakes is suggesting that Judge Christensen's prior ruling on the two-dismissal issue should be "conclusive," Response at 15, we disagree. Judge Christensen issued her order *in the same case* that's now before us. So, there has never been a "final judgment on the merits" on this issue. *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) ("Under Eleventh Circuit precedent, a claim will be barred by prior litigation if all four of the following elements are present: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases."). Without a final judgment, we have "ample discretion" to reconsider Judge Christensen's decision. *Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227, 1232 (11th Cir. 2010) (quoting *Lanier Const., Inc. v. Carbone Props. of Mobile, LLC*, 253 F. App'x. 861, 863 (11th Cir. 2007)). Under Rule 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . *may be revised at any time* before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b) (emphasis added). And the Supreme Court has been clear that "every order short of a final decree is subject to reopening at the discretion of the district judge." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983); *see also Dietz v. Bouldin*, 579 U.S. 40, 46 (2016) ("[T]he Court has recognized that a district court ordinarily has the power to modify or rescind its orders at any point prior to final judgment in a civil case."). Because we think the prior order was wrong, we're well within our discretion to correct it.

the two dismissals in Great Lakes's *other* federal cases. As the Eleventh Circuit has explained, "Fed. R. Evid. 201(b) provides for taking judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999); *see also SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010) ("In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." (citing *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005))).[21] And the Eleventh Circuit has repeatedly said that court records contain just those kinds of facts. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) ("[A] court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings. Accordingly, a court may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation." (cleaned up)); *Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53–54 (11th Cir. 2006) ("A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment. Public records are among the permissible facts that a district court may consider." (cleaned up)); *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) ("The district court properly took judicial notice of the documents in Horne's first case, which were public records that were 'not subject to reasonable dispute' because they were 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'" (quoting FED. R. EVID. 201(b))). Because Judge Christensen took judicial notice of Great Lakes's prior voluntary dismissals only to "determin[e] what

---

[21] Great Lakes (notably) does *not* dispute the authenticity of the records of the prior dismissals—nor does it disagree that those dismissals occurred. *See* Great Lakes's Response to the Motion to Dismiss [ECF Nos. 14-3, 14-5] (attaching copies of both voluntary dismissals).

15

happened in the course of [the prior] proceeding[s]," *Kerruish v. Essex Holdings, Inc.*, 777 F. App'x 285, 293 (11th Cir. 2019), she was right to adjudicate the Crabtrees' Motion to Dismiss *without* converting it into a motion for summary judgment.

*Two*, and in any event, Great Lakes should have raised this argument when the Motion to Dismiss was pending before Judge Christensen.[22] By advancing the argument for the first time now—more than two-and-a-half years after Judge Christensen resolved that motion—Great Lakes has forfeited the issue. *See United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (en banc) ("[F]ailure to raise an issue in an initial brief . . . should be treated as a forfeiture of the issue, and therefore the issue may be raised by the court sua sponte [only] in extraordinary circumstances."); *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented . . . are deemed [forfeited].").

## CONCLUSION

After careful review, therefore, we **ORDER AND ADJUDGE** as follows:

1. The Crabtrees' MSJ [ECF No. 194] is **GRANTED**.
2. The Plaintiffs' MSJ [ECF No. 118] is **DENIED as moot**.
3. This case shall remain **CLOSED**. All pending motions are **DENIED as moot** and all deadlines are **TERMINATED**.
4. Pursuant to FED. R. CIV. P. 58, we'll enter final judgment separately.

**DONE AND ORDERED** in the Southern District of Florida on May 18, 2023.

---

[22] And Great Lakes *never* raised this argument before Judge Christensen. *See generally* Sur-Reply to the Motion to Dismiss, *Great Lakes Ins. SE v. Crabtree et al.*, No. 19-cv-00164-DLC (Feb. 5, 2020), ECF No. 19.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     Counsel of Record