UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-81544-ALTMAN/Reinhart

**GREAT LAKES INSURANCE SE**,

    *Plaintiff*,

v.

**BRYAN CRABTREE**, *et al.*,

    *Defendants*.

_____/

## ORDER

When Bryan and Bethea Crabtree's vessel was damaged in a fire, they turned to their insurer, Great Lakes Insurance SE ("Great Lakes"), for the proceeds of the boat's insurance policy. Rather than cover the loss, though, Great Lakes sued the Crabtrees in admiralty—seeking declaratory relief and arguing that it had no duty to pay. The Crabtrees, for their part, filed counterclaims against Great Lakes, alleging breach of contract, declaratory relief, willful tortious breach of FLA. STAT. § 624.155, negligent misrepresentation, fraudulent inducement, estoppel, and fraud. *See* [ECF No. 38]. The parties filed cross-motions for summary judgment—but, critically here, only with respect to Great Lakes's declaratory-judgment action. *See* [ECF Nos. 118, 194].

On May 18, 2023, we granted the Crabtrees' Motion for Summary Judgment and denied Great Lakes's Motion for Summary Judgment. *See* Omnibus Order [ECF No. 208] at 16. We then entered Final Judgment in favor of the Crabtrees [ECF No. 209]. On June 15, 2023, Great Lakes filed a Notice of Appeal as to the Final Judgment [ECF No. 210], followed by an Amended Notice of Appeal [ECF No. 212]. The Crabtrees have now filed a Motion to Alter or Amend Final Judgment [ECF No. 218], in which they point out that we have not yet adjudicated *their* outstanding counterclaims. *Id.* at 16 ("Assuming *arguendo* that the Court finds that the live counterclaims have not been resolved in the

CRABTREES' favor, all counterclaims are pending resolution . . . . The counterclaims were compulsory as they arise from the same aggregate of operative facts.").

On our review of the procedural history in this case, we agree with the Crabtrees that their counterclaims against Great Lakes have not yet been resolved. Under Rule 54(b) of the Federal Rules of Civil Procedure, "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay." But the Eleventh Circuit has interpreted this language to mean that Rule 54(b) certifications, or partial final judgments, "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Peden v. Stephens*, 50 F.4th 972, 978 (11th Cir. 2022) (cleaned up). We don't believe this case "present[s] the exceptional circumstances that would warrant entering a [partial] final judgment as to [the Crabtrees'] claims at this stage of the proceedings." *Concordia Pharms. Inc. v. Winder Labs., LLC*, 2021 WL 3571338, at *2 (N.D. Ga. Apr. 26, 2021). This is a standard (and straightforward) marine-insurance case, in which the summary-judgment motions have already been resolved. Even if the litigants *had* pointed to some "pressing needs," therefore—and, to be clear, they haven't—we'd be in no position to give them "an *early* and separate judgment."

And there can be no *final* judgment in an action in which "live counterclaims still exist." *Adm'r-Benefits for the Exxonmobil Sav. Plan v. Janesko*, 847 F. App'x 243, 244 (5th Cir. 2021) (per curiam) (finding that an appeal "contravene[d] the final judgment rule" because "it was filed before [the defendants'] counterclaim against [the plaintiff] was resolved"); *see also Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 320 F.3d 1354, 1362 (Fed. Cir. 2003) ("A judgment that does not dispose of pending counterclaims is not a final judgment."); *Smith v. Kemp*, 849 F.2d 481, 483 (11th Cir. 1988) (holding that the "district

court's order was not a final judgment from which the parties could appeal" because, among other things, the petitioner had "numerous claims for relief" still outstanding). We, therefore, **VACATE** the Final Judgment, which we entered in error.

One other matter remains: Great Lakes's Amended Notice of Appeal. Rule 4 of the Federal Rules of Appellate Procedure provides that, "if a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." FED. R. APP. P. 4(a)(4)(B)(1). A "motion to alter or amend the judgment under Rule 59" is one of the motions listed in Rule 4(a)(4)(A). And Rule 4's provisions kick in whether the motion to alter or amend the judgment was filed before or after the notice of appeal. *See Ross v. Marshall*, 426 F.3d 745, 751–52 (5th Cir. 2005) ("Our court has found that the timely filing of a motion listed in Rule 4(a)(4)(A) suspends or renders dormant a notice of appeal until all such motions are disposed of by the trial court. This holds true regardless of whether the motion was filed before or after the notice of appeal."); *United States v. Silvers*, 90 F.3d 95, 98 (4th Cir. 1996) ("Under the 1993 amendments to the Federal Rules of Appellate Procedure, when a party files a timely notice of appeal followed by a timely Rule 59 motion, the notice of appeal is tolled and does not become effective to confer jurisdiction on the court of appeals until the entry of an order disposing of the Rule 59 motion."); FED. R. APP. P. 4 advisory committee's note to 1993 amendments ("A notice [of appeal] filed before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals."). Before the entry of this Order, we hadn't "disposed of" the Crabtrees' Motion to Alter or Amend Final Judgment, so Great Lakes's Notice of Appeal was not yet effective. FED. R. APP. P. 4(a)(4)(B)(1).

But now that we *have* addressed the Crabtrees' Motion (by vacating our Final Judgment), Great Lakes's Amended Notice of Appeal is premature. As the Supreme Court has reiterated many times, "[f]inality as a condition of review is an historic characteristic of federal appellate procedure." *Cobbledick v. United States*, 309 U.S. 323, 324 (1940); *see also* 28 U.S.C. § 1291 ("The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all *final decisions* of the district courts of the United States . . . ." (emphasis added)). Our grant of summary judgment "was not a final judgment because [the Crabtrees'] counterclaims were still outstanding." *Thomas v. Basham*, 931 F.2d 521, 523 (8th Cir. 1991). Without a final judgment, Great Lakes cannot appeal—at least not yet.

Accordingly, we hereby **ORDER and ADJUDGE** as follows:

1. The Defendants'/Counter-Plaintiffs' Motion to Alter or Amend Final Judgment [ECF No. 218] is **GRANTED in part**, to the extent that we **VACATE** our Final Judgment [ECF No. 209]. We **RESERVE** ruling on the remaining arguments the Crabtrees advance in that motion.
2. Great Lakes's Notice of Appeal [ECF No. 210] and Amended Notice of Appeal [ECF No. 212] are **STRICKEN** as premature.
3. The Clerk of Court is directed to **REOPEN** this case.

**DONE AND ORDERED** in the Southern District of Florida on July 17, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record